**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| Soverain Software LLC, | |
| **Plaintiff,** | Civil Action No. 6:09-CV-274 |
| J.C. Penney Corporation, Inc.,<br>Amway Corp.,<br>Avon Products, Inc.,<br>Bidz.com, Inc.,<br>Etronics, Inc.,<br>HSN, Inc.,<br>HSN Improvements, LLC,<br>Cornerstone Brands, Inc.,<br>Ballard Designs, Inc.,<br>Garnet Hill, Inc.,<br>Smith & Noble, LLC,<br>The Territory Ahead, Inc.,<br>QVC, Inc.,<br>Shutterfly, Inc.,<br>Victoria's Secret Stores Brand Management, Inc.,<br>Victoria's Secret Direct Brand Management, LLC,<br>VistaPrint, Ltd., and<br>VistaPrint USA, Inc. | JURY |
| **Defendants.** | |

**COMPLAINT FOR PATENT INFRINGEMENT**

1.     Plaintiff Soverain Software LLC ("Soverain"), for its complaint against

Defendants J.C. Penney Corporation, Inc., Amway Corp., Avon Products, Inc., Bidz.com, Inc.,

Etronics, Inc., HSN, Inc., HSN Improvements, LLC, Cornerstone Brands, Inc., Ballard Designs,

Inc., Garnet Hill, Inc., Smith & Noble, LLC, The Territory Ahead, Inc., Victoria's Secret Stores

Brand Management, Inc., Victoria's Secret Direct Brand Management, LLC, QVC, Inc.,

Shutterfly, Inc., VistaPrint, Ltd. and VistaPrint USA, Inc. (collectively "Defendants"), alleges as follows.

INTRODUCTION

2.     This action arises under the patent laws of the United States, including 35 U.S.C. § 100, *et seq.*, for Defendants' infringement of one or more of Soverain's United States Patent Nos. 5,715,314, 5,909,492, and 7,272,639 (collectively, "the Patents in Suit").

THE PARTIES

3.     Plaintiff Soverain is a Delaware limited liability company with its principal place of business at 233 South Wacker Drive, Suite 9425, Chicago, IL 60606.

4.     On information and belief, defendant J.C. Penney Corporation, Inc. ("J.C. Penney") is a Delaware Corporation with its principal place of business in this district at 6501 Legacy Drive, Plano, TX, 75024.  J.C. Penney does business in this jurisdiction through, among others, its ecommerce websites www.jcpenney.com and www.jcp.com.  Defendant J.C. Penney is authorized to do business in the state of Texas and may be served with process via its registered agent for service of process, CT Corporation System, 350 N. Saint Paul Street, Dallas, TX 75201.

5.     On information and belief, Amway Corp. ("Amway") is a Virginia corporation with its principal place of business at 7575 E. Fulton Street, Ada, MI 49335.  On information and belief, Amway markets and sells products under the "Amway Global" brand.  Amway does business in this jurisdiction through, among others, the ecommerce website www.quixtar.com.  Amway is authorized to do business in the state of Texas and may be served with process via its registered agent for service of process, CT Corporation System, 350 N. Saint Paul Street, Dallas, TX 75201.

2

6.       On information and belief, Avon Products, Inc. is a New York corporation with its principal place of business at 1345 Avenue of the Americas, New York, NY 10105.  Avon does business in this jurisdiction through, among others, the ecommerce website www.avon.com. Avon is authorized to do business in the state of Texas and may be served with process via its registered agent for service of process, CT Corporation System, 350 N. Saint Paul Street, Dallas, TX 75201.

7.       On information and belief, Bidz.com Inc. ("Bidz.com") is a Delaware corporation with its principal place of business at 3562 Eastham Drive, Culver City, CA 90232.  Bidz.com does business in this jurisdiction through, among others, the ecommerce websites www.bidz.com and http://buyz.bidz.com.  This case arises out of Bidz.com's business in Texas, but Bidz.com does not maintain a regular place of business in Texas nor does it have a designated agent for service of process in Texas.  Bidz.com may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Bidz.com at its principal place of business at 3562 Eastham Drive, Culver City, CA 90232 via Certified Mail – Return Receipt Requested.

8.       On information and belief, Etronics, Inc. ("Etronics") is a New York Corporation with is principal place of business at 216 Maspeth Avenue, Brooklyn, NY 11211.  Etronics does business in this jurisdiction through its ecommerce website www.etronics.com.  This case arises out of Etronics' business in Texas, but, on information and belief, Etronics does not maintain a regular place of business in Texas nor does it have a designated agent for the service of process in Texas.  Etronics may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code §

17.044 and asking the Secretary of State to serve Etronics at its principal place of business at 216 Maspeth Avenue, Brooklyn, NY 11211, via Certified Mail – Return Receipt.

9.    On information and belief, HSN, Inc. ("HSN") is a Delaware corporation with its principal place of business at 1 HSN Drive, St. Petersburg, FL 33729.  HSN does business in this jurisdiction through, among others, the ecommerce websites www.alsto.com, www.hsn.com, and www.improvementscatalog.com.  This case arises out of HSN's business in Texas, but, on information and belief, HSN does not maintain a regular place of business in Texas, nor does it have a designated agent for the service of process in Texas.  Defendant HSN may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve HSN at its principal place of business at: 1 HSN Drive, St. Petersburg, FL 33729 via Certified Mail – Return Receipt Requested.

10.    On information and belief, Defendant HSN Improvements LLC ("HSN Improvements") is a Delaware limited liability company with its principal place of business at 1 HSN Drive, St. Petersburg, FL 33729.  HSN Improvements does business in this jurisdiction through, among others, the ecommerce websites www.alsto.com and www.improvementscatalog.com.  On information and belief, HSN Improvements is a wholly-owned subsidiary of Defendant HSN.  This case arises out of HSN Improvements' business in Texas, but, on information and belief, HSN Improvements does not maintain a regular place of business in Texas, nor does it have a designated agent for the service of process in Texas. Defendant HSN Improvements may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve HSN at its principal place of

business at 1 HSN Drive, St. Petersburg, FL 33729 via Certified Mail – Return Receipt Requested.

11.     On information and belief, Cornerstone Brands, Inc. ("Cornerstone") is a Delaware corporation with its principal place of business at 5568 West Chester Road, West Chester, OH 45069.  Cornerstone does business in this jurisdiction through, among others, the ecommerce websites www.grandinroad.com and www.improvementscatalog.com.  On information and belief, Cornerstone is a wholly-owned subsidiary of Defendant HSN.  This case arises out of Cornerstone's business in Texas, but, on information and belief, Cornerstone does not maintain a regular place of business in Texas, nor does it have a designated agent for the service of process in Texas.  Cornerstone may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Cornerstone at 5568 West Chester Road, West Chester, OH 45069 via Certified Mail – Return Receipt Requested

12.     On information and belief, Ballard Designs, Inc. ("Ballard") is a Georgia corporation having its principal place of business at 1670 Defoor Avenue NW, Atlanta, GA 30318.  Ballard does business in this jurisdiction through, among others, its ecommerce website www.ballarddesigns.com.  On information and belief, Ballard is a wholly-owned subsidiary of Defendant Cornerstone, which is a wholly-owned subsidiary of Defendant HSN.  This case arises out of Ballard's business in Texas, but, on information and belief, Ballard does not maintain a regular place of business in Texas, nor does it have a designated agent for the service of process in Texas.  Ballard may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice &

Remedies Code § 17.044 and asking the Secretary of State to serve Ballard at 1670 Defoor Avenue NW, Atlanta, GA 30318 via Certified Mail – Return Receipt Requested.

13.    On information and belief, Garnet Hill, Inc. ("Garnet Hill") is a New Hampshire corporation with its principal place of business at 231 Main Street, Franconia, NH 03580. Garnet Hill does business in this jurisdiction through, among others, its ecommerce website www.garnethill.com.  On information and belief, Garnet Hill is a wholly-owned subsidiary of Defendant Cornerstone, which is a wholly owned subsidiary of Defendant HSN.  This case arises out of Garnet Hill's business in Texas, but, on information and belief, Garnet Hill does not maintain a regular place of business in Texas, nor does it have a designated agent for the service of process in Texas.  Garnet Hill may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Garnet Hill, at 231 Main Street, Franconia, NH 03580 via Certified Mail – Return Receipt Requested.

14.    On information and belief, Smith+Noble, LLC ("S+N") is a Delaware limited liability company with its principal place of business at 1181 California Avenue, Corona, CA 92881.  S+N does business in this jurisdiction through, among others, its ecommerce website www.smithandnoble.com.  On information and belief, S+N is a wholly owned subsidiary of Defendant Cornerstone, which is a wholly-owned subsidiary of HSN.  This case arises out of S+N's business in Texas, but, on information and belief, S+N does not maintain a regular place of business in Texas, nor does it have a designated agent for the service of process in Texas. S+N may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and

asking the Secretary of State to serve S+N, at 1181 California Avenue, Corona, CA 92881 via Certified Mail – Return Receipt Requested.

15.     On information and belief, The Territory Ahead, Inc. ("TTA") is a Delaware corporation with its principal place of business at 419 State Street, Santa Barbara, CA 93101. TTA does business in this jurisdiction through, among others, the ecommerce websites www.territoryahead.com and www.isabellabird.com.  On information and belief, TTA is a wholly-owned subsidiary of Defendant Cornerstone, which is a wholly-owned subsidiary of Defendant HSN.  This case arises out of TTA's business in Texas, but, on information and belief, TTA does not maintain a regular place of business in Texas, nor does it have a designated agent for the service of process in Texas.  TTA may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve TTA, at 419 State Street, Santa Barbara, CA 93101 via Certified Mail – Return Receipt Requested.

16.     On Information and belief, defendant QVC, Inc. ("QVC") is a Delaware Corporation with its principal place of business at 1200 Wilson Drive, West Chester, PA 19380. QVC does business in this jurisdiction through, among others, its ecommerce website www.QVC.com.  This case arises out of QVC's business in Texas, but, on information and belief, QVC does not maintain a regular place of business in Texas, nor does it have a designated agent for the service of process of Texas.  Defendant QVC may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve QVC at its principal place of business at 1200 Wilson Drive, West Chester, PA 19380 via Certified Mail – Return Receipt Requested.

17.    On information and belief, Shutterfly, Inc. ("Shutterfly") is a Delaware corporation with its principal place of business at 2800 Bridge Parkway, Suite 101, Redwood City, CA 94065.  Shutterfly does business in this jurisdiction through its ecommerce website www.shutterfly.com.  This case arises out of Shutterfly's business in Texas, but, on information and belief, Shutterfly does not maintain a regular place of business in Texas, nor does it have a designated agent for the service of process in Texas.  Defendant Shutterfly may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Shutterfly at its principal place of business at 2800 Bridge Parkway, Suite 101, Redwood City, CA 94065 via Certified Mail – Return Receipt Requested.

18.    On information and belief, Victoria's Secret Stores Brand Management, Inc. ("VS Stores") is a Delaware corporation with its principal place of business at Four Limited Parkway East, Reynoldsburg, OH, 43068.  VS Stores does business in this jurisdiction through, among others, the ecommerce website www.victoriassecret.com.  This case arises out of VS Stores' business in Texas, but, on information and belief, VS Stores does not maintain a regular place of business in Texas, nor does it have a designated agent for the service of process in Texas. Defendant VS Stores may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve VS Stores at: General Counsel's Office, c/o Limited Brands, Inc., Three Limited Parkway, Columbus, OH 43216 via Certified Mail – Return Receipt Requested.

19.    On information and belief, Victoria's Secret Direct Brand Management, LLC ("VS Direct") is a Delaware limited liability company with its principal place of business at Five

Limited Parkway East, Reynoldsburg, OH 43068.  VS Direct does business in this jurisdiction

through, among others, the ecommerce website www.victoriassecret.com.  On information and

belief, VS Direct is a wholly-owned subsidiary of Defendant VS Stores.  This case arises out of

VS Direct's business in Texas, but, on information and belief, VS Direct does not maintain a

regular place of business in Texas, nor does it have a designated agent for the service of process

in Texas.  Defendant VS Direct may therefore be served with process by serving the Secretary of

State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice &

Remedies Code § 17.044 and asking the Secretary of State to serve VS Direct at its principal

place of business at: General Counsel's Office, c/o Limited Brands, Inc., Three Limited

Parkway, Columbus, OH 43216 via Certified Mail – Return Receipt Requested.

        20.     On information and belief, VistaPrint Ltd. ("VistaPrint") is an entity organized

and existing under the laws of Bermuda with a principal place of business at Canon's Court, 22

Victoria Street, Hamilton, HM 12 Bermuda.  VistaPrint does business in this jurisdiction through

its ecommerce website www.vistaprint.com.  VistaPrint may be served in accordance with the

terms of the Hague Convention at its principal place of business.

        21.     On information and belief, VistaPrint USA, Inc. ("VistaPrint USA") is a

Delaware corporation with a principal place of business at 95 Hayden Avenue, Lexington, MA

02421.  VistaPrint USA does business in this jurisdiction through the ecommerce website

www.vistaprint.com.  On information and belief, VistaPrint USA is a wholly-owned subsidiary

of Defendant VistaPrint.  This case arises out of VistaPrint USA's business in Texas, but, on

information and belief, VistaPrint USA does not maintain a regular place of business in Texas,

nor does it have a designated agent for the service of process in Texas.  VistaPrint USA may

therefore be served with process by serving the Secretary of State of the State of Texas pursuant

to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the

Secretary of State to serve VistaPrint USA at its principal place of business at 95 Hayden

Avenue, Lexington, MA 02421 via Certified Mail – Return Receipt Requested.

JURISDICTION AND VENUE

22.    This action arises under the patent laws of the United States, Title 35, United

States Code.  The jurisdiction of this Court over the subject matter of this action is proper under

28 U.S.C. § 1338.

23.    Personal jurisdiction exists over Defendants because they do business in Texas

and infringing acts giving rise to this action have occurred in Texas and in this district.

24.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and

1400(b).

PATENTS-IN-SUIT

25.    Plaintiff Soverain is the owner of all right, title and interest in United States

Patent No. 5,715,314 entitled "Network Sales System" ("the '314 patent").  The '314 patent was

duly and properly issued by the United States Patent and Trademark Office ("PTO") on February

3, 1998.  The '314 patent was assigned to Plaintiff Soverain.  The PTO has reexamined the '314

patent and issued *Ex Parte* Reexamination Certificate No. 5,715,314 C1 on October 9, 2007.  A

copy of the '314 patent is attached hereto as Exhibit A.  A copy of the *Ex Parte* Reexamination

Certificate No. 5,715,314 C1 is attached as exhibit B.

26.    Plaintiff Soverain is the owner of all right, title and interest in United States

Patent No. 5,909,492 entitled "Network Sales System" ("the '492 patent").  The '492 patent was

duly and properly issued by the PTO on June 1, 1999.  The '492 patent was assigned to Plaintiff

Soverain.  The PTO has reexamined the '492 patent and issued *Ex Parte* Reexamination

Certificate No. 5,909,492 C1 on August 7, 2007.  A copy of the '492 Patent is attached hereto as

10

Exhibit C.  A copy of *Ex Parte* Reexamination Certificate No. 5,909,492 C1 is attached as

Exhibit D.

27.     Plaintiff Soverain is the owner of all right, title and interest in United States

Patent No. 7,272,639 entitled "Internet Server Access Control and Monitoring Systems" ("the

'639 patent").  The '639 patent was duly and properly issued by the PTO on September 18, 2007.

The '639 patent was assigned to Plaintiff Soverain.  A copy of the '639 patent is attached hereto

as Exhibit E.

<u>INFRINGEMENT OF THE PATENTS-IN-SUIT BY J.C. PENNEY</u>

28.     Defendant J.C. Penney, through its ecommerce website(s), has infringed and

continues to infringe, either literally or under the doctrine of equivalents, at least claim 34 of the

'314 patent, at least claim 17 of the '492 patent, and at least claim 1 of the '639 patent by: (a)

making, using, offering for sale or selling within the United States products or processes that

practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or

sell within the United States, products or processes that practice inventions claimed in those

patents; or (c) contributing to the making, using, offering for sale or selling within the United

States, products or processes that practice inventions claimed in those patents.

29.     On information and belief, and after a reasonable opportunity for further

investigation or discovery, it is likely that Plaintiff will have evidentiary support that Defendant

J.C. Penney was aware of the patents-in-suit prior to the filing of this Complaint and that its

infringement of the patents-in-suit has been and continues to be willful.

30.     Plaintiff Soverain has been damaged by the infringement of its patents by

Defendant J.C. Penney and will continue to be damaged by such infringement.

31.     Plaintiff Soverain has suffered and continues to suffer irreparable harm and will

continue to do so unless J.C. Penney is enjoined therefrom by this Court.

## INFRINGEMENT OF PATENTS IN SUIT BY AMWAY

32.    Defendant Amway, through its ecommerce website(s), has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 34 of the '314 patent, at least claim 17 of the '492 patent, and at least claim 1 of the '639 patent by: (a) making, using, offering for sale or selling within the United States products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

33.    On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely that Plaintiff will have evidentiary support that Defendant Amway was aware of the patents-in-suit prior to the filing of this Complaint and that its infringement of the patents-in-suit has been and continues to be willful.

34.    Plaintiff Soverain has been damaged by the infringement of its patents by Defendant Amway and will continue to be damaged by such infringement.

35.    Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless Amway is enjoined therefrom by this Court.

## INFRINGEMENT OF PATENTS IN SUIT BY AVON

36.    Defendant Avon, through its ecommerce website(s) has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 34 of the '314 patent, at least claim 17 of the '492 patent, and at least claim 1 of the '639 patent by: (a) making, using, offering for sale or selling within the United States products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing

to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

37.    On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely that Plaintiff will have evidentiary support that Defendant Avon was aware of the patents-in-suit prior to the filing of this Complaint and that its infringement of the patents-in-suit has been and continues to be willful.

38.    Plaintiff Soverain has been damaged by the infringement of its patents by Defendant Avon and will continue to be damaged by such infringement.

39.    Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless Avon is enjoined therefrom by this Court.

INFRINGEMENT OF PATENTS IN SUIT BY BIDZ.COM

40.    Defendant Bidz.com, through its ecommerce website(s) has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 34 of the '314 patent, at least claim 17 of the '492 patent, and at least claim 1 of the '639 patent by: (a) making, using, offering for sale or selling within the United States products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

41.    On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely that Plaintiff will have evidentiary support that Defendant Bidz.com was aware of the patents-in-suit prior to the filing of this Complaint and that its infringement of the patents-in-suit has been and continues to be willful.

42.    Plaintiff Soverain has been damaged by the infringement of its patents by Defendant Bidz.com and will continue to be damaged by such infringement.

43.    Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless Bidz.com is enjoined therefrom by this Court.

## INFRINGEMENT OF PATENTS IN SUIT BY ETRONICS

44.    Defendant Etronics through its ecommerce website(s) has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 34 of the '314 patent, at least claim 17 of the '492 patent, and at least claim 1 of the '639 patent by: (a) making, using, offering for sale or selling within the United States products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

45.    On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely that Plaintiff will have evidentiary support that Defendant Etronics was aware of the patents-in-suit prior to the filing of this Complaint and that its infringement of the patents-in-suit has been and continues to be willful.

46.    Plaintiff Soverain has been damaged by the infringement of its patents by Defendant Etronics and will continue to be damaged by such infringement.

47.    Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless Etronics is enjoined therefrom by this Court.

## INFRINGEMENT OF PATENTS IN SUIT BY HSN

48.    Defendant HSN, through its ecommerce website(s) has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 34 of the '314 patent,

at least claim 17 of the '492 patent, and at least claim 1 of the '639 patent by: (a) making, using, offering for sale or selling within the United States products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

49.    On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely that Plaintiff will have evidentiary support that Defendant HSN was aware of the patents-in-suit prior to the filing of this Complaint and that its infringement of the patents-in-suit has been and continues to be willful.

50.    Plaintiff Soverain has been damaged by the infringement of its patents by Defendant HSN and will continue to be damaged by such infringement.

51.    Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless HSN is enjoined therefrom by this Court.

<u>INFRINGEMENT OF PATENTS IN SUIT BY HSN IMPROVEMENTS</u>

52.    Defendant HSN Improvements, through its ecommerce website(s) has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 34 of the '314 patent, at least claim 17 of the '492 patent, and at least claim 1 of the '639 patent by: (a) making, using, offering for sale or selling within the United States products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

53.    On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely that Plaintiff will have evidentiary support that Defendant HSN Improvements was aware of the patents-in-suit prior to the filing of this Complaint and that its infringement of the patents-in-suit has been and continues to be willful.

54.    Plaintiff Soverain has been damaged by the infringement of its patents by Defendant HSN Improvements and will continue to be damaged by such infringement.

55.    Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless HSN Improvements is enjoined therefrom by this Court.

<u>INFRINGEMENT OF PATENTS IN SUIT BY CORNERSTONE</u>

56.    Defendant Cornerstone, through its ecommerce website(s) has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 34 of the '314 patent, at least claim 17 of the '492 patent, and at least claim 1 of the '639 patent by: (a) making, using, offering for sale or selling within the United States products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

57.    On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely that Plaintiff will have evidentiary support that Defendant Cornerstone was aware of the patents-in-suit prior to the filing of this Complaint and that its infringement of the patents-in-suit has been and continues to be willful.

58.    Plaintiff Soverain has been damaged by the infringement of its patents by Defendant Cornerstone and will continue to be damaged by such infringement.

59. Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless Cornerstone is enjoined therefrom by this Court.

## INFRINGEMENT OF PATENTS IN SUIT BY BALLARD

60. Defendant Ballard, through its ecommerce website(s) has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 34 of the '314 patent, at least claim 17 of the '492 patent, and at least claim 1 of the '639 patent by: (a) making, using, offering for sale or selling within the United States products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

61. On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely that Plaintiff will have evidentiary support that Defendant Ballard was aware of the patents-in-suit prior to the filing of this Complaint and that its infringement of the patents-in-suit has been and continues to be willful.

62. Plaintiff Soverain has been damaged by the infringement of its patents by Defendant Ballard and will continue to be damaged by such infringement.

63. Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless Ballard is enjoined therefrom by this Court.

## INFRINGEMENT OF PATENTS IN SUIT BY GARNET HILL

64. Defendant Garnet Hill, through its ecommerce website(s) has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 34 of the '314 patent, at least claim 17 of the '492 patent, and at least claim 1 of the '639 patent by: (a) making, using, offering for sale or selling within the United States products or processes that

practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

65.    On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely that Plaintiff will have evidentiary support that Defendant Garnet Hill was aware of the patents-in-suit prior to the filing of this Complaint and that its infringement of the patents-in-suit has been and continues to be willful.

66.    Plaintiff Soverain has been damaged by the infringement of its patents by Defendant Garnet Hill and will continue to be damaged by such infringement.

67.    Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless Garnet Hill is enjoined therefrom by this Court.

## INFRINGEMENT OF PATENTS IN SUIT BY S+N

68.    Defendant S+N, through its ecommerce website(s) has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 34 of the '314 patent, at least claim 17 of the '492 patent, and at least claim 1 of the '639 patent by: (a) making, using, offering for sale or selling within the United States products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

69.    On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely that Plaintiff will have evidentiary support that Defendant

S+N was aware of the patents-in-suit prior to the filing of this Complaint and that its infringement of the patents-in-suit has been and continues to be willful.

70.     Plaintiff Soverain has been damaged by the infringement of its patents by Defendant S+N and will continue to be damaged by such infringement.

71.     Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless S+N is enjoined therefrom by this Court.

## INFRINGEMENT OF PATENTS IN SUIT BY TTA

72.     Defendant TTA, through its ecommerce website(s) has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 34 of the '314 patent, at least claim 17 of the '492 patent, and at least claim 1 of the '639 patent by: (a) making, using, offering for sale or selling within the United States products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

73.     On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely that Plaintiff will have evidentiary support that Defendant TTA was aware of the patents-in-suit prior to the filing of this Complaint and that its infringement of the patents-in-suit has been and continues to be willful.

74.     Plaintiff Soverain has been damaged by the infringement of its patents by Defendant TTA and will continue to be damaged by such infringement.

75.     Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless TTA is enjoined therefrom by this Court.

## INFRINGEMENT OF THE PATENTS IN SUIT BY QVC

76.     Defendant QVC, through its ecommerce website(s), has infringed and continues
to infringe, either literally or under the doctrine of equivalents, at least claim 34 of the '314
patent, at least claim 17 of the '492 patent, and at least claim 1 of the '639 patent by: (a) making,
using, offering for sale or selling within the United States products or processes that practice
inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within
the United States, products or processes that practice inventions claimed in those patents; or (c)
contributing to the making, using, offering for sale or selling within the United States, products
or processes that practice inventions claimed in those patents.

77.     On information and belief, and after a reasonable opportunity for further
investigation or discovery, it is likely that Plaintiff will have evidentiary support that Defendant
QVC was aware of the patents-in-suit prior to the filing of this Complaint and that its
infringement of the patents-in-suit has been and continues to be willful.

78.     Plaintiff Soverain has been damaged by the infringement of its patents by
Defendant QVC and will continue to be damaged by such infringement.

79.     Plaintiff Soverain has suffered and continues to suffer irreparable harm and will
continue to do so unless QVC is enjoined therefrom by this Court.

## INFRINGEMENT OF PATENTS IN SUIT BY SHUTTERFLY

80.     Defendant Shutterfly, through its ecommerce website(s) has infringed and
continues to infringe, either literally or under the doctrine of equivalents, at least claim 34 of the
'314 patent, at least claim 17 of the '492 patent, and at least claim 1 of the '639 patent by: (a)
making, using, offering for sale or selling within the United States products or processes that
practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or
sell within the United States, products or processes that practice inventions claimed in those

patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

81.     On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely that Plaintiff will have evidentiary support that Defendant Shutterfly was aware of the patents-in-suit prior to the filing of this Complaint and that its infringement of the patents-in-suit has been and continues to be willful.

82.     Plaintiff Soverain has been damaged by the infringement of its patents by Defendant Shutterfly and will continue to be damaged by such infringement.

83.     Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless Shutterfly is enjoined therefrom by this Court.

<u>INFRINGEMENT OF THE PATENTS IN SUIT BY VS STORES</u>

84.     Defendant VS Stores, through its ecommerce website(s) has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 34 of the '314 patent, at least claim 17 of the '492 patent, and at least claim 1 of the '639 patent by: (a) making, using, offering for sale or selling within the United States products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

85.     On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely that Plaintiff will have evidentiary support that Defendant VS Stores was aware of the patents-in-suit prior to the filing of this Complaint and that its infringement of the patents-in-suit has been and continues to be willful.

86.    Plaintiff Soverain has been damaged by the infringement of its patents by Defendant VS Stores and will continue to be damaged by such infringement.

87.    Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless VS Stores is enjoined therefrom by this Court.

### INFRINGEMENT OF THE PATENTS IN SUIT BY VS DIRECT

88.    Defendant VS Direct, through its ecommerce website(s) has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 34 of the '314 patent, at least claim 17 of the '492 patent, and at least claim 1 of the '639 patent by: (a) making, using, offering for sale or selling within the United States products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

89.    On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely that Plaintiff will have evidentiary support that Defendant VS Direct was aware of the patents-in-suit prior to the filing of this Complaint and that its infringement of the patents-in-suit has been and continues to be willful.

90.    Plaintiff Soverain has been damaged by the infringement of its patents by Defendant VS Direct and will continue to be damaged by such infringement.

91.    Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless VS Direct is enjoined therefrom by this Court.

### INFRINGEMENT OF PATENTS IN SUIT BY VISTAPRINT

92.    Defendant VistaPrint, through its ecommerce website(s) has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 34 of the

'314 patent, at least claim 17 of the '492 patent, and at least claim 1 of the '639 patent by: (a) making, using, offering for sale or selling within the United States products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

93.    On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely that Plaintiff will have evidentiary support that Defendant VistaPrint was aware of the patents-in-suit prior to the filing of this Complaint and that its infringement of the patents-in-suit has been and continues to be willful.

94.    Plaintiff Soverain has been damaged by the infringement of its patents by Defendant VistaPrint and will continue to be damaged by such infringement.

95.    Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless VistaPrint is enjoined therefrom by this Court.

<u>INFRINGEMENT OF PATENTS IN SUIT BY VISTAPRINT USA</u>

96.    Defendant VistaPrint USA, through its ecommerce website(s) has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 34 of the '314 patent, at least claim 17 of the '492 patent, and at least claim 1 of the '639 patent by: (a) making, using, offering for sale or selling within the United States products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

97.    On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely that Plaintiff will have evidentiary support that Defendant VistaPrint USA was aware of the patents-in-suit prior to the filing of this Complaint and that its infringement of the patents-in-suit has been and continues to be willful.

98.    Plaintiff Soverain has been damaged by the infringement of its patents by Defendant VistaPrint USA and will continue to be damaged by such infringement.

99.    Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless VistaPrint USA is enjoined therefrom by this Court.

<u>RELIEF REQUESTED</u>

Wherefore, Plaintiff Soverain respectfully requests that this Court enter judgment against Defendants J.C. Penney, Amway, Avon, Bidz.com, Etronics, HSN, HSN Improvements, Cornerstone, Ballard, Garnet Hill, S+N, TTA, QVC, Shutterfly, VS Stores, VS Direct, VistaPrint and VistaPrint USA as follows:

A.    That each of the Patents in Suit is not invalid and enforceable;

B.    That each of the Defendants infringes each of the Patents in Suit;

C.    An order entering a preliminary and permanent injunction enjoining each of the defendants, their officers, agents, employees, and those persons acting in concert or participation with all or any of them from infringing, inducing the infringement of, or contributorily infringing any of the Patents in Suit;

D.    An award of damages adequate to compensate Plaintiff Soverain for the patent infringement that has occurred, together with pre-judgment interest and costs;

E.    An order declaring that Plaintiff is a prevailing party and that this is an exceptional case, awarding Soverain its costs, expenses, disbursements and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and an

award of all other damages permitted by 35 U.S.C. § 284, including increased damages up to three times the amount of compensatory damages found; and

F.      Such other relief as this Court deems just and proper.

Dated: June 25, 2009.                              Respectfully submitted,


By: _____
        Michael C. Smith (Texas Bar. No. 18650410)
        michaelsmith@siebman.com
    SIEBMAN, REYNOLDS, BURG, PHILLIPS &
    SMITH, LLP
    713 South Washington Avenue
    P.O. Box 1556
    Marshall, Texas, 75671
    Telephone: (903) 938-8900
    Facsimile: (972) 767-4620

        Edward J. DeFranco (Bar No. )
        eddefranco@quinnemanuel.com
        James M. Glass (Bar No. )
        jimglass@quinnemanuel.com
        Carlos A. Rodriguez (Bar No. )
        carlosrodriguez@quinnemanuel.com
    QUINN EMANUEL URQUHART OLIVER &
    HEDGES, LLP
    51 Madison Avenue, 22nd Floor
    New York, New York 10010
    Telephone: (212) 849-7000
    Facsimile: (212) 849-7100

        David A. Nelson (Bar No. )
        davenelson@quinnemanuel.com
        Michael Harte (Bar No. 6272364)
        mikeharte@quinnemanuel.com
    QUINN EMANUEL URQUHART OLIVER &
    HEDGES, LLP
    250 South Wacker Drive, Suite 230
    Chicago, Illinois  60606-6301
    Telephone: (312) 463-2961
    Facsimile: (312) 463-2962

    Attorneys for Plaintiff Soverain Software LLC