**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. |
| | § | 6:09-CV-274 |
| v. | § | |
| | § | Jury Trial Demanded |
| J.C. PENNEY CORPORATION, INC., | § | |
| AMWAY CORP., | § | |
| AVON PRODUCTS, INC., | § | |
| BIDZ.COM, INC., | § | |
| ETRONICS, INC., | § | |
| HSN, INC., | § | |
| HSN IMPROVEMENTS, LLC, | § | |
| CORNERSTONE BRANDS, INC., | § | |
| BALLARD DESIGNS, INC., | § | |
| GARNET HILL, INC., | § | |
| SMITH & NOBLE, LLC, | § | |
| THE TERRITORY AHEAD, INC., | § | |
| QVC,  INC., | § | |
| SHUTTERFLY, INC., | § | |
| VICTORIA'S   SECRET   STORES   BRAND | § | |
| MANAGEMENT, INC., | § | |
| VICTORIA'S   SECRET   STORES   BRAND | § | |
| MANAGEMENT, LLC, | § | |
| VISTAPRINT, LTD., and | § | |
| VISTAPRINT USA, INC., | § | |
| | § | |
| Defendants. | | |

**DEFENDANT AVON PRODUCTS, INC.'S MOTION TO DISMISS THE COMPLAINT**
**UNDER FED. R. CIV. P 12(b)(6) AND 8(a)(2)**

*NY 239,759,181v3 9-15-09*

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................1

II.    RELEVANT FACTS ..........................................................................................3

   A.   The '314 And '492 Patents ................................................................... 3

   B.   The '639 Patent ................................................................................... 5

   C.   The Infringement Allegations Of Soverain's Complaint ................................. 6

III.   ARGUMENT ....................................................................................................7

   A.   Soverain's Complaint Should Be Dismissed Under Fed.R.Civ.P 12(b)(6)) For Failure To State A Claim Of Patent Infringement ........................................ 7

      1.   Soverain Has Failed To Properly Plead Direct Infringement ....................... 7

      2.   Soverain Has Also Failed To Properly Plead Inducement Of Infringement Or Contributory Infringement ...........................................................12

   B.   Soverain's Claims Of Inducement Of Infringement And Contributory Infringement Should Also Be Dismissed Under Fed.R.Civ.P 8(a)(2) ...................................12

IV.   CONCLUSION ...............................................................................................14

i

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Advanced Analogic Technologies, Inc., v. Kinetic Technologies, Inc.,* 2009 WL 1974602 (N.D. Cal.) ...................................................................................................................12

*Akamai Techs., Inc., v. Limelight Networks, Inc.*, 614 F.Supp.2d 90 (D. Mass. 2009) ................11

*Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476(1964) ....................................13

*Aro Mfg. Co. v. Convertible Top Replacement Co.*, 81 S. Ct 599 (1961)....................................12

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ..................................................................................... 7

*Ballard v. Wall,* 413 F.3d 510 (5th Cir. 2005) .............................................................................. 7

*Bell Atlantic Corp., et al. v. Twombly*, 550 U.S. 544 (2007).................................................13, 14

*BMC Resources., Inc., v. Paymentech, L.P.,* 498 F.3d 1373 (Fed. Cir. 2007).......................passim

*Conley v. Gibson*, 355 U.S. 41 (1957) .........................................................................................12

*Cross Medical Prod., Inc. v. Medtronic Sofamor Danek, Inc.,* 424 F.3d 1293 (Fed. Cir. 2005) ... 8

*Desenberg v. Google, Inc.*, 2009 WL 2337122 (S.D.N.Y., July 30, 2009) .................................10

*DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293 (Fed. Cir. 2006) .................................12, 13

*Emtel, Inc. v. Lipidlabs, Inc.*, 583 F. Supp. 2d 811 (S.D. Tex. 2008)..........................................11

*Friday Group v. Ticketmaster*, 2008 WL 5233078 (E.D. Mo., Dec. 12, 2008)...........................10

*Global Patent Holdings, LLC v. Panthers BHRC LLC*, 586 F. Supp. 2d 1331, (S.D. Fla. 2008).10

*Golden Hour Data Systems, Inc., v. emsCharts, Inc., et al.,* 2009 WL 943273 (E.D. Tex.).........11

*Muniauction, Inc., v. Thomson Corp.,* 532 F.3d 1318 (Fed. Cir. 2008), *cert. denied,* 129 S. Ct. 1585 (2009) ...................................................................................................passim

*Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1364 (Fed. Cir. 2003)............................13

*Water Technologies Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988)...........................13

*NY 239,759,181v3 9-15-09*

## TABLE OF AUTHORITIES (CONT'D)

**FEDERAL STATUTES**

35 U.S.C. § 271 ........................................................................................................... 1, 2, 12, 13

**FEDERAL RULES**

Fed.R.Civ.P 12(b)(6) ...........................................................................................................passim

Fed.R.Civ.P. 8(a)(2) ..........................................................................................................3, 12, 14

iii

I.    **INTRODUCTION**

The Federal Circuit's recent decisions in *BMC Resources., Inc., v. Paymentech, L.P.,* 498 F.3d 1373 (Fed. Cir. 2007), and *Muniauction, Inc., v. Thomson Corp.,* 532 F.3d 1318 (Fed. Cir. 2008), *cert. denied*, 129 S. Ct. 1585 (2009), have changed the landscape for patent owners seeking to enforce patents under a "joint" or "divided" infringement theory -- *i.e.*, where, as here, two or more parties are required to practice the steps or elements of the claimed invention.

Under 35 U.S.C. § 271 (a)-(c), infringement of a patent claim can occur in only one of three ways--by either direct infringement, inducement of infringement, or contributory infringement.   It is black letter law that for a defendant to be liable for either inducement of infringement or contributory infringement, there must be a predicate act of direct infringement. Thus, unless the patent owner can prove an act of **direct** infringement, the defendant cannot possibly be found liable for inducement of infringement or contributory infringement.

Direct infringement requires a party to perform or use each and every step or element of a claimed method or product.   A patent owner's ability to prove this predicate act of "direct" infringement has been directly impacted by the *BMC Resources* and *Muniauction* decisions. These decisions hold that where the actions of **multiple parties** are combined to perform or use the steps or elements of a patent claim, the claim is directly infringed **only if one party** exercises control over the entire process or apparatus such that every step or element is attributable to the controlling party -- *i.e.*, the "mastermind."   In short, unless the patent owner can prove that the defendant is **vicariously liable** for the acts committed by the other parties required to complete performance of a claimed invention, there can be no direct infringement by the defendant.

This Court is familiar with the patents-in-suit from previous actions brought by plaintiff Soverain Software, LLC ("Soverain").   *See Soverain Software LLC v. Amazon.Com, Inc.,* No. 04

1

Civ. 14 ("*Amazon*"), and *Soverain Software LLC v. CDW Corp., et al.*, No. 07 Civ. 511 ("*CDW*").  However, the *Amazon* case was settled in 2005, years before *BMC Resources* (2007) and *Muniauction* (2008) were decided, and the issue of divided infringement has not yet been considered by the Court in *CDW*.  The issue of divided infringement is being actively litigated in the District Courts, and several courts have dismissed patent infringement complaints under Fed.R.Civ.P 12(b)(6) in light of *BMC Resources* and *Muniauction*.  This motion gives the Court its first opportunity to consider the issue of divided infringement under these decisions.

Here, Soverain's allegations of infringement against defendant Avon Products, Inc. ("Avon") are set out in paragraph 36 of Soverain's complaint.  In paragraph 36, Soverain asserts, in conclusory fashion, that Avon's "ecommerce website(s)" infringe the patents-in-suit under theories of direct infringement, inducement of infringement, and contributory infringement.

As we will show, the asserted claims of the patents-in-suit require the acts of ***multiple parties*** to practice the claimed inventions, and Soverain's complaint nowhere alleges that Avon exercises "direction or control" over the entire apparatus or method claimed such that every step or element is attributable to Avon as the "mastermind."  However, allegations of direction or control are critical to a proper pleading of infringement for the type of patent claims at issue here.  This failure of Soverain's pleadings makes the complaint defective as a matter of law, and the claims for direct, inducement, and contributory infringement should therefore be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

In addition, claims for inducement of infringement under § 271(b) and contributory infringement under § 271(c) each have a knowledge requirement.  A claim for inducement of infringement requires proof that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.  Similarly, a claim for contributory

2

infringement requires proof that the defendant knew that the combination for which his components were especially made was both patented and infringing.  As shown below, Soverain's complaint contains no allegations meeting these knowledge requirements. Accordingly, Soverain's claims for inducement of infringement and contributory infringement also fail to meet the pleading requirements of Fed.R.Civ.P. 8(a)(2).

For these reasons, as discussed in more detail below, we respectfully request that this motion be granted, and that Soverain's infringement complaint against Avon be dismissed.

## II.   RELEVANT FACTS

The patents-in-suit are U.S. Patent No. 5,715,314, entitled "Network Sales System" ("the '314 patent") (Exh. 1)[1], U.S. Patent No. 5,909,492, also entitled "Network Sales System" ("the 492 patent") (Exh. 2), and U.S. Patent No. 7,272,639, entitled "Internet Server Access Control And Monitoring System" ("the 639 patent") (Exh. 3).  The '314 and '492 patents are related patents, both issuing from the same parent patent application filed in 1994.

### A.   The '314 And '492 Patents

The '314 patent issued on February 3, 1998, and the '492 patent issued on June 1, 1999. The '314 and '492 patents were both subject to reexamination proceedings in the United States Patent and Trademark Office ("PTO").  Reexamination certificates were issued for the '314 and '492 patents on October 9, 2007 and August 7, 2007, respectively (Exhs. 1-2).

The claimed inventions of the '314/'492 patents relate to "user-interactive network sales systems for implementing an open marketplace for goods or services over computer networks such as the Internet," that include the combination of a buyer computer, a merchant computer,

---

[1] Copies of exhibits referenced in this memorandum are attached to the Declaration of Mary-Olga Lovett, which accompanies Avon's motion papers.

3

and a payment computer.  *See* Exhs. 1-2 at 1:14-17.[2]  Generally speaking, the difference in the claimed inventions of both patents is that the '314 patent claims relate to the buyer computer/merchant computer/payment computer features of the network sales system; and the claims of the '492 patent relate to these features in combination with a "smart statement" feature, which provides the user with a listing of the purchase transactions for a given month.

Soverain's complaint charges Avon's ecommerce website(s) with infringement of claim 34 of the '314 patent, and claim 17 of the '492 patent (Exh. 4, ¶ 36).  Claim 34 of the '314 patent is an apparatus or "system" claim.  In relevant part, Claim 34 reads as follows:

> 34.   A network-based sales system, comprising:
>
> **at least one buyer computer for operation by a user desiring to buy products;**
>
> **at least one shopping cart computer; …**

Exh. 1(emphasis added).  Thus, by its terms, claim 34 requires **multiple parties** that perform different functions.  These parties are: (a) "at least one buyer computer for operation by a user desiring to buy products"; and (b) "at least one shopping cart computer."

Likewise, Claim 17 of the '492 patent is also an apparatus or "system" claim.  In relevant part, Claim 17 reads:

> 17.   A network-based sales system, comprising;
>
> **at least one buyer computer for operation by a user desiring to buy products;**
>
> **at least one shopping cart computer;…**

---

[2] Citations in the form "___:___" refer to "column number: line(s)" of the patents-in-suit.

*NY 239,759,181v3 9-15-09*

Exh. 2 (emphasis added).  Thus, claim 17 of the '492 patent also requires the following *multiple parties*, each of which perform different functions: (a) "at least one buyer computer for operation by a user desiring to buy products," and (b) "at least one shopping cart computer."

## B.    The '639 Patent

The '639 patent issued on September 18, 2007 (Exh. 3).  The claimed invention of the '639 patent is generally directed to "methods for processing service requests from a client to a server through a network." *See* Exh. 3 at 3:6-7.  Every interaction between the client and the server constitutes a distinct request or communication between the client and the server.  When these individual transactions are a series of related transactions by the same client, they are considered a single "session."  To aggregate multiple transactions that are part of the same client session, the '639 patent specification discloses that the URLs of the links on a web page can be modified by the server to include a "session ID" ("SID") unique to that client, such as a string of numbers and letters--*e.g*., "http://content.com/[SID]/report".  *See* Exh. 3 at 3:20-41; 5:53-54.

Soverain's complaint accuses Avon's ecommerce website(s) of infringing claim 1 of the '639 patent (Exh. 4, ¶ 36).  Claim 1 of the '639 patent is a method claim, and reads as follows:

> 1. A method of processing service requests from a client to a server system through a network, said method comprising the steps of forwarding a service request from the *client* to the *server system*, wherein communications between the client and server system are according to hypertext transfer protocol;
>
> *returning a session identifier form the server system to the client, the client storing the session identifier for use in subsequent distinct requests to the server system; and*
>
> *appending the stored session identifier to each of the subsequent distinct requests from the client to the server system.*

Exh. 3 (emphasis added).  Thus, by its terms, claim 1 of the '639 patent also requires *at least two parties* -- a "client", and a "server system" -- each of which performs different functions.

5

### C.   The Infringement Allegations Of Soverain's Complaint

Soverain's infringement allegations against Avon's ecommerce website(s) are contained in paragraph 36 of Soverain's complaint.  Paragraph 36 reads as follows.

> 36.     Defendant Avon, through its ecommerce website(s) has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 34 of the '314 patent, at least claim 17 of the '492 patent, and at least claim 1 of the '639 patent by: (a) making, using, offering for sale or selling within the United States products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents, or (c) contributing to the making, using, offering for sale or selling within the United State, products or processes that practice inventions in those patents.

Soverain's complaint does not allege that Avon's ecommerce website(s) serve as both the "buyer computer" and the "shopping cart computer" required by the claims of the '314 and '492 patents; or that Avon's ecommerce website(s) somehow direct or control the actions of both the "buyer computer" and "shopping cart computer."   The complaint also does not allege that Avon's ecommerce website(s) act as both the "server system" and the "client" required by the claims of the '639 patent; nor does it allege that even if Avon's ecommerce website(s) could act as either a "server system" or a "client", Avon's website(s) direct or control both of these entities.

Further, paragraph 36 of Soverain's complaint contains nothing more than bare bones allegations of inducement of infringement and contributory infringement.  Nowhere does the complaint allege that Avon knowingly induced infringement and possessed specific intent to encourage another's infringement.  Similarly, the complaint contains no allegation that Avon knew that the combination for which its components were especially made was both patented and infringing--an essential requirement to establish liability for contributory infringement.

6

III.    **ARGUMENT**

    A.    **Soverain's Complaint Should Be Dismissed Under Fed.R.Civ.P 12(b)(6)) For Failure To State A Claim Of Patent Infringement**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face," and must consist of more than threadbare recitals and conclusory statements.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) ("[T]hreadbare recitals of a cause of action, supported by mere conclusory statements do not suffice.").

As discussed above, paragraph 36 of Soverain's complaint conclusorily, based on the single factual allegation that Avon operates "ecommerce website(s)" and acts "through" them, charges Avon with infringement of claim 34 of the '314 patent, claim 17 of the '492 patent, and claim 1 of the '639 patent under alternative theories of direct infringement, inducement of infringement, and contributory infringement.  The complaint should be dismissed, however, because even if the Court regards the scant factual allegations pleaded by Soverain as true, as the Court must in deciding this motion, *Ballard v. Wall,* 413 F.3d 510, 514 (5th Cir. 2005), the complaint fails to state a claim for patent infringement upon which relief can be granted under Rule 12(b)(6).

    1.    **Soverain Has Failed To Properly Plead Direct Infringement**

Direct patent infringement "requires a party to perform or use each and every step or element of a claimed method or product." *BMC Resources, Inc., v. Paymentech, L.P.,* 498 F.3d 1373 (Fed. Cir. 2007); *Muniauction, Inc., v. Thomson Corp.,* 532 F.3d 1318 (Fed. Cir. 2008), *cert. denied*, 129 S. Ct. 1585 (2009) (holding that a finding of infringement requires that a "single" party must carry out every step of the patented invention).

7

Where, as here, an asserted claim requires the combined actions of ***multiple parties*** to perform or use the steps or elements of the claimed invention, the claim is directly infringed ***only if one party*** exercises control or direction over the entire process or apparatus such that every step or element is attributable to the controlling party -- *i.e.*, the "mastermind." *BMC Resources*, 498 F.3d at 1381; *Muniauction*, 532 F.3d at 1329. "[M]ere 'arms-length cooperation' will not give rise to direct infringement by any party." *Muniauction*, 532 F.3d at 1328 (citation omitted). Rather, "the control or direction standard is satisfied in situations where the law would traditionally hold the accused direct infringer ***vicariously liable*** for the acts committed by another party that are required to complete performance" of a claimed invention. *Id.* at 1330 (emphasis added). These requirements for proving infringement of a multi-actor patent claim apply to both method claims and apparatus claims. *See BMC Resources* and *Muniauction* (both involving method claims), and *Cross Medical Prod., Inc. v. Medtronic Sofamor Danek, Inc.,* 424 F.3d 1293, 1311 (Fed. Cir. 2005) (rejecting patentee's efforts to combine the acts of surgeons with those of a medical device manufacturer to find direct infringement of an apparatus claim).

The Federal Circuit's infringement analysis of the multi-actor claims at issue in *BMC Resources* and *Muniauction* is instructive. In *BMC Resources*, the patents at issue claimed methods for processing debit transactions without a personal identification number (PIN). The claimed methods required the combined action of several participants, including the payee's agent (for example, BMC), a remote payment network (for example, an ATM network), and the card-issuing financial institutions. The Federal Circuit affirmed the District Court's grant of summary judgment of non-infringement to the accused infringer Paymentech, ruling that BMC had failed to raise a genuine issue of fact as to whether Paymentech controlled or directed the activities of the debit networks and financial institutions. Specifically, the Federal Circuit held

8

that: (1) "BMC's evidence that Paymentech provides data (debit card number, name, amount of purchase, etc.) to the debit networks" was insufficient to establish direction or control "absent any evidence that Paymentech also provides instructions or directions regarding the use of those data"; (2) BMC was not entitled to an inference of direction or control from Paymentech's "provision of these data, or that the data themselves provide instructions or directions"; and (3) the evidence in the District Court of direction or control of financial institutions by Paymentech "was even scarcer", as "the record contained no evidence even of a contractual relationship between Paymentech and the financial institutions." 498 F.3d at 1381.

In *Muniauction*, the patent was directed to original issuer municipal bond auctions over an electronic network, *e.g.*, the Internet, using a web browser.  "In this type of auction, the municipality ('issuer') offers its bonds to underwriters ('bidders'), who typically bid on and purchase the entire bond offering, *i.e.*, all-or-none bidding, and thereafter resell individual bonds to the public."  532 F.3d at 1321-22.  There was no dispute that at least the "inputting" step of the asserted claims ("inputting data associated with at least one bid for at least one fixed income financial instrument into said bidder's computer via said input device") was completed by the bidder, whereas at least a majority of the remaining steps were performed by the auctioneer's system (*i.e.*, the accused infringer Thomson's system).  *Id*. at 1328-29.  Thus, the issue was "whether the actions of at least the bidder and the auctioneer may be combined under the law so as to give rise to a finding of direct infringement by the auctioneer." *Id*. at 1329.  The jury found Thompson liable for infringement.  Thomson filed a motion for JMOL or a new trial, asserting that it did not infringe the patent under the appropriate standard for joint infringement.  The District Court denied the motion.  The Federal Circuit reversed, ruling that: (1) "the control or direction standard" is only satisfied where the accused direct infringer would be "vicariously

9

liable for the acts committed by another party that are required to complete performance of a claimed method"; and (2) the fact that "Thomson controls access to its system and instructs bidders on its use is not sufficient to incur liability for direct infringement." *Id*. at 1330.

The issue of "joint" or "divided" infringement under *BMC/Muniauction* is being actively litigated in the District Courts, and several courts have granted motions to dismiss patent infringement complaints under Rule 12(b)(6) where the patents in issue claimed inventions requiring the participation of multiple parties. *See, e.g.*, *Friday Group v. Ticketmaster*, 2008 WL 5233078 at *3 (E.D. Mo., Dec. 12, 2008) (motion to dismiss granted for failure to state a claim of patent infringement where no allegation was made that any one defendant acted as the "mastermind" controlling others to perform a claimed method of selling and distributing articles associated with live events, which included the steps of "providing", "conducting", "recording", "manufacturing", and "distributing"); *Global Patent Holdings, LLC v. Panthers BHRC LLC*, 586 F. Supp. 2d 1331, 1335, (S.D. Fla. 2008) (holding, in dismissing a complaint for failure to state a claim of patent infringement, that the Federal Circuit requires that "direction" or "control" can only be found where the third party acts by virtue of a contractual obligation to, or another relationship sufficient to give rise to vicarious liability by, the "mastermind"), *aff'd*, 318 Fed. Appx. 908, 909 (Fed. Cir. 2009); *Desenberg v. Google, Inc.*, 2009 WL 2337122, *6 (S.D.N.Y., July 30, 2009) (Magistrate issued report and recommendation to dismiss complaint for failure to state a claim of patent infringement, holding that *BMC Resources* "would require Desenberg to allege that Google performs both the 'user' and 'provider' steps in the claim, which Desenberg has not alleged, and by the very terms of his patent, cannot realistically allege").

Moreover, several District Courts, including this Court and the Southern District of Texas, have not hesitated to dismiss divided infringement claims on the merits for failure of the

10

patent holder to establish the requisite level of "control" by one "mastermind" over each aspect of the accused method or apparatus. *See Golden Hour Data Systems, Inc., v. emsCharts, Inc., et al.,* 2009 WL 943273 *4,5 (E.D. Tex.) (granting JMOL of non-infringement for lack of evidence of "control" or "direction" following jury verdict of joint infringement of numerous apparatus and method claims, even where defendants were bound by a distribution agreement); *Akamai Techs., Inc., v. Limelight Networks, Inc.*, 614 F.Supp.2d 90, 121 (D. Mass. 2009) (no direct infringement of a multi-actor claim even where a contractual agreement to pay for services exists and the defendant provided instructions on how to utilize the services); *Emtel, Inc. v. Lipidlabs, Inc.*, 583 F. Supp. 2d 811 (S.D. Tex. 2008) (no infringement of a multi-actor claim even where defendant controlled access to a system and provided instructions on how to use the system).

Here, the asserted claims of Soverain's patents clearly require the participation of ***multiple parties*** in order for direct infringement to occur.  As discussed above, asserted system claims 34 and 17 of the '314 and '492 patents each require a "buyer computer for operation by a user" in addition to a "shopping cart computer."  Similarly, asserted claim 1 of the '639 patent requires both a "server system" and a "client" as actors in the claimed method.

Soverain's complaint does not allege that Avon's ecommerce website(s) serve as both the "buyer computer" and the "shopping cart computer" of the asserted '314 and '492 patent claims; or that Avon's ecommerce website(s) somehow direct or control the actions of both the "buyer computer" and "shopping cart computer."  The complaint also does not allege that Avon's ecommerce website(s) act as both the "server system" and the "client" required by asserted claim 1 of the '639 patent; nor does it allege that even if Avon's ecommerce website(s) could act as either a "server system" or a "client", Avon's website(s) directs or controls both entities.

11

Accordingly, in light of the "direction or control" requirements of *BMC* and *Muniauction*, Soverain's complaint fails to state a claim for direct infringement against Avon upon which relief can be granted; and the complaint should therefore be dismissed under Rule 12(b)(6).

### 2.     Soverain Has Also Failed To Properly Plead Inducement Of Infringement Or Contributory Infringement

35 U.S.C. § 271(b) and (c) set forth the standards for proving inducement of infringement and contributory infringement, respectively.  Liability for both inducement of infringement and contributory infringement requires the existence of at least one predicate act of direct infringement. *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 81 S. Ct 599, 602 (1961); *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006).

Because Soverain's complaint fails to plead a proper cause of action for direct infringement of the patents-in-suit against Avon, Soverain's complaint also fails to properly plead causes of action for inducement of infringement and contributory infringement against Avon.   Accordingly, Soverain's claims for inducement of infringement and contributory infringement should also be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See Advanced Analogic Technologies, Inc., v. Kinetic Technologies, Inc.,* 2009 WL 1974602 at *1 (N.D. Cal.) (dismissing claims of inducement and contributory infringement from a complaint that failed to allege direct infringement by a third party).

### B.     Soverain's Claims Of Inducement Of Infringement And Contributory Infringement Should Also Be Dismissed Under Fed.R.Civ.P 8(a)(2)

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests". *Conley v. Gibson*, 355 U.S. 41, 47, 78 (1957).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

12

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp., et al. v. Twombly*, 550 U.S. 544, 555 (2007).

There is a knowledge requirement for pleading a proper claim of inducement of infringement under § 271(b), and a claim of contributory infringement under § 271(c).

To establish inducement of infringement under § 271(b), the patent holder must show that once the defendant knew of the patent, it "actively and knowingly aid[ed] and abett[ed] another's direct infringement." *Water Technologies Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988). "[M]ere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven". *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1364 (Fed. Cir. 2003). Thus, inducement requires proof that "'that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'. . .Accordingly, inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Medical*, 471 F.3d at 1306 (citation omitted).

Similarly, §271(c) provides that "[w]hoever sells a component of a patented . . . combination . . . constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." Under this provision, the patent holder must show that the defendant knew that the combination for which his components were especially made was both patented and infringing. *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488-491(1964).

Here, Soverain's complaint contains no factual allegations that would meet these knowledge requirements for a claim of inducement or contributory infringement by Avon. The

13

sum total of Soverain's allegations in this regard accuse Avon of: "(b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents, or (c) contributing to the making, using, offering for sale or selling within the United State, products or processes that practice inventions in those patents." (Exh. 4, ¶ 36).  These conclusory allegations are insufficient to meet the pleading requirements of Rule 8 (a)(2), and amount to nothing more than the type of "formulaic recitation of the elements of a cause of action" that the *Twombly* Court held "will not do."  550 U.S. at 555.

## IV.   <u>CONCLUSION</u>

For all the above reasons, we respectfully request that this motion be granted, and that Soverain's complaint against Avon be dismissed under Fed.R.Civ.P 12(b)(6) and (8)(a)(2).


Dated:  September 15, 2009.

14

Respectfully submitted,

**GREENBERG TRAURIG, LLP**


    /s/ Mary-Olga Lovett   
Mary-Olga Lovett
Attorney in Charge
Texas Bar No. 00789289
lovettm@gtlaw.com
1000 Louisiana Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 374-3500
Telecopier: (713) 374-3505

Michael A. Nicodema (pro hac vice)
Gaston Kroub (pro hac vice)
Greenberg Traurig, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

*Attorneys For Defendant*
*Avon Products, Inc.*

15

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5-(a)(3)(A).  All other counsel of record not deemed to have consented to electronic service will or have been served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 15th day of September, 2009.

                      ___/s/ Mary-Olga Lovett___
                      Mary-Olga Lovett

16