# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC, | |
| Plaintiff, | |
| v. | |
| J.C. PENNEY CORPORATION, INC., AMWAY CORP., AVON PRODUCTS, INC., BIDZ.COM, INC., ETRONICS, INC., HSN, INC., HSN IMPROVEMENTS, LLC, CORNERSTONE BRANDS, INC., BALLARD DESIGNS, INC., GARNET HILL, INC., SMITH& NOBLE, LLC, THE TERRITORY AHEAD, INC., QVC, INC., SHUTTERFLY, INC., VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., VICTORIA'S SECRET DIRECT BRAND MANAGEMENT, LLC, VISTAPRINT, LTD., and VISTAPRINT USA, INC., | Civil Action No. 6:09-CV-274-LED  JURY TRIAL DEMANDED |
| Defendants. | |

## PROTECTIVE ORDER

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

For the purpose of this Order:

a. "Documents" includes all tangible written, recorded (electronically or otherwise), or graphic material, whether produced or created by a party or another person, and whether produced pursuant to the discovery rules, by agreement, or otherwise, and includes, without limitation, documents, interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, affirmations, and briefs, or any portion of any of the foregoing.

b. "Confidential Document" means any Document that a party to this action or the producing person believes in good faith contains trade secret or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), and which bears the legend, or is otherwise designated, "CONFIDENTIAL," "CONFIDENTIAL-RESTRICTED," "CONFIDENTIAL-FINANCIAL," or "CONFIDENTIAL-SOURCE-CODE."

c. "Confidential Information" means information contained in Confidential Documents and/or in testimony designated as "CONFIDENTIAL," "CONFIDENTIAL-RESTRICTED," "CONFIDENTIAL-FINANCIAL," or "CONFIDENTIAL-SOURCE-CODE," as set forth below.  All testimony that refers or relates to Confidential Documents or Information, and all deposition exhibits that consist of or contain Confidential Documents or Information, shall automatically be deemed to carry those designations. Confidential Information further includes information disclosed orally that the disclosing party believes in good faith contains trade secret or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), provided that, within ten (10) business days after such disclosure, or in the case of testimony at a deposition or in a court proceeding within the time limits set forth in Section 9, the disclosing party delivers to the receiving party a written

document describing the information disclosed and referencing the place and date of such disclosure. Confidential Documents and Information do not include any document or information that is: (i) generally known to those in the industry prior to any disclosure hereunder, or (ii) generally known to those in the industry without breach of this Order; or (iii) approved for release by written authorization of the party who owns the information; or (iv) disclosed to the receiving party by a third party lawfully possessing such document or information and under no obligation of confidentiality; or (v) developed independently by the receiving party or any employees or designated agents thereof independently and without any use whatsoever of information received by the receiving party under this Order; or (vi) (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for or statutory entitlement to confidential treatment.

   d. "Copy" means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

  In support of this Order, the Court finds that:

   1. Confidential Documents or Information that bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation;

   2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Documents or Information could severely injure or damage the party disclosing or producing the Confidential Documents or Information and could place that party at a competitive disadvantage;

3

3. Counsel for the party or parties receiving Confidential Documents or Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Documents or Information as to the confidential and/or trade secret nature of such Confidential Documents or Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

IT IS THEREFORE ORDERED THAT:

1. Confidential Documents and Information shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

2. Confidential Documents and Information may be disclosed only to the following persons ("Qualified Persons"):

   a. No more than six (6) in-house counsel of each party, together with their paralegal assistants and staff, provided that each such person is involved in the prosecution or defense of this action and has the need to know such information in the prosecution or defense of this action;

   b. No more than three (3) directors, officers and/or employees of each party, together with their administrative staff, provided that each such person has the need to know such information in the prosecution or defense of this action.  There shall be a presumption that these authorized persons may include a party's CEO, CFO, and CIO.

   c. Outside counsel of record for the parties to this action, including their paralegal assistants and secretaries, and employees, or agents of counsel, including document translators, document processing services, computer litigation support, jury and graphics

consultants retained by counsel, to the extent reasonably necessary to render professional services in this action;

   d. Authors of the document and persons who would have authorized access to such document for reasons unrelated to this order;

   e. Witnesses where at least one of the following conditions applies:

    i. the witness is a current employee of the producing party;

    ii. the party wishing to disclose the Confidential Document or Information to a witness not otherwise authorized to see the document notifies the producing party of that desire, with a specific listing of the Confidential Documents or Information to be so disclosed, and the producing party consents in writing to all counsel of record to such disclosure by all parties, which consent will not be unreasonably withheld. If, however, such consent in writing is not received, such Confidential Documents or Information may not be disclosed to the witness until and unless the party wishing to disclose the Confidential Documents or Information to the witness moves for and obtains appropriate relief from the Court upon good cause shown.

  Witnesses to whom Confidential Documents or Information is disclosed under subparagraphs (d) and (e )(ii) shall not be allowed to retain copies of the Confidential Documents. However, a witness who was shown Confidential Documents during a deposition may review the Confidential Documents while reviewing his or her transcript, provided that any Confidential Documents are not retained by the witness after he or she has completed his or her review of the transcript for accuracy;

   f. Court officials involved in this action;

   g. Court reporting personnel involved in taking, videotaping or transcribing testimony in this action, provided that any such court reporting personnel agrees that all

Confidential Documents and Information designated as such under this Order shall remain "Confidential" and shall not be disclosed, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the court reporting personnel or delivered to counsel of record;

      h.     Outside consultants or experts and their support staff retained for the purpose of assisting counsel in this action, provided that the consultant or expert is not presently an employee of any party or affiliate of a party to this action.  Third party consultants and experts who perform expert or consulting services for purposes of this litigation shall not be considered employees pursuant to this section merely because they perform such services.  The consultants and experts shall be identified to the disclosing party no less than ten (10) days prior to a proposed disclosure, with full identification of the proposed consultant or expert to whom the Confidential Documents or Information are to be disclosed, including (i) the current Curriculum Vitae of the proposed consultant or expert, (ii) a list of all publications the expert or consultant authored or co-authored in the prior ten years, (iii) a list of all other cases in which, during the previous four years the proposed consultant or expert has testified as an expert at trial or deposition.  If within that ten (10) day period, an objection is stated to such disclosure, no such disclosure will be made without prior Court approval or written agreement by the objecting party. Consent to the requested disclosure shall not unreasonably be withheld.

     3.     Confidential Documents and Information shall be used solely for the prosecution or defense of this action.

     4.     Notwithstanding the provisions of paragraphs 2 and 3 hereto, a party or producing person is free to disclose or use his, her or its own Confidential Documents or Information without restriction.

5.1     Any party may designate the following information as CONFIDENTIAL-RESTRICTED:

a.     the architecture, configuration, operation, or design of a producing party's existing, future or proposed internet websites and associated computer applications, source code, source code comments, flow charts, and specifications; and

b.     the design, source code, source code comments, flow charts, and specifications relating to a producing party's existing, future or proposed software products for use in connection with commercial transactions or identification on the internet.

c.     CONFIDENTIAL- RESTRICTED documents and information may be disclosed only to the Qualified Persons identified in paragraphs 2(c), 2(d), 2(e)(ii), 2(f), 2(g) or 2(h).

d.     Any persons in the categories of paragraphs 2(c) or 2(h) who have access, on behalf of Plaintiff, to another party's CONFIDENTIAL-RESTRICTED documents or Information shall not during, and for two years following the completion of, this litigation, purchase or prosecute for, supervise on behalf of, or assist the party who that person represents in this action in the prosecution of or obtaining any interest in:

i.     any patent application filed after the effective date hereof which claims the benefit of a filing date of any patent or application, foreign or domestic, earlier than the effective date hereof, together with any continuations, continuations-in-part, divisionals, renewals, substitutes or convention applications with respect to said new patent applications;

ii.     any application, continuation, continuation-in-part, divisional, renewal, substitute or convention application pending as of the date hereof; or

iii.     patents having an issue date before the effective date hereof;

      iv. provided the applications described in (i), (ii), and (iii) relate, in whole or in part, to information disclosed in documents, testimony, information and other things designated CONFIDENTIAL-RESTRICTED which said person has reviewed.

  5.2 a. Any party may designate the following information as CONFIDENTIAL-FINANCIAL: Customer and financial information, including, for example, customer lists, information on pricing, costs, profit margins, and business and/or financial plans, where a risk of competitive injury exists if such information were not subject to the additional protections afforded for CONFIDENTIAL-FINANCIAL information;.

    b. CONFIDENTIAL-FINANCIAL documents and information may be disclosed only to the Qualified Persons identified in paragraphs 2(a), 2(c), 2(d), 2(e)(ii), 2(f), 2(g) or 2(h); in addition, each party may designate one person from the group identified in paragraph 2(b), to whom CONFIDENTIAL-FINANCIAL information may be disclosed. The receiving party shall make such designation in writing to the producing party.

  5.3 CONFIDENTIAL-SOURCE CODE shall be provided the following further protections.

    a. CONFIDENTIAL-SOURCE CODE may be disclosed only to the Qualified Persons identified in paragraphs 2(c), 2(d), 2(e)(ii), 2(f), 2(g) or 2(h)

    b. Each party shall make its source code available at an office of that parties' outside counsel of record in this action. Soverain shall be allowed to choose at which office location of each defendant's outside counsel that defendant's source code will be made available. Soverain shall make its source code available for review at two United States office locations of its outside counsel, Quinn Emanuel Urquhart & Sullivan LLP ("Quinn Emanuel"). Defendants as a group shall select the two Quinn Emanuel offices and advise Soverain of its selections.

      c.      The source code shall be made available for inspection in native format or in an electronically-searchable form. No electronic copies of source code shall be made.

      d.      Upon request of any inspecting party, the producing party shall print portions of the source code not to exceed twenty-five (25) consecutive pages using a 10-point, fixed width font, and the total pages printed for all source code excerpts for each parties' code is not to exceed 1000 single-spaced pages. All printed excerpts are to be made on pre-Bates labeled paper provided by the producing party, with each page having a "CONFIDENTIAL-SOURCE CODE" designation and such excerpts will be maintained at the receiving party's outside counsel. The printed excerpts are to be indicated on the source code access and print log to be kept at the agreed-upon escrow facility.

      e.      The producing party shall maintain a Source Code Access Log identifying: (i) the name of each person who accessed the code; and (ii) the date of access.

      f.      A party may request additional copies of portions of the code only as needed for use at depositions, hearings, trial or court filings. Upon written request, the producing party will make the source code in native format or an electronically searchable copy of all source code produced available to the receiving party for review and printing at depositions, hearings and/or trial.

      g.      In the event that any source code copies are used as exhibits to filings, pleadings or discovery, the source code exhibits must be filed under seal and any service copies must maintained within a secure location at outside counsel of record's office.

      h.      Counsel and consultants (cleared under the protective order) inspecting the source code may use their own preferred software search and analysis tools provided it does not alter, modify, compile, link or interpret the source code. Counsel and such consultants shall

provide a list of such preferred software tools, and the necessary software licenses to use and install such software tools, and version numbers to the producing party prior to its use and installation.

      i.      To the extent that Soverain produced information marked "CONFIDENTIAL-SOURCE CODE" to Defendants' counsel prior to entry of this Protective Order, Defendants' counsel shall be entitled to retain the produced copies of such CONFIDENTIAL-SOURCE CODE information, provided that they (i) disclose such information only to the Qualified Persons identified in paragraphs 2(c), 2(d), 2(e), 2(f), 2(g) or 2(h) of this Order; (ii) maintain such copies only in the offices of outside counsel of record of the receiving party in the United States; (iii) maintain any electronic copies of such source code information on a single, stand-alone computer that is not connected to any internal or external computer or computer network and has no Internet connection; (iv) make no electronic copies of any source code; (v) make no more than three (3) paper copies of any source code; (vi) make any printouts of electronic source code on Bates labeled paper marked as "CONFIDENTIAL-SOURCE CODE" with copies of the printouts provided to counsel for Soverain within five (5) days of printing; and (vii) maintain a source code access log identifying the name of each person who accessed the code and the date of access.

      6.      Before any person described in paragraph 2 (a), (b), 2(e) or 2(h) is given access to Confidential Documents or Information, the individual to whom disclosure is to be made shall sign and date an undertaking substantially in the form of the attached Exhibit A.  A copy of each such undertaking shall be held by counsel of record for the party so disclosing the Confidential Documents or Information.  The parties agree not to use the undertakings for any purpose other than monitoring and enforcing compliance with this Order.

7. Counsel for the parties to whom Confidential Documents or Information have been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Order.

8. Any document containing confidential information that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The party filing the document containing confidential information shall be responsible for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of such filing.

9. At a deposition or within thirty (30) days after receiving a final deposition, hearing or trial transcript, counsel for any of the parties or the deponent may designate specific testimony or transcript pages as Confidential by notice on the record at the deposition or in writing to counsel for all parties and for the deponent. Until the expiration of the thirty (30) day period, all of the testimony contained in the transcript volume shall be treated as Confidential. To the extent that Confidential Documents or Information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Confidential Documents or Information, without the need for further designation.

10. At any time, any party may challenge a Confidential designation of all or any portion thereof of the Confidential Documents or Information. Any party challenging such a designation may notify the disclosing party by providing written notice thereof to counsel for the producing party. If the parties are unable to agree as to whether the Confidential designation of the documents or information is appropriate, the receiving party or parties shall certify to the Court that the parties cannot reach an agreement as to the Confidential nature of all or a portion of

the Confidential Documents or Information.  Thereafter, the receiving party or parties shall have ten (10) business days from the date of certification to file a motion challenging the Confidential designation with regard to the Confidential Documents or Information in dispute.  If the receiving party does not timely file a motion challenging the Confidential designation, then the Confidential Documents or Information in dispute shall sustain its Confidential treatment as provided in this Order.  All Confidential Documents and Information are entitled to Confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party timely challenges a Confidential designation, or a contrary determination is made by the Court as to whether all or a portion of a Confidential Document or Information is entitled to Confidential treatment.

11. A producing party that inadvertently fails to mark an item as required under this Order at the time of the production, or fails to provide a written description of orally disclosed Confidential Information, shall not be deemed to have waived, in whole or in part, any claim of confidentiality, either as to the specific information disclosed or as to any other information thereto on the same or related subject matter.  In the case of documents, any such mis-designated materials shall be properly designated as soon as reasonably possible after the producing party becomes aware of the inadvertent failure to mark.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked as Confidential material.  Within five (5) business days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked items and all copies thereof.  In the case of orally disclosed information, a written description of the information must be provided, as set forth above.

12. The party or parties receiving Confidential Documents or Information shall not under any circumstances sell, offer for sale, advertise, or publicize the received Confidential Documents or Information.

13. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those Confidential Documents and Information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Confidential Documents and Information for enforcement of the provisions of this Order following termination of this litigation.

14. This Order shall apply to any non-party to this action who shall be called upon to make discovery or provide deposition or other testimony in connection with this action. Such non-party shall be deemed to avail itself of the provisions and protections of this Order by making production or providing testimony consistent with it.

15. The provisions of this Order shall not terminate at the conclusion of this action. Within thirty (30) days after the final conclusion of all aspects of this action by dismissal or judgment not subject to appeal or by settlement, Confidential Documents and all copies of same, and all documents containing or referring to Confidential Information, other than one set of all trial transcripts, trial exhibits, and briefs, memoranda or other documents or papers filed with the Court, and undertakings executed pursuant to paragraph 6 hereto, shall either be returned to the producing party or person or destroyed, with the exception of any documents referencing or containing source code, for which no copies shall be maintained. All parties or persons that received Confidential Documents or Information shall make certification of compliance with this section and shall deliver same to counsel for the person that produced the documents or disclosed the information not more than thirty (30) days after the conclusion of this action with respect to

that party.  Efforts to destroy or return Confidential Information need not include information that may be stored in electronic media that is not reasonably accessible, such as in disaster recovery backup.  The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

16. The inadvertent production of documents subject to the protection of the attorney-client privilege, work product doctrine, or other privilege shall not constitute a waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications.  The producing party shall notify the receiving party in writing of any such inadvertently produced documents as soon as reasonably possible after the producing party becomes aware of their inadvertent production.  Upon receipt of such notice, the receiving party shall, within three (3) business days, or sooner if that is possible, return all such documents to the producing party, along with any copies made thereof.

17. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

18. The parties reserve the right to apply to the Court for any order modifying this Order or seeking further protections against discovery or other use of protected information.  Any protected person requiring further confidentiality protection than is provided by this Order may petition the Court for a separate order governing disclosure of its confidential material.

**So ORDERED and SIGNED this 25th day of June, 2010.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>J.C. PENNEY CORPORATION, INC.,<br>AMWAY CORP.,<br>AVON PRODUCTS, INC.,<br>BIDZ.COM, INC.,<br>ETRONICS, INC.,<br>HSN, INC.,<br>HSN IMPROVEMENTS, LLC,<br>CORNERSTONE BRANDS, INC.,<br>BALLARD DESIGNS, INC.,<br>GARNET HILL, INC.,<br>SMITH& NOBLE, LLC,<br>THE TERRITORY AHEAD, INC.,<br>QVC, INC.,<br>SHUTTERFLY, INC.,<br>VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC.,<br>VICTORIA'S SECRET DIRECT BRAND MANAGEMENT, LLC,<br>VISTAPRINT, LTD., and<br>VISTAPRINT USA, INC.,<br><br>        Defendants. | Civil Action No. 6:09-CV-274<br><br>JURY TRIAL DEMANDED |

**UNDERTAKING CONCERNING CONFIDENTIALITY**

    I, _____, hereby certify that:

    1.    I have read the Protective Order entered in the above-captioned action and understand its terms.

2. I agree to be bound by the terms of the Protective Order. I agree to use Confidential Documents and Information provided to me pursuant to the Protective Order in this case only for purposes of this litigation.

3. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action may subject me, without limitation, to penalties for contempt of Court.

4. I submit to the jurisdiction of the Court in the above-captioned action for the purpose of enforcing the terms of the Protective Order and freely and knowingly waive any right that I may otherwise have to object to the jurisdiction of said Court.

Date: _____

Signature: _____

Print Name: _____