**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| Soverain Software LLC,<br><br>        Plaintiff,<br><br>v.<br><br>J.C. Penney Corporation, Inc.,<br>Amway Corp.,<br>Avon Products, Inc.,<br>Bidz.com, Inc.,<br>HSN, Inc.,<br>HSN Improvements, LLC,<br>Cornerstone Brands, Inc.,<br>Ballard Designs, Inc.,<br>Garnet Hill, Inc.,<br>Smith & Noble, LLC,<br>The Territory Ahead, Inc.,<br>QVC, Inc.,<br>Shutterfly, Inc.,<br>Victoria's Secret Stores Brand Management, Inc.,<br>Victoria's Secret Direct Brand Management, LLC,<br>VistaPrint, Ltd., and<br>VistaPrint USA, Inc.<br><br>        Defendants. | Civil Action No.  6:09-cv-00274-LED |

## P.R. 4-3 JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

Pursuant to P.R. 4-3, and the Court's December 14, 2009 Docket Control Order, as amended, the parties hereby submit this Joint Claim Construction and Prehearing Statement.  As reflected in the Certificate of Conference below, all parties have agreed to this Joint Claim Construction and Prehearing Statement.

## I.    AGREED CONSTRUCTIONS

The parties have agreed upon the construction of the following claim terms, phrases, and

clauses appearing in U.S. Pat. No. 5,715,314 ("'314 patent"), U.S. Pat. No. 5,909,492 ("'492

patent"), and U.S. Pat. No. 7,272,639 ("'639 patent"):

| Claim Term, Phrase or Clause | Patent/Claim | Agreed Construction |
|---|---|---|
| Shopping Cart | '314 Patent Claims – all asserted claims (34-36, 39, 50-51, 84, 109-111, 134, 144)  '492 patent Claims 17, 18, 35, 36 | a stored representation of a collection of products |

## II.    DISPUTED CONSTRUCTIONS

At this time, the parties do not agree upon the construction of any other claim terms,

phrases, and clauses that were identified by the parties as requiring construction.

Exhibit A is a side-by-side comparison of the parties' proposed constructions of the

disputed terms, phrases, and clauses.

Exhibit B sets forth Soverain's proposed constructions of disputed claim terms, phrases,

or clauses, together with an identification of references from the specifications or prosecution

histories supporting those constructions, and an identification of any extrinsic evidence known to

Soverain on which it intends to rely either to support its proposed constructions or to oppose the

constructions proposed by the defendants.  To the extent that Defendants disagree with any claim

construction entered by this Court in any previous proceedings concerning the same or related

patents, Soverain maintains that Defendants should address any such disagreement in this

submission.

Exhibit C sets forth the defendants' proposed constructions of disputed claim terms, phrases, or clauses, together with an identification of references from the specifications or prosecution histories supporting those constructions, and an identification of any extrinsic evidence known to the defendants on which they intend to rely either to support their proposed constructions or to oppose the constructions proposed by Soverain.  Defendants reserve the right to appeal the constructions of any terms previously construed by this court in *Soverain Software LLC v. Amazon.com, Inc.*, No. 6:04-cv-14 (E.D. Tex. 2004), in addition to the constructions proposed in Exhibit C below.

## III.   LENGTH OF TIME NEEDED FOR CLAIM-CONSTRUCTION HEARING

The parties suggest that a full day be set aside for the claim-construction hearing.

## IV.   WITNESSES

No party will call any witnesses at the claim-construction hearing.

## V.   ISSUES FOR A PREHEARING CONFERENCE

At this time, Soverain does not believe there are any issues to be taken up at a Prehearing Conference.

Defendants respectfully request a telephone conference as soon as practically possible -- but preferably no later than October 7, 2010 (three weeks prior to the Claim Construction Hearing scheduled for October 28, 2010) -- to discuss *Defendants' Motion to Stay Pending Appeal in Related Case*, filed August 30, 2010.  (Docket # 262).  In this motion, Defendants respectfully move this Court to stay proceedings in this litigation pending the outcome of a forthcoming appeal in a related case, *Soverain Software LLC v. Newegg Inc.*, 6:07-CV-00511-LED (the "Newegg Case").  Defendants anticipate that the Federal Circuit will be asked to address substantial legal questions raised in the Newegg Case concerning precisely the same

3

patents (and many of the same issues) in this case, including, but not limited to, questions of claim construction, infringement, validity and damages.

Dated:  **August 31, 2010**                    s/ Matthew A. Werber

**Counsel for HSN, Inc., HSN Improvements, LLC, Cornerstone Brands, Inc., Ballard Designs, Inc., Garnet Hill, Inc., Smith & Noble, LLC, and The Territory Ahead, Inc.**

Misty C. Blair                                Michael R. Levinson
SEYFARTH SHAW LLP                             Joseph R. Lanser
700 Louisiana, Suite 3700                     Matthew A. Werber
Houston, TX 77002-2797                        SEYFARTH SHAW LLP
Telephone:  (713) 225-2300                    131 S. Dearborn Street
Facsimile:  (713) 225-2340                    Suite 2400
                                              Chicago, Illinois 60603
E. Glenn Thames, Jr.                          Telephone:  (312) 460-5000
POTTER MINTON                                 Facsimile:  (312) 460-7000
110 North College
500 Plaza Tower
Tyler, Texas  75702
Telephone:  (903) 597-8311
Facsimile:  (903) 593-0846


**Counsel for Bidz.com, Inc.**                s/ John A. Scillieri
John A. Scillieri
Seldon & Scillieri                            Deron R. Dacus
12121 Wilshire Boulevard, Suite 1300          Ramey & Flock, P.C.
Los Angeles, California 90025                 100 E. Ferguson, Suite 500
(310) 979-0200                                Tyler, TX 75702
jas@speakeasy.net                             (903) 597-3301
                                              derond@rameyflock.com

**Counsel for Avon Products, Inc.**
Mary-Olga Lovett
1000 Louisiana Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 374-3500
lovettm@gtlaw.com

s/ Gaston Kroub
_____

Gaston Kroub (pro hac vice)
Greenberg Traurig, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Telephone: (212) 801-9200
kroubg@gtlaw.com

**Counsel for QVC, Inc.**
John M. Jackson
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6109
jjackson@jw.com

s/ John M. Jackson
_____

Eric H. Findlay
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy, Suite 101
Tyler, Texas 75703
efindlay@findlaycraft.com

**Counsel for Victoria's Secret Stores, et al.**
David Nir
WARD & OLIVO
380 Madison Avenue
New York, New York 10017
nird@wardolivo.com

s/ David Nir
_____

Charles Ainsworth
Parker Bunt & Ainsworth
100 E Ferguson, Suite 1114
Tyler, TX 75702
charley@pbatyler.com

**Counsel for J.C. Penney Corporation, Inc.**
David Jack Levy
Morgan Lewis & Bockius – Houston
1000 Louisiana Street
Suite 4200
Houston, TX 77002
dlevy@morganlewis.com

s/ James Allen Glenn, Jr.

James Allen Glenn, Jr.
Morgan Lewis & Bockius – Dallas
1717 Main St
Suite 3200
Dallas, TX 75201-7395
jglenn@morganlewis.com


**Counsel for Amway Corp.**
Laura Beth Miller
Brinks Hofer Gilson & Lione
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611-5599
lmiller@usebrinks.com

s/ Laura Beth Miller

Michael E. Jones
Potter Minton PC
110 N. College – Suite 500
P.O. Box 359
Tyler, TX 75710-0359
mikejones@potterminton.com


**Counsel for Vistaprint Limited**
Christopher Campbell
Heather A. Faltin
11951 Freedom Drive
Reston, VA 20190
hfaltin@cooley.com

s/ Heather A Faltin

Eric Hugh Findlay
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy, Suite 101
Tyler, Texas 75703
efindlay@findlaycraft.com


  S/ Michael C. Smith

  Michael C. Smith (Texas Bar. No. 18650410)
  michaelsmith@siebman.com
SIEBMAN, BURG, PHILLIPS & SMITH, LLP
713 South Washington Avenue
P.O. Box 1556
Marshall, Texas, 75670
Telephone: (903) 938-8900
Facsimile: (972) 767-4620

  Edward J. DeFranco
  eddefranco@quinnemanuel.com
  James M. Glass
  jimglass@quinnemanuel.com
  Anastasia M. Fernands

anastasiafernands@quinnemanuel.com
Carlos A. Rodriguez
carlosrodriguez@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

David A. Nelson
davenelson@quinnemanuel.com
Michael Harte
mikeharte@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison, Suite 2450
Chicago, Illinois  60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

*Attorneys for Plaintiff Soverain Software LLC*

## <u>CERTIFICATE OF CONFERENCE</u>

This is to certify that counsel for plaintiff Soverain and  counsel for the defendants have conferred concerning this P.R. 4-3 Joint Claim Construction and Prehearing Statement and all parties have agreed to it.

**Dated: August 31, 2010**     s/Matthew A. Werber _____

**EXHIBIT A – DISPUTED CLAIM TERMS**

| '314 and '492 Patents – Claim Terms | Soverain's Proposed Construction | Defendants' First Proposal | Defendants' Second Proposal |
|---|---|---|---|
| Activation of the transaction detail hypertext link | Term does not require construction and should be given its plain and ordinary meaning | Sending of request by client computer to server computer for data regarding a payment transaction included in purchase transaction records | |
| At least one of the server computers being programmed to record information pertaining to purchase transaction records in a database | Term does not require construction and should be given its plain and ordinary meaning<br><br>Where "being programmed" means "containing a set of instructions for…" | At least one of the shopping cart / payment computers being programmed to store purchase transaction records in the settlement database | |
| Being programmed | Containing a set of instructions for . . . | Having been programmed with a sequence of instructions that can be executed by a computer | ordinary meaning / no construction necessary |
| Buyer computer for operation by a user | *Term does not require construction and should be given its plain and ordinary meaning*<br><br>*Alternatively:*<br><br>A computer for operation by a user desiring to buy products | A physical personal computer for home-use to be used by a user-buyer | ordinary meaning / no construction necessary |
| Cause the payment message to be activated | *Term does not require construction and should be given its plain and ordinary meaning* | The payment message, previously caused to be created by the shopping cart computer, is caused to be activated by the buyer computer | |

**EXHIBIT A – DISPUTED CLAIM TERMS**

| '314 and '492 Patents – Claim Terms | Soverain's Proposed Construction | Defendants' First Proposal | Defendants' Second Proposal |
|---|---|---|---|
| | *Alternatively:*<br><br>[Cause/causes] an action associated with [the/said] payment message | | |
| Client computer for operation by a client user | *Term does not require construction and should be given its plain and ordinary meaning*<br><br>*Alternatively:*<br><br>A computer capable of requesting a service of another computer or computer system | Buyer computer operated by a user | |
| Collection | Zero, one or more [products] | Two or more | |
| Computer | A functional unit that can perform substantial computation, including numerous arithmetic operations, or logic operations without human intervention | A single computer | |
| Message | A unit of information sent electronically | A unit of information sent electronically from one computer to another computer | |
| Network-based sales system | This term appears only in preambles of the asserted claims and is not limiting. Therefore, it does not require construction. | A system that includes at least one buyer computer for operation by a user desiring to buy a product, at least one merchant computer, and at least one payment computer. The buyer computer, the merchant | ordinary meaning / no construction necessary |

**EXHIBIT A – DISPUTED CLAIM TERMS**

| '314 and '492 Patents – Claim Terms | Soverain's Proposed Construction | Defendants' First Proposal | Defendants' Second Proposal |
|---|---|---|---|
| | | computer, and the payment computer are interconnected by a computer network. | |
| Payment computer | A computer processing payment information | Computer that accesses and debits buyer funds or credit used in payment transactions | Shopping cart computer |
| Payment message | a message relating to a payment for one or more products | A message relating to payment for one or more products, without the merchant computer having to communicate directly with the payment computer | A message enabling payment for one or more products |
| Plurality | Term does not require construction and should be given its plain and ordinary meaning | Two or more | |
| Plurality of respective products / plurality of products [added to said/the shopping cart] | product identifiers which are added to an instance of a shopping cart in the shopping cart database / [add] identifiers of respective products to an instance of a shopping cart | Two or more products, identified by two or more respective product identifiers | |
| Product | *Term does not require construction and should be given its plain and ordinary meaning*<br><br>*Alternatively:*<br><br>Anything that can be advertised, sold and provided to a purchaser | Anything that can be advertised, sold and provided to a purchaser from a merchant | ordinary meaning / no construction necessary |
| Purchase transaction | *Term does not require* | Part of a smart statement document | |

**EXHIBIT A – DISPUTED CLAIM TERMS**

| '314 and '492 Patents – Claim Terms | Soverain's Proposed Construction | Defendants' First Proposal | Defendants' Second Proposal |
|---|---|---|---|
| records | *construction and should be given its plain and ordinary meaning*<br><br>*Alternatively:*<br><br>Information pertaining to user purchases | that includes the date of the transaction, the name of the merchant, an identification of the product, the payment amount for the product, and a description of the product | |
| Shopping cart computer | A computer processing data associated with one or more shopping carts | A computer that modifies the shopping carts in the shopping cart database, operated by the manager of a network sales system | A computer that modifies the shopping carts in the shopping cart database |
| Shopping cart message | a message concerning a shopping cart | A message(s) concerning a shopping cart sent from the buyer computer to the shopping cart computer | A message containing an authenticator based on a cryptographic key, whose authentication indicates that the user has authority to modify a shopping cart |
| To record information pertaining to purchase transaction records in a database | Term does not require construction and should be given its plain and ordinary meaning. | To store purchase transaction records in the settlement database | |
| Transaction detail document | *Term does not require construction and should be given its plain and ordinary meaning*<br><br>*Alternatively*:<br><br>Document concerning transaction details | A document created by the shopping cart / payment computer containing transaction details | |

4

**EXHIBIT A – DISPUTED CLAIM TERMS**

| '314 and '492 Patents – Claim Terms | Soverain's Proposed Construction | Defendants' First Proposal | Defendants' Second Proposal |
|---|---|---|---|
| Transaction details | *Term does not require construction and should be given its plain and ordinary meaning*<br><br>*Alternatively:*<br><br>details relating to a transaction | Details stored in a settlement database including transaction date, end of duration time ("expiration"), a description of the product, the payment amount, the domain corresponding to the product, an identification of the merchant, and the merchant's address | |
| Universal resource locator | The global address of documents and other resources on the Worldwide Web, also known as URL | Uniform resource locator (URL): An address for a resource on the Internet | |
| User | Term does not require construction and should be given its plain and ordinary meaning | Buyer | |

\* Exhibit C identifies the specific Defendants who have proposed the alternative constructions, for instances where the Defendants proposed more than one construction.

**EXHIBIT A – DISPUTED CLAIM TERMS**

| '639 Patent Claim Terms | Soverain's Proposed Construction | Defendants' First Proposal | Defendants' Second Proposal | Defendants' Third Proposal* |
|---|---|---|---|---|
| Appending the stored session identifier to each of the subsequent distinct requests | tagging, adding, affixing or supplementing the stored session identifier to each of the subsequent distinct requests<br><br>Where "session identifier" means "a text string that identifies a session" | Tagging the stored session identifier to the address/URL of each of the subsequent distinct requests | | |
| Durable product | physical product | A product that has a useful life of three or more years, such as motor vehicles, furniture, construction materials, machinery and equipment (including household-type appliances), metals and minerals (except petroleum), sporting goods, toys and hobby goods, recyclable materials, and parts. Does not include cosmetics, food, cleaning products, fuel, office supplies, packaging and containers, paper and paper products, personal products, rubber, plastics, textiles, clothing, and footwear. | | |

**EXHIBIT A – DISPUTED CLAIM TERMS**

| '639 Patent Claim Terms | Soverain's Proposed Construction | Defendants' First Proposal | Defendants' Second Proposal | Defendants' Third Proposal* |
|---|---|---|---|---|
| A service request to which a session identifier stored at the client has been appended by the client | *Term does not require construction and should be given its plain and ordinary meaning*<br><br>*Alternatively:*<br><br>A service request with which the client includes a session identifier stored at the client<br><br>Where "session" means "a series of requests and responses to perform a complete task or set of tasks between a client and a server system"<br><br>Where "session identifier" means "a text string that identifies a session" | A service request that includes an address/URL to which a session identifier stored at the client has been tagged by the client | | |
| Servicing the service request if the appended session identifier is valid | Term does not require construction and should be given its plain and ordinary meaning<br><br>Where "session" means "a series of requests and responses to perform a | Returning a resource associated with the address identified in the request only if the session identifier is validated | | |

**EXHIBIT A – DISPUTED CLAIM TERMS**

| '639 Patent Claim Terms | Soverain's Proposed Construction | Defendants' First Proposal | Defendants' Second Proposal | Defendants' Third Proposal* |
|---|---|---|---|---|
| | complete task or set of tasks between a client and a server system"<br><br>Where "session identifier" means "a text string that identifies a session" | | | |
| Session identifier | a text string that identifies a session | A text string that identifies a session and contains sufficient information to validate that a request is authorized | | |
| Session identifier appended to the service request / appended session identifier | *Term does not require construction and should be given its plain and ordinary meaning*<br><br>*Alternatively:*<br><br>Session identifier included with the service request<br><br>Where "session" means "a series of requests and responses to perform a complete task or set of tasks between a client and a server system" | Session identifier tagged to the address/URL of the service request | | |

**EXHIBIT A – DISPUTED CLAIM TERMS**

| '639 Patent Claim Terms | Soverain's Proposed Construction | Defendants' First Proposal | Defendants' Second Proposal | Defendants' Third Proposal* |
|---|---|---|---|---|
| | Where "session identifier" means "a text string that identifies a session" | | | |
| Stored session identifier | a stored text string that identifies a session<br><br>Where "session" means "a series of requests and responses to perform a complete task or set of tasks between a client and a server system" | A session identifier that is recorded in computer storage without other information, excluding storage in standard browser formats common to the Web on or before June 7, 1995 | A session identifier that is recorded by a special browser without other information.<br><br>The special browser may not implement standard browser formats common to the Web on or before June 7, 1995. | ordinary meaning / no construction necessary |
| Validating the session identifier appended to the service request | determining the validity of the appended session identifier<br><br>Where "session" means "a series of requests and responses to perform a complete task or set of tasks between a client and a server system"<br><br>Where "session identifier" means "a text string that identifies a session" | Verifying that the appended session identifier received from the client is the session identifier previously returned to that client | | |

**EXHIBIT A – DISPUTED CLAIM TERMS**

\* Exhibit C identifies the specific Defendants who have proposed the alternative constructions, for instances where the Defendants proposed more than one construction.

**EXHIBIT B**

## LIST OF SOURCES FOR EXTRINSIC EVIDENCE

**Identification of Extrinsic Evidence**

In addition to the following extrinsic sources, Soverain may rely on extrinsic evidence disclosed in the P. R. 4-2 and 4-3 statements produced in the Amazon and CDW litigations, and produced in this action at Bates SVN3-1284784 – SVN3-1284795 and SVN3-0072273 – SVN30072359.

1.      American Heritage Dictionary, Dell Publishing, New York, New York, Third Edition, 1994 ("American Heritage") (SVN3-0072339 – SVN3-0072348).

2.      Merriam-Webster's Collegiate Dictionary, Ninth Edition, Merriam-Webster, Inc., Springfield, Massachusetts, 1990 ("Webster's") (SVN3-0072349 – SVN3-0072359).

3.      IEEE Standard Dictionary of Electrical and Electronics Terms, Fifth Edition, IEEE Std 100-1992, Published by the Institute of Electrical and Electronics Engineers, Inc. ("IEEE 5th Ed.") (SVN3-0072309 – SVN3-0072316).

4.      IEEE Standard Dictionary of Electrical and Electronics Terms, Sixth Edition, IEEE Std 100-1996, Published by the Institute of Electrical and Electronics Engineers, Inc. ("IEEE 6th Ed.") (SVN3-0072317 – SVN3-0072324).

5.      Microsoft Press Computer Dictionary, Third Edition, Microsoft Press, 1997 ("Microsoft") (SVN3-0072328 – SVN3-0072338).

6.      Dictionary of Banking Terms, Second Edition, Barron's Educational Series, Inc.; Hauppague, New York, 1993 ("Banking Terms") (SVN3-0072325 – SVN3-0072327).

7.      Hypertext Transfer Protocol HTTP/1.0 Specifications, W3C Recommendation, Open Docs Library, 1998 ("HTTP Specifications")  (SVN3-1284669 – SVN3-1284673).

8.      McGraw-Hill Encyclopedia of Networking and Telecommunications, The McGraw-Hill Companies, 2001 ("McGraw Hill") ( SVN3-1284681 – SVN3-1284687).

9.      FOLDOC – Free On-Line Dictionary of Computing, various dates, SVN3-1284764 – SVN3-1284771, and located at http://foldoc.org/ ("FOLDOC") .

10.      *Soverain Software LLC v. Amazon.com, Inc.*, 6:04cv14, Dkt. 245, slip op. (E.D. Tex. April 7, 2005) ("*Amazon* Markman Order") (SVN3-0072273 – SVN3-0072308).

11.      *Soverain Software LLC v. CDW Corp., et al.*, 6:07cv511, Dkt. 214, slip op. (E.D. Tex. May 28, 2009) ("*CDW* Markman Order") (SVN3-1284971  SVN3-1284976).

12.      Glossary – BBN Technologies, located at http://www.bbn.com/utility/glossary ("BBN").

13.      IBM Dictionary of Computing, Tenth Edition, McGRAW-HILL, Inc., 1993 ("IBM") (SVN3-0072419-SVN30072427).

**SOVERAIN'S PROPOSED CLAIM CONSTRUCTIONS AND SUPPORT**

| | U.S. Patent Nos. 5,715,314 and 5,909,492 | | | |
|---|---|---|---|---|
| | Claim Term, Phrase, or Clause and Patent(s) and Claim(s) in which it appears | Soverain's Proposed Construction | Intrinsic Support | Extrinsic Evidence[1] |
| 1 | Activation of the transaction detail hypertext link<br><br>'492 Patent:<br>Claims 15, 16 | Term does not require construction and should be given its plain and ordinary meaning | '314/'492 Disclosure[2]<br>Col. 1, ll. 17 - 23<br>Col. 3, ll. 19 – 34<br>Col. 8, l. 64 – Col. 9, l. 2<br>Col. 9, ll. 3 – 25, 26 – 30, 59 – 63<br>FIG. 2<br>Appendix C<br><br>'492 Claims<br>15, 16<br><br>'424 Disclosure[3]<br>Throughout specification | *Amazon* Markman Order<br><br>Microsoft at 240<br><br>IEEE 6th Ed. at 496 |

---

[1]   Soverain reserves the right to use evidence identified in defendants' P.R. 4-2 submissions dated July 2, 2010 to rebut defendants' proposed claim constructions.  Soverain's P.R. 4-2 submission of the same date and the exhibits thereto are incorporated herein by reference.

[2]   U.S. Pat. No. 5,715,314 ("'314 patent") and U.S. Pat. No. 5,909,492 ("'492 patent") share the same specification.  The column-and-line citations refer to the '314 patent, even if the construed term appears only in the '492 patent.

[3]   The '314 patent incorporates U.S. App. No. 09/168,519, later abandoned, by reference.  A continuation of that application, U.S. App. No. 08/563,745, issued as U.S. Pat. No. 5,724,424 ("'424 patent").  For convenience, reference is made to columns and lines of the '424 patent instead of U.S. App. No. 09/168,519.

SOVERAIN'S PROPOSED CLAIM CONSTRUCTIONS AND SUPPORT

| U.S. Patent Nos. 5,715,314 and 5,909,492 | | | |
|---|---|---|---|
| | Claim Term, Phrase, or Clause and Patent(s) and Claim(s) in which it appears | Soverain's Proposed Construction | Intrinsic Support | Extrinsic Evidence[1] |
| 2 | at least one of the server computers being programmed to record information pertaining to purchase transaction records in a database<br><br>'492 patent:<br>Claim 15 | Term does not require construction and should be given its plain and ordinary meaning<br><br>Where "being programmed" means "containing a set of instructions for…"  See Soverain's Proposed Construction for "being programmed." | '314/'492 Disclosure<br>Figs. 4, 11-13<br>Col. 6, l. 60 – Col. 7, l. 30<br>Col. 8, l. 32 – Col. 9, l. 50<br><br>'492 Claims<br>39-73 | Microsoft at p. 384<br><br>IEEE 5th Ed. at p. 1013<br><br>IEEE 6th Ed. at p. 825<br><br>American Heritage at p. 661<br><br>Webster's (1990) at p. 940 |
| 3 | Being programmed<br><br>'314 Patent:<br>Claims 34, 39<br><br>'492 Patent:<br>Claims 15, 16, 17, 18, 35, 36 | Term does not require construction and should be given its plain and ordinary meaning<br><br>Alternatively,<br><br>Containing a set of instructions for . . . | '314/'492 Disclosure<br>FIGS. 2A – 2I, 3A – 3B, 4A – 4C<br>Col. 1, ll. 17 - 23<br>Summary of the Invention<br>Col. 4, ll. 46 – 50<br>Col. 9, l. 51 – Col. 10, l. 20<br>Col. 10, ll. 27 – 31<br>Appendices A – G<br><br>'314 Claims<br>1, 32, 33, 34, 39, 40, 48 | Microsoft at p. 384<br><br>IEEE 5th Ed. at p. 1013<br><br>IEEE 6th Ed. at p. 825<br><br>American Heritage at p. 661<br><br>Webster's (1990) at p. 940 |

SOVERAIN'S PROPOSED CLAIM CONSTRUCTIONS AND SUPPORT

| U.S. Patent Nos. 5,715,314 and 5,909,492 | | | |
|---|---|---|---|
| | Claim Term, Phrase, or Clause and Patent(s) and Claim(s) in which it appears | Soverain's Proposed Construction | Intrinsic Support | Extrinsic Evidence[1] |
| | | | '492 Claims<br>1, 6, 10, 11, 15-20, 30, 31, 33, 35-37<br><br>'424 Disclosure<br>Col. 5, l. 60 – Col. 6, l. 2 | |
| 4 | Buyer computer for operation by a user [desiring to buy products]<br><br>'314 patent:<br>claims 34, 39<br><br>'492 patent:<br>claims 17, 18, 35, 36 | Term does not require construction and should be given its plain and ordinary meaning<br><br>Alternatively:<br><br>A computer for operation by a user desiring to buy products<br><br>Where "computer" means "a functional unit that can perform substantial computation, including numerous arithmetic operations, or logic | '314/'492 Disclosure<br>Abstract<br>FIG. 1<br>Col. 1, ll. 17 – 23<br>Col. 2, ll. 19 – 42<br>Col. 3, ll. 38 – 56<br>Col. 10, ll. 27 – 31<br><br>'314 Claims<br>34, 39<br><br>'492 Claims<br>17, 18, 35, 36<br><br>'424 Disclosure<br>Abstract<br>FIG. 1<br>Col. 5, l. 60 – Col. 6, l. 2 | *Amazon* Markman Order<br><br>IEEE 5th Ed. at p. 230<br><br>IEEE 6th Ed. at p. 192 |

SOVERAIN'S PROPOSED CLAIM CONSTRUCTIONS AND SUPPORT

| U.S. Patent Nos. 5,715,314 and 5,909,492 | | | |
|---|---|---|---|
| | Claim Term, Phrase, or Clause and Patent(s) and Claim(s) in which it appears | Soverain's Proposed Construction | Intrinsic Support | Extrinsic Evidence[1] |
| | | operations without human intervention" | | |
| 5 | [Cause/causes] [the/said] payment message to be activated<br><br>'314 patent<br>Claim 34, 39, 109, 134<br><br>'492 patent<br>Claims 17, 18, 35, 36 | Term does not require construction and should be given its plain and ordinary meaning<br><br>Alternatively:<br><br>[Cause/causes] an action associated with [the/said] payment message<br><br>Where "payment message" means "a message relating to a payment for one or more products" | '314/'492 Disclosure<br>FIG. 3B<br>Col. 5, l. 26- Col. 7, l. 30<br>Col. 8, ll. 23 – 31<br>Col. 9, l. 51- Col. 10, l. 19<br><br>'314 Claims<br>34, 39, 109, 134<br><br>'492 Claims<br>17, 18, 35, 36 | *CDW* Markman Order |
| 6 | Client computer for operation by a client user<br><br>'492 patent | Term does not require construction and should be given its plain and | '314/'492 Disclosure<br>Cols. 1:51-3:56<br><br>'492 Claims | FOLDOC at *client* (1997). |

5

**SOVERAIN'S PROPOSED CLAIM CONSTRUCTIONS AND SUPPORT**

| U.S. Patent Nos. 5,715,314 and 5,909,492 | | | |
|---|---|---|---|
| | Claim Term, Phrase, or Clause and Patent(s) and Claim(s) in which it appears | Soverain's Proposed Construction | Intrinsic Support | Extrinsic Evidence[1] |
| | Claims 15, 16 | ordinary meaning<br><br>Alternatively:<br><br>A computer capable of requesting a service of another computer or computer system | 6, 10, 15, 16, 40,<br><br>'314 Claims<br>40, 48 | |
| 7 | Collection [of products]<br><br>'314 patent:<br>claims 34, 39<br><br>'492 patent:<br>claims 17, 18, 35, 36 | Zero, one or more [products] | '314/'492 Disclosure<br>Col. 7, l. 55 – Col. 8, l. 2<br><br>'314 Claims<br>34, 39<br><br>'492 Claims<br>17, 18, 35, 36 | *Amazon* Markman Order |
| 8 | Computer<br><br>'314 patent:<br>Claims 34, 39<br><br>'492 patent:<br>15, 17, 18, 35, 36 | A functional unit that can perform substantial computation, including numerous arithmetic operations, or logic operations without human intervention | '314/'492 Disclosure<br>Throughout specification, figures and claims<br><br>'314 Claims<br>34, 35, 36, 39, 109, 134<br><br>'492 Claims<br>15, 17, 18, 35, 36, 40 | *Amazon* Markman Order<br><br>IEEE 5th Ed. at 230<br><br>IEEE 6th Ed. at 192<br><br>Microsoft at 108, 384<br><br>US. Pat. No. 5,724,424. |

**SOVERAIN'S PROPOSED CLAIM CONSTRUCTIONS AND SUPPORT**

| | U.S. Patent Nos. 5,715,314 and 5,909,492 | | | |
|---|---|---|---|---|
| | Claim Term, Phrase, or Clause and Patent(s) and Claim(s) in which it appears | Soverain's Proposed Construction | Intrinsic Support | Extrinsic Evidence[1] |
| | | | '492 File History<br>Paper 2 (07/06/98)<br>Paper 5 (10/06/98) | |
| 9 | Message<br><br>'314 patent:<br>Claims 34, 35, 39<br><br>'492 Patent<br>Claims 17, 18, 35, and 36 | A unit of information sent electronically | '314/'492 Disclosure<br>Throughout specification, figures and claims, *see e.g.,* col. 9, 1.51 to col. 10, 1.8<br><br>'314 Claims<br>34, 35, 39<br><br>'492 Claims<br>17, 18, 35, 36 | *Amazon* Markman Order<br><br>IEEE 6th Ed. at 647.<br><br>Microsoft at 304.<br><br>HTTP Specifications at 2, 19. |
| 10 | Network-based sales system<br><br>'314 patent:<br>Claim 34<br><br>'492 patent:<br>Claims 17, 35 | This term appears only in preambles of the asserted claims and is not limiting. Therefore, it does not require construction | '314/'492 Disclosure<br>Throughout specification and claims. | |
| 11 | Payment computer<br><br>'492 patent:<br>Claim 40 | A computer processing payment information | '314/'492 Disclosure<br>Throughout the specification<br>Col. 10, ll. 27 – 31<br>FIG. 2A – G | *Amazon* Markman Order<br><br>U.S. Pat. 5,724,424 |

**SOVERAIN'S PROPOSED CLAIM CONSTRUCTIONS AND SUPPORT**

| | Claim Term, Phrase, or Clause and Patent(s) and Claim(s) in which it appears | Soverain's Proposed Construction | Intrinsic Support | Extrinsic Evidence[1] |
|---|---|---|---|---|
| | | | **U.S. Patent Nos. 5,715,314 and 5,909,492** | |
| | | | FIG. 3A – B<br>FIG. 4A – C<br><br>'424 Disclosure<br>FIG. 1<br>FIG. 6-7<br>FIG. 12-16<br>Throughout the specification<br><br>'492 Claims<br>40 | |
| 12 | Payment message<br><br>'314 patent:<br>claims 34, 35, 39, 109, 134<br><br>'492 patent:<br>claims 17, 18, 35, 36 | a message relating to a payment for one or more products | '314/'492 Disclosure<br>FIGS. 2A – 2I, 3A – 3B<br>Abstract,<br>Col 1, ll. 55-59;<br>Col. 2, ll. 32 – 42<br>Col. 3, ll. 38 – 51<br>Col. 9, l. 51 – Col. 10, ll. 1, 27-31,<br>Col. 10, ll. 27 – 31<br><br>'314 Claims<br>1, 7, 8, 12, 33, 34, 39, 87, 147<br><br>'492 Claims<br>11, 13, 17, 18, 35, 36 | *Amazon* Markman Order |

**SOVERAIN'S PROPOSED CLAIM CONSTRUCTIONS AND SUPPORT**

| U.S. Patent Nos. 5,715,314 and 5,909,492 | | | | |
|---|---|---|---|---|
| | Claim Term, Phrase, or Clause and Patent(s) and Claim(s) in which it appears | Soverain's Proposed Construction | Intrinsic Support | Extrinsic Evidence[1] |
| 13 | Plurality[4] <br><br> '314 Patent: <br> Claims 34, 36, 39 <br><br> '492 Patent <br> Claims 17, 18, 35, 36 | Term does not require construction and should be given plain and ordinary meaning | '314/'492 Disclosure <br> Col. 2 l. 19-42 <br><br> '314 Claims <br> 34, 36, 38, 39, 144 <br><br> '492 Claims <br> 1, 5, 6, 17, 18, 35, 36, 37, 38 | |
| 14 | Plurality of products added to . . . shopping cart / [Add a] plurality of respective products to a shopping cart <br><br> '314 patent: <br> claims 34, 36, 39 <br><br> '492 patent: <br> claim 17, 18, 35, 36 | product identifiers which are added to an instance of a shopping cart in the shopping cart database / [add] identifiers of respective products to an instance of a shopping cart | '314/'492 Disclosure <br> Col. 2, ll. 19 – 42 <br> Col. 5, ll. 5 – 15 <br> Col. 7, ll. 55 – 59 <br> Col. 10, ll. 27 – 31 <br><br> '314 Claims <br> 34, 36, 38, 39 <br><br> '492 Claims <br> 17, 18, 35, 36 | *Amazon* Markman Order |

---

[4]  The term "plurality" appears in different contexts in the asserted claims, and it is not clear in what context Defendants are requesting construction of this term.  In addition, the Court has already construed "plurality" in the term "plurality of products added"/ "[add a] plurality of respective products to a shopping cart" as "product identifiers which are added to an instance of a shopping cart." The Court also held that the adopted construction "determines which products are included in the 'plurality of products' as those items that are in the shopping cart when the determination is made."  *Amazon* Markman Order at 20.

**SOVERAIN'S PROPOSED CLAIM CONSTRUCTIONS AND SUPPORT**

| | U.S. Patent Nos. 5,715,314 and 5,909,492 | | | |
|---|---|---|---|---|
| | Claim Term, Phrase, or Clause and Patent(s) and Claim(s) in which it appears | Soverain's Proposed Construction | Intrinsic Support | Extrinsic Evidence[1] |
| 15 | Product<br><br>'314 patent:<br>Claims 34, 36, 39<br><br>'492 patent<br>Claims 17, 18, 35, 36<br><br>'639 patent<br>Claims 65, 68 | Term does not require construction and should be given plain and ordinary meaning<br><br>Alternatively:<br><br>Anything that can be advertised, sold and provided to a purchaser. | '314/'492 Disclosure<br>Col. 1 l. 25- Col. 2 l. 42<br>Col. 2 l. 66-Col 3 l. 37<br>Col. 4 l. 34- Col 5 l. 4<br>Col 7 l. 39- Col. 8 l. 65<br>Col. 9 ll. 41-49<br><br>'639 Disclosure<br>Col. 8 ll. 27-50<br>Col 9 ll. 33-40<br><br>'314 Claims<br>32, 33, 34, 36, 39, 41, 43, 44, 45,<br><br>'492 Claims<br>1, 5, 6, 10, 17, 18, 20, 30, 31, 35, 36, 37, 38<br><br>'639 Claims<br>60, 62, 65, 66, 67, 68 | Microsoft at p. 383. |
| 16 | Purchase transaction records<br><br>'492 patent:<br>Claims 15 | Term does not require construction and should be given plain and ordinary meaning<br><br>Alternatively: | '314/'492 Disclosure<br>FIG. 11, 12, 13<br> Col. 3, ll. 19 – 56, 61-63<br>Col. 5, ll. 5 – 15<br>Col. 8, ll. 13 – 37<br>Col. 8, l. 59 – Col. 9, l. 19<br>Col. 10, ll. 27 – 31 | |

**SOVERAIN'S PROPOSED CLAIM CONSTRUCTIONS AND SUPPORT**

| | U.S. Patent Nos. 5,715,314 and 5,909,492 | | | |
|---|---|---|---|---|
| | Claim Term, Phrase, or Clause and Patent(s) and Claim(s) in which it appears | Soverain's Proposed Construction | Intrinsic Support | Extrinsic Evidence[1] |
| | | Information pertaining to user purchases | '492 Claims<br>10, 11, 13, 15, 16<br><br>'492 File History<br>Amendment dated 10/06/98. | |
| 17 | Shopping cart computer<br><br>'314 patent:<br>claims 34, 35, 39, 84, 109, 134, 144<br><br>'492 patent:<br>claims 17, 18, 35, 36 | A computer processing data associated with one or more shopping carts | '314/'492 Disclosure<br>FIGS. 3A – 3B<br>Col. 1, ll. 18 - 47<br>Col. 2, ll. 19 – 42<br>Col. 4, ll. 35 – 45<br>Col. 5, ll. 5 – 15<br>Col. 7, l. 55 – Col. 8, l. 31<br>Col. 10, ll. 27 – 31<br>Appendices F, G<br>'314 Claims<br>1-33, 34, 35, 39, 49, 74, 84 – 109, 134, 144 - 168<br><br>'492 Claims<br>17, 18, 35, 36<br><br>'314 File History Amendment, 12/19/96 | *Amazon* Markman Order. |

## SOVERAIN'S PROPOSED CLAIM CONSTRUCTIONS AND SUPPORT

| U.S. Patent Nos. 5,715,314 and 5,909,492 | | | |
|---|---|---|---|
| | Claim Term, Phrase, or Clause and Patent(s) and Claim(s) in which it appears | Soverain's Proposed Construction | Intrinsic Support | Extrinsic Evidence[1] |
| 18 | Shopping cart message<br><br>'314 patent:<br>claims 34, 39, 84, 144<br><br>'492 patent:<br>claims 17, 18, 35, 36 | a message concerning a shopping cart<br><br>where "shopping cart" means "a stored representation of a collection of products" | '314/'492 Disclosure<br>FIGS. 3A – 3B<br>Col. 2, ll. 19 – 42<br>Col. 9, l. 51 – Col. 10, l. 20 Col. 10, ll. 27 – 31<br><br>'314 Claims<br>34, 39, 60 – 73, 84, 120 – 133, 144<br><br>'492 Claims<br>17, 18, 35, 36 | *Amazon* Markman Order<br><br>'639 Disclosure<br>Col. 3, l. 54 – Col. 4, l. 21<br><br><br>IEEE 6th Ed. at 647<br>Microsoft at 304<br>HTTP Specifications at 2, 19 |
| 19 | to record information pertaining to purchase transaction records in a database<br><br>'492 Patent:<br>Claims 15 | Term does not require construction and should be given plain and ordinary meaning. | '314/'492 Disclosure<br>Col. 3, ll. 19 – 56.<br><br><br>'492 Patent Claims<br>6, 11, 15 | |
| 20 | Transaction detail document<br><br>'492 patent<br>Claims 15, 16, 66 | Term does not require construction and should be given its plain and ordinary meaning<br><br>Alternatively: | '314/'492 Disclosure<br>FIG. 12<br>FIG. 13<br>Col. 9, ll. 19 – 26<br><br>'492 Claims<br>15, 16, 66, 69, 71, 72, 101, 104, 106, 107 | |

**SOVERAIN'S PROPOSED CLAIM CONSTRUCTIONS AND SUPPORT**

| | U.S. Patent Nos. 5,715,314 and 5,909,492 | | | |
|---|---|---|---|---|
| | Claim Term, Phrase, or Clause and Patent(s) and Claim(s) in which it appears | Soverain's Proposed Construction | Intrinsic Support | Extrinsic Evidence[1] |
| | | Document concerning transaction details | '492 File History<br><br>10/2/1998 Amendment, p. 18. | |
| 21 | transaction details<br><br>'492 patent:<br>Claim 15 | Term does not require construction and should be given its plain and ordinary meaning<br><br>Alternatively:<br><br>details relating to a transaction | '314/'492 Disclosure<br>Figs. 4, 11-13<br>Col. 6, l. 60 – Col. 7, l. 30<br>Col. 8, l. 32 – Col. 9, l. 50<br><br>'492 Claims<br>39-73, 95-98 | *Amazon* Markman Order |
| 22 | Universal resource locator<br><br>'492 patent;<br>Claims 17, 18 | The global address of documents and other resources on the Worldwide Web, also known as URL | '314/'492 Disclosure<br>FIG. 2<br>Col. 2, ll. 28 – 30<br>Col. 5, ll. 16 - 21<br>Col. 9, ll. 51 – 63<br>Col. 10, ll. 16 – 18<br>Appendix C, D<br><br>'314 Claims<br>2, 46, 61, 62, 63, 64, 65, 66, 67, 69, 70, 72, 77, 90, 91, 92, 93, 94, 95, 105, 106, 108, 120, 121, 122, | Microsoft at 238, 256, 487, 499 |

13

**SOVERAIN'S PROPOSED CLAIM CONSTRUCTIONS AND SUPPORT**

| | U.S. Patent Nos. 5,715,314 and 5,909,492 | | | |
|---|---|---|---|---|
| | Claim Term, Phrase, or Clause and Patent(s) and Claim(s) in which it appears | Soverain's Proposed Construction | Intrinsic Support | Extrinsic Evidence[1] |
| | | | 123, 124, 125, 126, 127, 129, 130, 132, 138, 148, 150, 151, 152, 154, 155, 165, 166, 168<br><br>'492 Claims<br>17, 18, 41, 42, 44, 53, 55, 58, 59, 63, 64, 67, 68, 76, 77, 79, 88, | |
| 23 | User<br><br>'314 patent:<br>Claims 34, 36, 39<br><br>'492 patent:<br>Claims 15, 16, 17, 18, 35, 36, 92, 95, 96 | Term does not require construction and should be given its plain and ordinary meaning | '314/'492 Disclosure<br>Abstract<br>Col. 1, ll. 50-54<br>Col. 2, ll. 19-42<br>Col. 2, ll. 43-46<br>Col. 3, ll. 19-22.<br><br>'314 Claims<br>34, 36, 39, 40, 48<br><br>'492 Claims<br>15, 16, 17, 18, 35, 36, 92, 95, 96 | |

SOVERAIN'S PROPOSED CLAIM CONSTRUCTIONS AND SUPPORT

| U.S. Patent No. 6,272,639 | | | |
|---|---|---|---|
| | Claim Term, Phrase, or Clause and Patent(s) and Claims in which it appears | Soverain's Proposed Construction | Intrinsic Support | Extrinsic Evidence |
| 24 | Appending the stored session identifier to each of the subsequent distinct requests<br><br>'639 patent:<br>Claim 1 | tagging, adding, affixing or supplementing the stored session identifier to each of the subsequent distinct requests<br><br>Where "session" means "a series of requests and responses to perform a complete task or set of tasks between a client and a server system"<br><br>Where "session identifier" means "a text string that identifies a session" | '639 Disclosure<br>FIGS. 2A, 2B, 3, 6 throughout the specification *see, e.g.,*<br>Abstract<br>Summary of the Invention<br>Col. 1, l. 48 – Col. 2, l. 39<br>Col. 2, ll. 9 – 14<br>Col. 3, l. 6 – Col. 4, l. 30<br>Col. 5, ll. 42 – 65<br>Col. 6, l. 35 – Col. 7, l. 13<br>Col. 7, l. 22 – Col. 9, l. 65<br>Col. 10, ll. 19 – 23<br><br>'639 Claims<br>1, 10, 47, 63, 78, 79<br><br>'639 File History<br>Amendment, 12/28/01, at 4 – 5, 7<br>Amendment, 10/19/06 and attached 1.131 declaration | *See Amazon* Markman Order<br><br>IEEE 6th Ed. at p. 1049<br><br>Microsoft at pp. 26, 243, 450<br><br>American Heritage at pp. 40, 800 – 01<br><br>Webster's (1990) at p. 96<br><br>HTTP Specifications.<br><br>IBM at pp. 323 – 24<br><br>FOLDOC at *session*.<br><br>BBN at *session identifier*. |
| 25 | Durable product<br><br>'639 patent<br>Claim 68 | physical product | '639 Claims<br>68 | *CDW* Markman Order<br><br>'314/'492 Disclosure<br><br>Col. 4, ll. 50 – 60 |

SOVERAIN'S PROPOSED CLAIM CONSTRUCTIONS AND SUPPORT

| U.S. Patent No. 6,272,639 | | | |
|---|---|---|---|
| | Claim Term, Phrase, or Clause and Patent(s) and Claims in which it appears | Soverain's Proposed Construction | Intrinsic Support | Extrinsic Evidence |
| | | | | |
| 26 | A service request to which a session identifier stored at the client has been appended by the client<br><br>'639 patent<br>Claims 78, 79 | Term does not require construction and should be given its plain and ordinary meaning<br><br>Alternatively:<br><br>A service request with which the client includes a session identifier stored at the client<br><br>Where "session" means "a series of requests and responses to perform a complete task or set of tasks between a client and a server system" | '639 Disclosure<br>FIGS. 2A, 2B, 3 throughout the specification *see, e.g.*,<br>Summary of the Invention<br>Abstract<br>Col. 2, ll. 9 – 14<br>Col. 3, l. 6 – Col. 4, l. 30<br>Col. 6, l. 35 – Col. 7, l. 13<br>Col. 7, ll. 52 – 67<br>Col. 8, ll. 1 – 4<br>Col. 8, ll. 27 – Col. 9, l. 6<br>Col. 10, ll. 19 – 23<br><br>'639 File History<br>Amendment, 12/28/2001, at 4 – 5<br><br>'639 Claims<br>1, 10, 47, 63, 78, 79 | *Amazon* Markman Order<br><br>IBM at pp. 323 – 24<br><br>FOLDOC at *session*.<br><br>Microsoft at pp. 243<br><br>BBN at *session identifier*. |

**SOVERAIN'S PROPOSED CLAIM CONSTRUCTIONS AND SUPPORT**

| U.S. Patent No. 6,272,639 | | | |
|---|---|---|---|
| | Claim Term, Phrase, or Clause and Patent(s) and Claims in which it appears | Soverain's Proposed Construction | Intrinsic Support | Extrinsic Evidence |
| | | Where "session identifier" means "a text string that identifies a session" | | |
| 27 | Servicing the service request if the appended session identifier is valid<br><br>'639 patent<br>Claims 78, 79 | Term does not require construction and should be given its plain and ordinary meaning<br><br>"Session" means "a series of requests and responses to perform a complete task or set of tasks between a client and a server system"<br><br>"Session identifier" means "a text string that identifies a session" | '639 Disclosure<br>FIGS. 2A, 2B, 3<br>throughout the specification *see, e.g.,*<br>Summary of the Invention<br>Abstract<br>Col. 2, ll. 9 – 14<br>Col. 3, l. 6 – Col. 4, l. 30<br>Col. 6, l. 35 – Col. 7, l. 13<br>Col. 7, ll. 52 – 67<br>Col. 8, ll. 1 – 4<br>Col. 8, ll. 27 – Col. 9, l. 6<br>Col. 10, ll. 19 – 23<br><br>'639 File History<br>Amendment, 12/28/2001, at 4 – 5<br><br>'639 Claims<br>1, 10, 47, 63, 78, 79 | *Amazon* Markman Order<br><br>IBM at pp. 323 – 24<br><br>FOLDOC at *session*.<br><br>Microsoft at pp. 243<br><br>BBN at *session identifier*. |

**SOVERAIN'S PROPOSED CLAIM CONSTRUCTIONS AND SUPPORT**

| U.S. Patent No. 6,272,639 | | | |
|---|---|---|---|
| | Claim Term, Phrase, or Clause and Patent(s) and Claims in which it appears | Soverain's Proposed Construction | Intrinsic Support | Extrinsic Evidence |
| 28 | Session identifier<br><br>'639 patent:<br>Claims 1, 10, 78, 79 | a text string that identifies a session<br><br>Where "session" means "a series of requests and responses to perform a complete task or set of tasks between a client and a server system" | '639 Disclosure<br>FIGS. 2A, 2B, 3<br>throughout the specification *see, e.g.*,<br>Abstract<br>Col. 3, l. 6 – Col. 4, l. 30<br>Col. 8, ll. 1 – 4<br>Col. 10, ll. 19 – 23<br><br>'639 File History Amendment, 12/28/2001, at 4 – 5<br><br>'639 Claims<br>1, 10, 47, 63, 78, 79 | *Amazon* Markman Order<br><br>Microsoft at pp. 243<br><br>Free On-Line Dictionary Of Computing, located at *http://foldoc.org/session*, 1997<br><br>session identifier, BBN Technologies – Glossary located at http://www.bbn.com/utility/glossary/S |
| 29 | Session identifier appended to the service request<br><br>'639 patent<br>Claims 78, 79 | Term does not require construction and should be given its plain and ordinary meaning<br><br>Alternatively:<br><br>Session identifier included with the service request | '639 Disclosure<br>FIGS. 2A, 2B, 3<br>throughout the specification *see, e.g.*,<br>Summary of the Invention<br>Abstract<br>Col. 2, ll. 9 – 14<br>Col. 3, l. 6 – Col. 4, l. 30<br>Col. 6, l. 35 – Col. 7, l. 13<br>Col. 7, ll. 52 – 67<br>Col. 8, ll. 1 – 4 | *Amazon* Markman Order<br><br>IBM at pp. 323 – 24<br><br>FOLDOC at *session*.<br><br>Microsoft at pp. 243<br><br>BBN at *session identifier*. |

**SOVERAIN'S PROPOSED CLAIM CONSTRUCTIONS AND SUPPORT**

| U.S. Patent No. 6,272,639 | | | | |
|---|---|---|---|---|
| | Claim Term, Phrase, or Clause and Patent(s) and Claims in which it appears | Soverain's Proposed Construction | Intrinsic Support | Extrinsic Evidence |
| | | Where "session" means "a series of requests and responses to perform a complete task or set of tasks between a client and a server system"<br><br>Where "session identifier" means "a text string that identifies a session" | Col. 8, ll. 27 – Col. 9, l. 6<br>Col. 10, ll. 19 – 23<br><br>'639 File History<br>Amendment, 12/28/2001, at 4 – 5<br><br>'639 Claims<br>1, 10, 47, 63, 78, 79 | |
| 30 | Stored session identifier<br><br>'639 patent:<br>Claim 1 | a stored text string that identifies a session<br><br>Where "session" means "a series of requests and responses to perform a complete task or set of tasks between a client and a server system" | '639 Disclosure<br>FIGS. 2A, 2B, 3<br>throughout the specification *see, e.g.,*<br>Summary of the Invention<br>Abstract<br>Col. 2, ll. 9 – 14<br>Col. 3, l. 6 – Col. 4, l. 30<br>Col. 6, l. 35 – Col. 7, l. 13<br>Col. 7, ll. 52 – 67<br>Col. 8, ll. 1 – 4<br>Col. 8, ll. 27 – Col. 9, l. 6 | *Amazon* Markman Order<br><br>IBM at pp. 323 – 24<br><br>FOLDOC at *session*.<br><br>Microsoft at pp. 243<br><br>BBN at *session identifier*. |

19

**SOVERAIN'S PROPOSED CLAIM CONSTRUCTIONS AND SUPPORT**

| U.S. Patent No. 6,272,639 | | | |
|---|---|---|---|
| | Claim Term, Phrase, or Clause and Patent(s) and Claims in which it appears | Soverain's Proposed Construction | Intrinsic Support | Extrinsic Evidence |
| | | Where "session identifier" means "a text string that identifies a session" | Col. 10, ll. 19 – 23<br><br>'639 File History Amendment, 12/28/2001, at 4 – 5<br><br>'639 Claims 1, 10, 47, 63, 78, 79 | |
| 31 | Validating the session identifier appended to the service request<br><br>'639 patent:<br>Claim 78 | determining the validity of the appended session identifier<br><br>Where "session identifier" means "a text string that identifies a session" and "session" means "a series of requests and responses to perform a complete task or set of tasks between a client and a server system" | '639 Disclosure FIGS. 2A, 2B, 3 throughout the specification see, e.g., Summary of the Invention Abstract Col. 2, ll. 9 – 14 Col. 3, l. 6 – Col. 4, l. 30 Col. 3, ll. 42 – 47 Col. 6, ll. 5 – 16 Col. 6, l. 35 – Col. 7, l. 13 Col. 7, ll. 52 – 67 Col. 8, ll. 1 – 4 Col. 8, ll. 27 – Col. 9, l. 6 Col. 10, ll. 19 – 23<br><br>'780 Disclosure Col. 43 – 46<br><br>'639 File History | *Amazon* Markman Order<br><br>IBM at pp. 323 – 24<br><br>FOLDOC at *session*.<br><br>BBN at *session identifier*.<br><br>Microsoft at pp. 243, 490<br><br>Webster's (1990) at p. 1302 |

20

SOVERAIN'S PROPOSED CLAIM CONSTRUCTIONS AND SUPPORT

| U.S. Patent No. 6,272,639 | | | |
|---|---|---|---|
| Claim Term, Phrase, or Clause and Patent(s) and Claims in which it appears | Soverain's Proposed Construction | Intrinsic Support | Extrinsic Evidence |
| | | Amendment, 12/28/01, at 4 – 5 Amendment, 10/19/06, and attached 1.131 declaration<br><br>'639 Claims<br>1, 10, 47, 63, 78, 79 | |

# Exhibit C
# Defendants' Proposed Claim
# Constructions and Support

In support of all proposed claim terms, Defendants reserve the right to rely on the following:

- Any portion of the patents in suit, their prosecution file histories, and their reexamination file histories (if any), including but not limited to any art identified therein.
- Any portion of the patent, file histories, or reexamination file histories of any patents related to the patents-in-suit, including but not limited to any art identified therein.
- Declaration testimony of Dr. Arthur Keller and/or Dr. Kevin Jeffay.  In the event Dr. Keller or Dr. Jeffay provides declaration testimony, the scope of the testimony will be limited to the meaning of the identified claim terms.
- Intrinsic and extrinsic evidence identified in the Amazon and Newegg cases.

Identification of particular portions of patents and file histories are meant to assist Soverain's understanding of proposed constructions and in no way limit Defendants' right to rely on other portions of the intrinsic record during any portion of the remaining claim construction proceedings.

| | U.S. Patent Nos. 5,715,314 and 5,909,492 (common terms) | |
|---|---|---|
| **Claim Term/Phrase** | **Defendants' Construction(s)** | **Support** |
| Network-based sales system<br><br>'314 claim 34; '492 claims 17 and 35 | A system that includes at least one buyer computer for operation by a user desiring to buy a product, at least one merchant computer, and at least one payment computer. The buyer computer, the merchant computer, and the payment computer are interconnected by a computer network.[1] | **Intrinsic Evidence:**<br>a.  '314 patent Abstract.<br>b.  '314 patent reexamination file history, Examiner's Statements,  Nov. 15, 2006, p. 10.<br>c.  '314 patent, col. 1, lines 50-55.<br>d.  '314 patent, col. 4, lines. 35-45.<br>e.  '492 Abstract.<br>f.  '492 patent reexamination file history, Examiner's Statements, Nov. 15, 2006, pp. 15 and 20.<br>g.  '492 patent, col. 1, lines.51-56.<br>h.  '492 patent, col. 4, lines. 35-45<br>i.  '314 patent claims 52-55, 85, 107, 108.<br><br>**Extrinsic Evidence:**<br>JMOL Order, Case No. 6:07-cv-511, Dkt No. 434, at p. 2 ("The '314 and '492 patents, both entitled "Network Sales System", are directed to a network-based sales system including at least one buyer computer, at least one merchant computer, and at least one payment computer, all interconnected by a computer network.")<br><br>Soverain Claim Construction brief, Case No. 6:04-cv-14, Dkt. No. 120, at p. 24 ("[T]he network sales system claimed in the '314 and '492 patents includes various computers (e.g., buyer computer, merchant comptuer, and payment computer).") |

---

[1] Construction proposed by defendants Vistaprint, Bidz, Avon, Victoria's Secret, JCP, HSN Defendants and QVC.  Amway proposes that no construction is necessary for this phrase.

| | U.S. Patent Nos. 5,715,314 and 5,909,492 (common terms) | |
|---|---|---|
| **Claim Term/Phrase** | **Defendants' Construction(s)** | **Support** |
| [Buyer computer] being programmed [to receive a plurality of requests from a user…]<br><br>'314 claims 34 and 39;<br>'492 claims 17, 18, 35, and 36 | (i) having been programmed with a sequence of instructions that can be executed by a computer<br><br>or<br><br>(ii) ordinary meaning / no construction necessary[2] | **Intrinsic Evidence:**<br>a.  '314 patent, Col. 4, lines 46-49: "Creation computer 20 is programmed to build a "store" of products for the merchant. A printout of a computer program for use in creating such a "store" in accordance with the present invention is provided as Appendix F."<br>b.  '314 patent, Col. 10, lines 20-25: "A printout of a computer program for use in creating and operating such a "store" in accordance with the present invention is provided as Appendix F. A printout of a computer program for use in operating other aspects of the network sales system in accordance with the present invention is provided in the microfiche appendix G."<br>c.  492 patent, col. 4, lines 46-49:  "Creation computer 20 is programmed to build a "store" of products for the merchant. A printout of a computer program for use in creating such a "store" in accordance with the present invention is provided as Appendix F."<br>d.  '492 patent, col. 10, lines 21-26:  "A printout of a computer program for use in creating and operating such a "store" in accordance with the present invention is provided as Appendix F. A printout of a computer program for use in operating other aspects of the network sales system in accordance with the present invention is provided in the microfiche appendix G."<br><br>**Extrinsic Evidence:**<br>a.  IBM Dictionary of Computing (McGraw-Hill, Inc., 10th Edition, 1994), definition of "program":<br>(1) A sequence of instructions suitable for processing by a computer. Processing may include the use of an assembler, a compiler, an interpreter, or a translator to prepare the program for execution, as well as to execute it. …<br>(4) A sequence of instructions that a computer can interpret and execute.<br>(5) A syntactic unit that conforms to the rules of a particular programming language composed of declarations and statements or instructions needed to solve a certain function, task, or problem. Synonymous with computer program.<br>b.  Microsoft Press Computer Dictionary (Microsoft Press, 2nd Edition, 1994) , definition of "program": Synonymous with software; a sequence of instructions that can be executed by a computer. The term can refer to the original source code or to the executable (machine language) version. The term program implies a degree of completeness; that is, a source code program comprises all statements and files necessary for complete interpretation or compilation, and an executable program can be loaded into a given environment and executed independently of other program. See also program creation, routine, statement.<br>c.  Definition of "program" (noun, number 9(b)) in Webster's Third New International Dictionary Unabridged, p. 1812<br>d.  Definition of "program" (verb, number 2(a)) in Webster's Third New International Dictionary Unabridged, p. 1812[3] |

---

[2] Defendants, except Amway, propose the first construction.  Amway proposes that no construction is necessary for this phrase.

| | U.S. Patent Nos. 5,715,314 and 5,909,492 (common terms) | |
|---|---|---|
| **Claim Term/Phrase** | **Defendants' Construction(s)** | **Support** |
| Buyer computer for operation by a user [desiring to buy products]<br><br>'314 claims 34 and 39; '492 claims 17, 18, 35, and 36 | (i) A physical personal computer for home-use to be used by a user-buyer<br><br>or<br><br>(ii) ordinary meaning / no construction necessary[4] | **Intrinsic Evidence:**<br>a. '314 patent col. 4, lines 36-37.<br>b. '314 patent reexamination Office Action mailed November 15, 2006, at 10-11 and at fn. 1.<br>c. '314 patent, FIG. 1.<br>d. '492 patent, col. 4, lines 36-37.<br>e. '492 patent reexamination Office Action mailed Nov. 15, 2006, pp. 15 and 20 and fn1 and 3.<br>f. '492 patent, FIG. 1. |

---

[3] See also Microsoft Dictionary of Computing, definition of "program": Noun – "a sequence of instructions that can be executed by a computer.  The term can refer to the original source code or to the executable (machine language) version.  Also called: software.  See also program creation, routine, statement" Verb – "To create a computer program, a set of instructions that a computer or other device executes to perform a series of actions or a particular type of work."

[4] Defendants, except Amway, propose the first construction.  Amway proposes that no construction is necessary for this phrase.

| U.S. Patent Nos. 5,715,314 and 5,909,492 (common terms) | | |
|---|---|---|
| **Claim Term/Phrase** | **Defendants' Construction(s)** | **Support** |
| Computer<br><br>'314 claims 34 and 39;<br>'492 claims 15, 16, 17, 18, 35, and 36 | A single computer | **Intrinsic Evidence:**<br>a. '314 patent: Abstract; col. 1, lines 18-35; col. 2, lines 19-42; col. 3 lines 19-37; col. 3, lines 59-60; col. 4, lines 35-45; col. 9, line 50 – col. 10, line 20; Fig. 1.<br><br>b. '492 patent: Abstract; col. 1, lines 18-35; col. 2, lines 21-44; col. 3 lines 20-38; col. 3, lines 59-60; col. 4, lines 35-45; col. 9, line 51 – col. 10, line 20; Fig. 1.<br><br>c. '492 patent prosecution history:  7/06/98 Office Action, at 2-3.<br><br>d. U.S. Patent No. 5,724,424: col. 4, lines 44-52 (purportedly incorporated by reference); col. 7, line 66 – col. 8, line 7; Figs. 1, 13; claims 1, 6, 38, 43, 45, 49-50, 52, 55.<br><br>e.<br><br>**Extrinsic Evidence:**<br>a. Webster's Third New International Dictionary, at 468 (1993)<br>b. The Computer Glossary, at 95-98, 499 (6th ed. 1993)<br>c. Webster's New World Dictionary of Computer Terms, at 69, 76 (4th ed. 1992)<br>d. Microsoft Press Computer Dictionary, at 75 (1991), AMW0026207<br>e. Microsoft Press Computer Dictionary, at 87, 380 (2nd ed. 1994)<br>f. Microsoft Press Computer Dictionary, at 108 (3rd ed. 1997)<br>g. Freedman, The Computer Desktop Encyclopedia, at 161-65 (1996)<br>h. '780 patent, claim 12<br>i. '780 patent prosecution history:  12/18/96 Office Action, at 10<br>j. Webster's II New College Dictionary, 1995, HSN00000973<br>k. McGraw-Hill Dictionary of Scientific and Techmical Terms, Fifth Edition, 1994, HSN00000975 |

| | | U.S. Patent Nos. 5,715,314 and 5,909,492 (common terms) | |
|---|---|---|
| **Claim Term/Phrase** | **Defendants' Construction(s)** | **Support** |
| Shopping cart computer<br><br>'314 claims 34 and 39;<br>'492 claims 15, 16, 17, 18, 35 and 36 | (i) A computer that modifies the shopping carts in the shopping cart database, operated by the manager of a network sales system[5]<br><br>or<br><br>(ii) A computer that modifies the shopping carts in the shopping cart database[6] | **Intrinsic Evidence:**<br>a.  '314 patent claims 34, 39; col. 2, lines 19-42; col. 14, lines 26-28; col. 2, lines 32-36; col. 4, lines 35-45; col. 6, lines 11-16; FIG. 1; claim 89.<br><br>b.  '492 patent claims 17, 18, 35, 36; col. 2, lines 21-44; col. 15, lines 13-15; col. 2, lines 34-39; col. 4, lines 35-45; col. 6, lines 11-16; FIG. 1.<br><br>c.  '314 patent reexamination Office Action mailed November 15, 2006, at 10-11 and at fn. 1, stating that the amendment to "define" shopping cart computer narrowed the claim language and created estoppel.<br><br>d.  '492 patent reexamination Office Action mailed November 15, 2006, at 10-16 and 20-21 and at fn. 1 and 3, stating that the amendment to "define" shopping cart computer narrowed the claim language and created estoppel.<br><br>e.  '314 patent file history September 19, 1996 Office Action rejecting claims 34-39 under 35 U.S.C. § 112, Par. 2  for shopping cart terms not having ordinary meaning; and 12/19/96 Amendment defined each shopping cart term, including shopping cart computer.<br><br>**Extrinsic Evidence:**<br>a. Soverain's Claim Construction Brief, D.I. 120  in prior case 6:04-cv-14 ( "Significantly, the asserted claims specifically define the 'shopping cart computer' as a 'computer that modifies the stored representations of collections of products in the [shopping cart database].'")<br><br>b. SOV1624-36; SOV1719-39; SOV1740-86; SOV1835-39; SOV1848-49; SVN2-0039753-55; SVN2-0039770-76; SVN2-0040037-42 |

---

[5] Defendants Avon, Bidz, HSN, VS, and JCP propose this construction.

[6] Defendants Amway and QVC propose this construction.

| U.S. Patent Nos. 5,715,314 and 5,909,492 (common terms) | | |
|---|---|---|
| **Claim Term/Phrase** | **Defendants' Construction(s)** | **Support** |
| Shopping cart message<br><br>'314 claims 34 and 39;<br>'492 claims 17, 18, 35, and 26 | (i) A message concerning a shopping cart sent from the buyer computer to the shopping cart computer[7]<br><br>or<br><br>(ii) a message containing an authenticator based on a cryptographic key, whose authentication indicates that the user has authority to modify a shopping cart[8] | **Intrinsic Evidence:**<br>a. '314 patent:  Abstract;  Col. 1, lines 30-47; Col. 1, line 59 – Col. 2, line 11; Col. 2, lines 19-42; Col. 5, lines 26-62;  Col. 7, line 59 – Col. 8, line 14; Col. 8, lines 38-53; Col. 9, lines 3-18; Col. 9, lines 39-63.<br><br>b. '314 File history: 9/19/96 Office Action at p. 2; 12/19/96 Amendment at pp. 2-4.<br><br>c. '314 Reexam File History: 11/3/04 Request for Ex Parte Reexamination; 1/26/05 Order Granting Request for Reexamination; 4/6/05, 4/15/05, 4/20/05, 4/25/05, 5/27/05, 6/27/05 Information Disclosure Statements (and references, litigation papers, and declarations submitted therewith); 11/15/06 Office Action, particularly pp. 6-16;12/18/06 Response; 3/26/07 Notice of Intent to Issue a Reexam Certificate.<br><br>d. '492 patent:  Abstract;  Col. 1, lines 31-48; Col. 1, line 60 – Col. 2, line 12; Col. 2, lines 21-44; Col. 5, lines 26-62;  Col. 7, line 59 – Col. 8, line 14; Col. 8, lines 38-53; Col. 9, lines 3-18; Col. 9, lines 39-63.<br><br>e. '492 Reexam File History: 11/3/04 Request for Ex Parte Reexamination; 12/14/04 Order Granting Request for Reexamination; 4/11/05, 4/15/05, 4/20/05, 4/25/05, 5/27/05, and 6/27/05 Information Disclosure Statements (and references, litigation papers, and declarations submitted therewith); 11/15/06 Office Action, including pp. 6-25; 12/18/06 Response; 1/16/07 Notice of Intent to Issue a Reexam Certificate. |
| Plurality<br><br>'314 claims 34 and 39;<br>'492 claims 17, 18, 35, and 36 | Two or more | **Intrinsic Evidence:**<br>'314 patent col. 2 ll. 19-42.<br><br>**Extrinsic Evidence:**<br>*Dayco Prods., Inc. v. Total Containment, Inc.*, 258 F.3d 1317 (Fed. Cir. 2001) (noting that the Federal Circuit has held that the term "plurality," when used in a claim, refers to two or more items, absent some indication to the contrary). |

---

[7] Defendants Vistaprint, VS, BIDZ, Avon, JCP, HSN Defendants and QVC propose this construction.
[8] Defendant Amway proposes this construction.

| Claim Term/Phrase | Defendants' Construction(s) | Support |
|---|---|---|
| **U.S. Patent Nos. 5,715,314 and 5,909,492 (common terms)** | | |
| Plurality of respective products<br><br>'314 claims 34 and 39; '492 claims 17, 18, 35, and 36 | Two or more products, identified by two or more respective product identifiers | **Intrinsic Evidence:**<br>a.  '314 patent claim 34 and 39.  Claim language states "to send a plurality of respective shopping cart messages to said shopping cart computer each of which comprises a product identifier identifying one of said plurality of products"<br><br>b.  '492 patent claim 17, 18, 35, and 36.  Claim language states "to send a plurality of respective shopping cart messages to said shopping cart computer each of which comprises a product identifier identifying one of said plurality of products"<br><br>**Extrinsic Evidence:**<br>a.  Dayco Prods., Inc. v. Total Containment, Inc., 258 F.3d 1317 (Fed. Cir. 2001) (noting that the Federal Circuit has held that the term "plurality," when used in a claim, refers to two or more items, absent some indication to the contrary). |
| Product<br><br>'314 claims 34 and 39; '492 claims 17, 18, 35, and 36 | (i) Anything that can be advertised, sold and provided to a purchaser from a merchant.<br><br>or<br><br>(ii) ordinary meaning / no construction necessary[9] | **Intrinsic Evidence:**<br>a.  '314 patent, passim, e.g., Col. 1 lines 33-35 ("When the merchant computer receives the authorization message it sends the product to the buyer computer."); 4:46-47 ("Creation computer 20 is programmed to build a 'store' of products for the merchant."); 4:50 ("The products advertised by the merchant computer…")<br>b.  '492 patent, passim, e.g., Col. 1 lines 33-34 ("When the merchant computer receives the authorization message it sends the product to the buyer computer."); 4:46-47 ("Creation computer 20 is programmed to build a 'store' of products for the merchant."); 4:50 ("The products advertised by the merchant computer…")<br><br>**Extrinsic Evidence:**<br>a.  Memorandum Opinion, D.I. 246 at Appendix A, Case No. 6:04-cv-00014 ("Amazon Claim Construction Order").<br>b.  Merriam-Webster Online Dictionary, defines "merchant"  as "A buyer and seller of commodities for profit.") |

---

[9] Defendants, except Amway, propose the first construction.  Amway proposes that no construction is necessary for this phrase.

| U.S. Patent Nos. 5,715,314 and 5,909,492 (common terms) | | |
|---|---|---|
| **Claim Term/Phrase** | **Defendants' Construction(s)** | **Support** |
| Collection [of products]<br><br>'314 claims 34 and 39<br>'492 claims 17, 18, 35, and 36 | Two or more [products] | **Intrinsic Evidence:**<br>'314 patent claims 34, 39<br>'314 patent col. 5, ll. 11-15<br><br>**Extrinsic Evidence:**<br>a. SVN2-0039754 states: "…the behavior might be different when there is only one item in the cart than when there are several. When there is only one, the cart itself can be eliminated, leaving the single item on the smart statement…"<br>b. Macmillan Dictionary (Macmillan Publishers, 2010) defines "collection" as "a group of things." |
| Message<br><br>'314 claims 34 and 39;<br>'492 claims 17, 18, 35, and 36 | a unit of information sent electronically from one computer to another computer | **Intrinsic Evidence:**<br>'314 patent Col. 5, lines 48-50; Col. 2, lines 25-32; Col. 5, lines 27-30; Col. 6, lines 47-50.<br><br>**Extrinsic Evidence:**<br>Dictionary of Computer Terms, Puffenbarogger (Sunrise Financial Series,1993),definition of "message" ("Unit of information in a communication environment that is transmitted electronically from one device to another");<br><br>IBM Dictionary of Computing (McGraw-Hill, Inc., 10th Edition, 1994); |

| | | U.S. Patent Nos. 5,715,314 and 5,909,492 (common terms) |
|---|---|---|
| **Claim Term/Phrase** | **Defendants' Construction(s)** | **Support** |
| Payment message<br><br>'314 claims 34 and 39;<br>'492 claims 17, 18, 35, and 36 | (i) A message relating to payment for one or more products, without the merchant computer having to communicate directly with the payment computer.[10]<br><br>or<br><br>(ii) A message enabling payment for one or more products.[11] | **Intrinsic Evidence:**<br>'314 Col. 2 lines 3-11: "The invention provides a simple design architecture for the network sales system that allows the merchant computer to respond to payment orders from the buyer computer without the merchant computer having to communicate directly with the payment computer to ensure that the user is authorized to purchase the product and without the merchant computer having to store information in a database regarding which buyers are authorized to purchase which products."<br><br>'314 patent Col. 8, lines 11-13 and Fig. 3A-3B ("Once the user is authenticated, the payment computer creates or updates a payment URL for the shopping cart (step 114)"); Col. 1, lines 28-47; Col. 1, lines 55-64; Col. 2, lines 2-19; Col. 2, lines 32-42; Col. 3, lines 45-56; Col. 5, lines 27- Col. 6:2; Col. 5, line 26 – Col. 8, line 32; Col. 6, lines 5-8; Col. 6, lines 15-18; Col. 6, lines 30-35; Col. 6, lines 64-67; Col. 7, lines 15-18, Col. 7, lines 32-34, Col. 8, lines 18-23; Col. 8, lines 23-25; Col. 8, lines 35-37; Col. 8, lines 41-43; Col. 9, lines 42-50; Col. 7, lines 59-65; Col. 5, line 26 – Col. 8, line 32; Col. 9, lines 3-18; Col. 8:3-32; Col. 9, lines 51-63; Col. 1, lines 18-24 (U.S. application serial no 08/168,519 incorporated by reference), Col. 1, lines 36-42 and 55-59, Col. 5, ll. 27-29, Col. 6, ll. 5-8, Col. 7, ll. 59-65.<br><br>'314 patent, claims 1, 32, 33, 34, 39 49, 52-57, 68, 71, 73, 74, 77, 79, 84, 87, 88, 91, 93, 95, 96, 99, 100, 103, 105-109, 113-117,131, 133, 134, 137, 139, 144, 147, 148, 151, 153, 155, 156, 159, 160, 163, 165, 166, 167, 168.<br><br>'314 Patent Reexamination file history Office Action at pp. 11-12 (citing Col. 8, lines 3-13 and Col. 8, lines 15-32).<br><br>**Extrinsic Evidence:**<br>Random House Dictionary (2010) defining "payment" as "the act of paying."<br>Memorandum Opinion, D.I. 246 at Appendix A, Case No. 6:04-cv-00014 ("Amazon Claim Construction Order").<br>SOV0000149; SOV0000155-156 |
| Cause the payment message to be activated<br><br>'314 claims 34 and 39;<br>'492 claims 17 and 18 | the payment message, previously caused to be created by the shopping cart computer, is caused to be activated by the buyer computer | **Intrinsic Evidence:**<br>'314 patent Col. 2, lines 19-42; Col. 8:14-32. |

---

[10] Construction is proposed by Vistaprint, Victoria's Secret, Avon, HSN Defendants, Bidz and JCP.

[11] Construction is proposed by Amway and QVC.

| U.S. Patent Nos. 5,715,314 and 5,909,492 (common terms) | | |
|---|---|---|
| Claim Term/Phrase | Defendants' Construction(s) | Support |
| Universal resource locator<br><br>'492 claims 17 and 18 | Uniform resource locator (URL): An address for a resource on the Internet | **Intrinsic Evidence:**<br>'314 patent, col. 5, ll. 16-20; Application for '314 patent, Appendix G.<br><br>**Extrinsic Evidence:**<br>Microsoft Computer Dictionary (Microsoft Press, 3rd Edition, 1997): An address for a resource on the Internet. URLs are used by Web browsers to locate Internet resources. A URL specifies the protocol to be used in accessing the resource (such as http: for a World Wide Web page or ftp: for an FTP site), the name of the server on which the resource resides (such as //www.whitehouse.gov), and, optionally, the path to a resource (such as an HTML document or a file on that server). |
| User<br><br>'314 patent: 34 and 39; '492 patent: 15, 16, 17, 18, 35, and 36 | Buyer | **Intrinsic Evidence:**<br>'314 patent col. 4, lines 36-37; FIG. 1.<br><br>'314 patent reexamination Office Action mailed November 15, 2006, at 10-11 and at fn. 1.<br><br>'492 patent, col. 4, lines 36-37; FIG. 1.<br><br>492 patent reexamination file history, Examiner's Statements, Nov. 15, 2006, pp. 15 and 20 and at fn 1 and 3. |

| U.S. Patent No. 5,909,492 | | |
|---|---|---|
| **Claim Term/Phrase** | **Defendants' Construction(s)** | **Support** |
| client computer for operation by a client user<br><br>'492 claims 15, 16[12] | buyer computer operated by a user | **Intrinsic Evidence:**<br>'492 patent, Col. 3:20-37; 5:19-22;8:32-36, 48-50; 9:10-14, 44-46, 8:32-9:50, and claims 15, 16, and dependents, particularly claim 40.<br><br>'492 file history, Applicant's Preliminary Amendment, dated June 24, 1998; Non-final rejection dated July 6, 1998; and Applicant's Response to Office Action, Oct. 13, 1998.<br><br>See e.g., '492 patent, Col. 3:20-37;  5:19-22, 8:32-36, 48-50; 9:10-14, 44-46, 8:32-9:50, and claims 15, 16, and dependents, particularly claim 40. |
| purchase transaction records<br><br>'492 claims 15, 16 | part of a smart statement document that includes the date of the transaction, the name of the merchant, an identification of the product, the payment amount for the product, and a description of the product | **Intrinsic Evidence:**<br>'492 patent, Col. 3:25-30, 8:55-9:2, claims 15 and 16 and dependents.<br><br>'492 patent file history,  Applicant's Preliminary Amendment, dated June 24, 1998; Non-final rejection dated July 6, 1998; and Applicant's Response to Office Action, Oct. 13, 1998. |
| Activation of the transaction detail hypertext link<br><br>'492 claims 15, 16 | sending of request by client computer to server computer for data regarding a payment transaction included in purchase transaction records | **Intrinsic Evidence:**<br>'492 patent, Col. 3:34-37, claims 15 and 16 and dependents. |
| transaction details<br><br>'492 claims 15, 16 | details stored in a settlement database including transaction date, end of duration time ("expiration"), a description of the product, the payment amount, the domain corresponding to the product, an identification of the merchant, and the merchant's address | **Intrinsic Evidence:**<br>'492 patent, Col. 5:5-15, Col. 9:19-26, claims 15 and 16 and dependents.<br><br>See, e.g., '492 patent file history,  Applicant's Preliminary Amendment, dated June 24, 1998; Non-final rejection dated July 6, 1998; and Applicant's Response to Office Action, Oct. 13, 1998. |

---

[12] Amway takes no position as to the claim terms or phrases in this table because these terms or phrases do not appear in any of the claims asserted against Amway.

| U.S. Patent No. 5,909,492 | | |
|---|---|---|
| **Claim Term/Phrase** | **Defendants' Construction(s)** | **Support** |
| Transaction detail document<br><br>'492 claims 15, 16, 66, 101 | a document created by the shopping cart /payment computer containing transaction details | **Intrinsic Evidence:**<br>'492 patent, Col. 9:3-30, Figures 12 and 13, claims 15 and 16 and dependents.<br><br>'492 patent file history, Applicant's Preliminary Amendment, dated June 24, 1998; Non-final rejection dated July 6, 1998; and Applicant's Response to Office Action, Oct. 13, 1998. |
| Payment computer<br><br>'492 claim 40 | (i) Computer that accesses and debits buyer funds or credit used in payment transactions[13]<br><br>or<br><br>(ii) shopping cart computer | **Intrinsic Evidence:**<br>'492 patent, Col. 9:3-30, Figures 12 and 13, claims 15 and 16 and dependents.<br><br>'492 patent file history, Applicant's Preliminary Amendment, dated June 24, 1998; Non-final rejection dated July 6, 1998; and Applicant's Response to Office Action, Oct. 13, 1998.<br><br>'492 reexam file history, Dec. 18, 2006 Examiner's statements at pp. 15-16 (examiner explaining that the payment computer and shopping cart computer are the same computer).<br><br>'314 patent, claims 149, 89<br><br>'314 Reexam file history, Examiner's statements, Dec. 18, 2006, pp. 10-11.<br><br>Soverain's Claim Construction Brief in Case No. 6:04-cv-14 (D.I. 120) |
| at least one of the server computers being programmed to record information pertaining to purchase transaction records in a database<br><br>'492 claim 15 | at least one of the shopping cart/payment computers being programmed to store purchase transaction records in the settlement database | **Intrinsic Evidence:** '492 patent Col. 3:25-26, 5:5-15, 6:20-30, 8:55-9:2, and claim 40.<br><br>'492 reexam file history, Dec. 18, 2006 Examiner's statements at pp. 15-16 (examiner explaining that computer is called a payment computer when accessing the settlement database and a shopping cart computer when accessing the shopping cart database). |
| to record information pertaining to purchase transaction records in a database<br><br>'492 claim 15 | to store purchase transaction records in the settlement database | **Intrinsic Evidence:**<br>'492 patent Col. 3:25-26, 5:5-15, 6:20-30. 8:55-9:2,<br><br>'492 reexam file history, Dec. 18, 2006 Examiner's statements at pp. 15-16 (examiner explaining that computer is called a payment computer when accessing the settlement database and a shopping cart computer when accessing the shopping cart database).<br><br>'314 patent, its file history and reexamination file history. |

---

[13] JCPenney and QVC propose Construction (i); Vistaprint, Avon, Victoria's Secret, Bidz and HSN Defendants propose construction (ii).

| U.S. Patent No. 6,272,639 | | |
|---|---|---|
| **Claim Term/Phrase** | **Defendants' Construction(s)** | **Support** |
| Session identifier<br>'639 claims 1, 78, 79 | A text string that identifies a session and contains sufficient information to validate that a request is authorized[14] | **Intrinsic Evidence**<br>File history, Feb 4, 2002, Arguments/Remarks made in an amendment, pp. 4–11.<br>*See* citations for "Stored session identifier."<br>"The preferred SID is a sixteen character ASCII string that encodes 96 bits of SID data, 6 bits per character. It contains a 32-bit digital signature, a 16-bit expiration date with a granularity of one hour, a 2-bit key identifier used for key management, an 8-bit domain comprising a set of information files to which the current SID authorizes access, and a 22-bit user identifier. The remaining bits are reserved for expansion. The digital signature is a cryptographic hash of the remaining items in the SID and the authorized IP address which are encrypted with a secret key which is shared by the authentication and content servers." '639 pat. at 5:42–65.<br>"As previously described, the preferred SID comprises a compact ASCII string that encodes a user identifier, the current domain, a key identifier, an expiration time, the client IP address, and an unforgeable digital signature. In Step 8, the authentication server redirects the client to the tagged URL, "http://content.com/[SID]/report", to the client. In Step 9, the tagged URL is automatically forwarded by the browser as a GET request to the content server. The content server logs the GET request in the Transaction database 56 by recording the tagged URL, the client IP address, and the current time. In Step 10, the content server, upon validating the SID, transmits the requested controlled page "report" for display on the client browser." '639 pat. at 8:1–13.<br>"The authentication server processes the REDIRECT and determines whether user credentials (CRED) are needed for authorization. In Step 6, the authentication server transmits a "CHALLENGE" response to the client. As previously described, typical credentials consist of user name and password. An authorization header based on the credential information is then forwarded by the client browser to the authentication server. For example, a GET URL having such an authorization header is:<br>"http://autho.com/authenticate?domain=[domain]&URL=http://content.com/rep- ort and the authorization header may be: "AUTHORIZE: [authorization]". The authentication server processes the GET request by checking the Account Database 58. If a valid account exists for the user, an SID is issued which authorizes access to the controlled page "report" and all the other pages within the domain." '639 pat. at 7:52–67.<br>"In the preferred embodiment, a valid SID allows the client to access all controlled files within a protection domain without requiring further authorization. A protection domain is defined by the service provider and is a collection of controlled files of common protection within one or more servers." '639 pat. at 3:48–53. |
|  |  |  |
| Stored session identifier<br><br>'639 claims 1, 78, 79 | (i) A session identifier that is recorded in computer storage without other information, excluding | **Intrinsic Evidence:**<br>'639 patent, Col. 4, lines 22-29: "In another embodiment, a server access control may be maintained by programming **the client browser to store an SID** or a similar tag for use in each URL call to that particular server.  This embodiment, however, requires a special browser which can handle such communications and was generally not suitable for **early browser formats common to the Web.  However, it may now be implemented** |

---

[14] Proposed by JC Penney.

| U.S. Patent No. 6,272,639 | | |
|---|---|---|
| **Claim Term/Phrase** | **Defendants' Construction(s)** | **Support** |
| | storage in standard browser formats common to the Web on or before June 7, 1995;<br><br>or<br><br>(ii) "A session identifier that is recorded by a special browser without other information. The special browser may not implement standard browser formats common to the Web on or before June 7, 1995."[15] | **in cookie compatible browsers.**"  **(emphasis added)**.<br><br>February 4, 2002, Applicant Amendment, page 5: "Upon receiving the SID from the server system, the client browser stores the SID.  The client browser then appends the stored SID to each subsequent request to that server system.  Because just the SID (and not the entire request) is stored, and because the SID is appended to subsequent requests to the particular server, use of the SID is not limited merely to a particular request but rather can extend to all subsequent requests to the server system, thus providing the sense of a session between the client and the server system."<br><br>February 4, 2002, Applicant Amendment, page 7: "In addition, Freeman-Benson, at the time of its publication, worked with '*all* existing WWW browsers.'  Freeman-Benson, paragraph 26, page 5, original emphasis.  Such browsers as existed at that time would not support Applicants' claimed invention, which, as of the priority date, required a modified browser.  See Specification as filed, page 8, lines 15-19.  Of course, 'modern' browsers which support cookies are such 'modified' browsers."<br><br>May 17, 2001, Applicant Amendment, pages 5 and 6: "All claims have been rejected, except for Claims 99 and 107, both of which use the term 'cookie.'  However, as discussed with Examiner Winder in a telephone interview on April 17, 2001, the 'cookie' limitations of Claims 99 and 107 were not explicitly stated in the earliest application to which priority is claimed.<br><br>"While still covering the cookie embodiment, the substance of allowed Claims 99 and 107 is herein amended and incorporated into all independent claims, i.e., Claims 3, 35 and 79, with such wording as to assure a priority claim to June 7, 1995 for all claims, that is 'the client storing the session identifier for use in subsequent communications.'"<br><br>February 4, 2002, Applicant Amendment, pages 5 and 6: "The special URL [of Freeman-Benson] does not provide the sense of a session. For example, the special URL can be shared by others, or stored in a hotlist for later use, providing access to a particular document until the password is changed, at which time the special URL is no longer valid.  Freeman-Benson, para. 12, page 3.  Furthermore, the special URL will again be valid if the password is changed back.  Freeman-Benson, footnote 1, page 5.<br><br>"By storing the special URL, for example, in a hotlist, Freeman-Benson stores a particular request, complete with URL, user name and password. Such a mechanism can provide automatic validation for the particular request, but cannot easily be extended to other requests to the same server using different URLs. Should the user make a different request to the same server, the user must again be prompted for user name and password. In other words, Freeman-Benson does not teach a client that stores some entity, e.g., a SID or other tag, that is appended to |

---

[15] Defendants JC Penney, HSN Defendants, Bidz and QVC propose construction (i); Avon, Victoria's Secret and Vistaprint propose the second construction (ii); Amway proposes that no construction is necessary.

| U.S. Patent No. 6,272,639 | | |
|---|---|---|
| **Claim Term/Phrase** | **Defendants' Construction(s)** | **Support** |
| | | subsequent distinct requests to a particular server." |
| | | f. September 3, 2004, Applicant Amendment, page 1: "With this response Applicants supplement their evidence of reduction to practice prior to the effective date of the Kahan reference. The present application is a continuation of U.S. patent application, serial number 08/474,096 which subsequently issued as U.S. patent number 5,708,780 (the '780 patent). The entire teaching of the parent specification was incorporated by reference into the continuation application. The specification of the '780 patent includes computer code embodying the invention." |
| | | g. U.S. Patent No. 5,708,780, Col. 4, lines 25-31: "In another embodiment, a server access control may be maintained by programming **the client browser to store an SID** or similar tag for use in each URL call to that particular server. This embodiment, however, requires a special browser which can handle such communications and is generally not suitable for the **standard browser format common to the Web**." **(emphasis added)**. |
| | | h. Defendants herein incorporate by reference intrinsic evidence identified in the Amazon and Newegg cases. |
| | | **Extrinsic Evidence:** j. Defendants herein incorporate by reference extrinsic evidence identified in the Amazon and Newegg cases. |
| Appending the stored session identifier to each of the subsequent distinct requests<br><br>'639 claim 1 | Tagging the stored session identifier to the address/URL of each of the subsequent distinct requests | **Intrinsic Evidence:** '639 patent, FIGS. 2A, 2B, 3; claims 35, 39, 57, 58, and 63;<br><br>Col. 2, lines 26-39: "The URL naming system consists of three parts: the transfer format, the host name of the machine that holds the file, and the path to the file. An example of a URL may be: http://www.college.univ.edu/Adir/Bdir/Cdir/page.html, where "http" represents the transfer protocol; a colon and two forward slashes (://) are used to separate the transfer format from the host name; "www.college.univ.edu" is the host name in which "www" denotes that the file being requested is a Web page; "/Adir/Bdir/Cdir" is a set of directory names in a tree structure, or a path, on the host machine; and "page.html" is the file name with an indication that the file is written in HTML."<br><br>Col. 3, lines 36-41: "The authentication server then forwards a new request consisting of the original URL appended by the SID to the client in a REDIRECT. The modified request formed by a new URL is automatically forwarded by the client browser to the content server";<br><br>Col. 3, lines 60-63: "The browser on the client computer executes a relative link by rewriting the current URL to |

| U.S. Patent No. 6,272,639 | | |
|---|---|---|
| **Claim Term/Phrase** | **Defendants' Construction(s)** | **Support** |
| | | replace the old controlled page name with a new one.  The new URL retains all portions of the old, including the SID, except for the new page name"; |
| | | Col. 5, lines 52-54: "In the above example, a modified URL appended with an SID may be: 'http://content.com/[SID]/report'."; |
| | | Col. 6, lines 5-8: "If the request is for a controlled page within the current domain, the content server proceeds to log the request URL, tagged with SID, and the user IP address in the transaction log 108."; |
| | | Col. 7, lines 14-20: "An SID for an authorized user is appended ("tagged") 230 to the original URL directed to a controlled page on the content server. The authentication server then transmits a REDIRECT response 232 based on the tagged URL to the client browser 100. The modified URL, such as "http://content.com/[SID]/report" is automatically forwarded to the content server 120." |
| | | Col. 8, lines 4-8: "In Step 8, the authentication server redirects the client to the tagged URL, "http://content.com/[SID]/report", to the client. In Step 9, the tagged URL is automatically forwarded by the browser as a GET request to the content server." |
| | | February 4, 2002 Amendment, page 7: "For example, Freeman-Benson teaches a "specialized URL" containing an access key which is simply an encrypted login name and password.  Furthermore, Freeman-Benson teaches storing the specialized URL, that is, the request (the normal URL) along with the access key.  Thus, later use of this stored specialized URL will result in a repetition of the original request, without requiring further authorization.  **Freeman-Benson does not append the specialized URL to subsequent requests – doing so would result in a meaningless request: one URL appended by another URL**.  Applicants' invention, on the other hand, stores the SID and **appends the stored SID to each URL** or request to the particular server that provided the SID, thus defining a session."  (**emphasis added**). |
| | | Claim 39: appending as "filtering the requested document." |
| | | U.S. Patent No. 5,708,780, Col. 4, lines 25-31 |
| | | Defendants herein incorporate by reference intrinsic evidence identified in the Amazon and  Newegg cases. |
| | | See also support for "stored session identifier" above. |
| | | **Extrinsic Evidence:** <br> "append":  "To attach to the end of; most often used in reference to writing to a file (adding data to the end of the file) or adding to a string (adding characters to the end of a string of characters). <br> *Microsoft Press Computer Dictionary* (Microsoft Press, 2nd Edition, 1994) |

| U.S. Patent No. 6,272,639 | | |
|---|---|---|
| **Claim Term/Phrase** | **Defendants' Construction(s)** | **Support** |
| | | "(1) A function or mode that enables a user to add a new document or character string to the end of previously entered text." *IBM Dictionary of Computing* (McGraw-Hill, Inc., 10th Edition, 1994) |
| | | (verb, numbers 1 and 2) in *Webster's Third New International Dictionary Unabridged*, p. 103 |
| | | "tag": "part of an instruction which references an index register whose content *modify the address of the instruction . . ..*" *Microsoft Press Computer Dictionary* (Microsoft Press, 2nd Edition, 1994). |
| | | (verb, number 2(b)) in *Webster's Third New International Dictionary Unabridged*, p. 2328 |
| | | Claim Construction Order in *Amazon*. |
| | | '780 patent prosecution history, including at least the May 17, 2005 response. |
| | | Defendants herein incorporate by reference extrinsic evidence identified in the Amazon and Newegg cases. |
| | | See also support for "stored session identifier" above. |
| A service request to which a session identifier stored at the client has been appended by the client<br><br>'639 claim 78 | A service request that includes an address/URL to which a session identifier stored at the client has been tagged by the client | See support for "Appending the stored session identifier to each of the subsequent distinct requests" above. |
| Session identifier appended to the service request / appended session identifier<br><br>'639 claim 78 | Session identifier tagged to the address/URL of the service request | See support for "Appending the stored session identifier to each of the subsequent distinct requests" above. |
| Validating the session identifier appended to the service request | Verifying that the appended session identifier received from | **Intrinsic Evidence:** '639 patent, claim 47, FIGS. 2A and 3. |

| U.S. Patent No. 6,272,639 | | |
|---|---|---|
| **Claim Term/Phrase** | **Defendants' Construction(s)** | **Support** |
| '639 claim 78 | the client is the session identifier previously returned to that client | '639 patent Col. 3, lines 17-19: "A valid SID may include an authorization identifier to allow a user to access controlled files.

'639 patent, Col. 3, lines 30-41: "A valid SID typically comprises a user identifier, an accessible domain, a key identifier, an expiration time such as date, the IP address of the user computer, and an unforgeable digital signature such as a cryptographic hash of all of the other items in the SID encrypted with a secret key. The authentication server then forwards a new request consisting of the original URL appended by the SID to the client in a REDIRECT. The modified request formed by a new URL is automatically forwarded by the client browser to the content server."

'639 patent, Col. 3, lines 42-50: "When the content server receives a URL request accompanied by an SID, it logs the URL with the SID and the user IP address in a transaction log and proceeds to validate the SID. When the SID is so validated, the content server sends the requested document for display by the client's Web browser.

"In the preferred embodiment, a valid SID allows the client to access all controlled files within a protection domain without requiring further authorization."

'639 patent, Col. 3, line 64 – Col. 4, line 4: "If the relative link points to a page in the same protection domain, the SID remains valid, and the request is honored. However, if the relative link points to a controlled page in a different protection domain, the SID is no longer valid, and the client is automatically redirected to forward the rewritten URL to the authentication server to update the SID. The updated or new SID provides access to the new domain if the user is qualified."

'639 patent, Col. 6, lines 5-16: "If the request is for a controlled page within the current domain, the content server proceeds to log the request URL, tagged with SID, and the user IP address in the transaction log 108. The content server then validates the SID 110.  Such validation includes the following list of checks: (1) the SID's digital signature is compared against the digital signature computed from the remaining items in the SID and the user IP address using the secret key shared by the authentication and content servers; (2) the domain field of the SID is checked to verify that it is within the domain authorized; and (3) the EXP field of the SID is checked to verify that it is later than the current time."  See Also Col. 3, line 64–Col. 4, line 5.

December 28, 2001 Amendment, pp. 4-5: (stating that validation is supported by [Col. 6, lines 8-16]) and p. 8 stating "Applicants' invention…does not need to perform [repeated validation] because the SID itself contains sufficient information to validate that the request is authorized."

February 4, 2002, Applicant Amendment, pages 4 and 5: "Applicants' invention uses a 'session identifier' or SID to provide a 'session' of communications between a client system and a server system in a 'stateless' session environment.  An SID containing enough information to support a session is appended to the initial and subsequent requests. This information can include, for example, an authorization identifier, a user identifier, an |

| U.S. Patent No. 6,272,639 | | |
|---|---|---|
| **Claim Term/Phrase** | **Defendants' Construction(s)** | **Support** |
| | | accessible domain, a key identifier, an expiration time, a date, the IP address of the user computer, and/or an unforgeable digital signature 'such as a cryptographic hash of all of the other items in the SID encrypted with a secret key.' Specification as filed, page 6, lines 16-21. The present invention is particularly suited to restricting access to server sites on the World Wide Web.

"A user's user name and password is verified once, at the beginning of a session, and a SID is created upon verification. The server does not need to perform password verification for each access within a session of requests. Rather, upon each request containing a SID, the server simply checks whether the SID is valid. Such validation may include, for example, the following checks:

"(1) the SID's digital signature is compared against the digital signature computed from the remaining items in the SID and the user IP address using the secret key shared by the authentication and content servers; (2) the domain field of the SID is checked to verify that it is within the domain authorized; and (3) the EXP field of the SID is checked to verify that it is later than the current time.
Specification as filed, page 12, lines 5-13.

"In one embodiment, for example, 'a valid SID allows the client to access all controlled files within a protection domain without requiring further authorization.' Specification as filed, page 7, lines 1-3. That is, information regarding access rights is fully contained within the SID, and need not be reentered by a user attempting to access *any* file within a domain for which the user's authorization has already been verified."

February 4, 2002 Amendment, page 7: "For example, Freeman-Benson teaches a "specialized URL" containing an access key which is simply an encrypted login name and password. Furthermore, Freeman-Benson teaches storing the specialized URL, that is, the request (the normal URL) along with the access key. Thus, later use of this stored specialized URL will result in a repetition of the original request, without requiring further authorization. Freeman-Benson does not append the specialized URL to subsequent requests – doing so would result in a meaningless request: one URL appended by another URL.

"Applicants' invention, on the other hand, stores the SID and appends the stored SID to each URL or request to the particular server that provided the SID, thus defining a session. That it, subsequent requests to the server from the browser do not require the user to enter additional verification information, even for different requests, **because the SID which accompanies each request provides validation**" (**emphasis added**).

February 4, 2002, Applicant Amendment, page 8: "Johnson does not teach or suggest a session identifier but rather teaches a credentials identifier. A credentials identifier is a 'small value' used to access a 'credentials structure' which is maintained on the server. See Johnson, column 5, lines 54-65. Each time a request is made, the server reconstructs 'an image of the user.' Johnson, column 5, lines 40-42. Johnson uses the credentials identifier to locate the credentials structure from which the image of the user is reconstructed.

"Applicants' invention, on the other hand, does not need to perform this reconstruction, because the session |

| U.S. Patent No. 6,272,639 | | |
|---|---|---|
| **Claim Term/Phrase** | **Defendants' Construction(s)** | **Support** |
| | | identifier itself contains sufficient information to validate that the request is authorized." |
| | | Incorporate by reference intrinsic evidence identified in the Amazon and Newegg cases. |
| | | **Extrinsic Evidence:** <br> '780 patent prosecution history, including at least the May 17, 2005 response. |
| | | "Validate": <br> to confirm the validity of. *Webster's Ninth New Collegiate Dictionary* (Merriam-Webster Inc., 1991) |
| | | "Validation" <br> The checking of data for correctness or for compliance with applicable standards, rules, and conventions. *IBM Dictionary of Computing* (McGraw-Hill, Inc., 10th Edition, 1994) |
| | | to confirm the validity of. *Merriam-Webster* |
| | | "Validity checking" <br> The process of analyzing data to determine whether it conforms to certain predefined parameters of completeness and consistency. For example, a utility program could do a validity check on a disk to determine whether it contains any bad sectors, or a database program could perform a validity check on new records to be added to a database to ensure that each record has been encoded in a way compatible with the database. *Microsoft Press Computer Dictionary* (Microsoft Press, 2nd Edition, 1994) |
| | | "Verify" <br> To confirm correctness of something.   To check accuracy of entered data by entering data again and comparing the second entry with the first. *IBM Dictionary of Computing* (McGraw-Hill, Inc., 10th Edition, 1994) |
| | | To ascertain either that a result is correct or that a procedure or sequence of operations has been performed *Microsoft Press Computer Dictionary* (Microsoft Press, 2nd Edition, 1994) |
| | | '780 patent prosecution history, including at least the May 17, 2005 response. |
| | | "User identification and verification" <br> A system action that identifies and verifies a user at logon or when a batch job is received for processing *IBM Dictionary of Computing* (McGraw-Hill, Inc., 1994) |
| | | "append": (verb, numbers 1 and 2) in *Webster's Third New International Dictionary Unabridged*, p. 103. |

| U.S. Patent No. 6,272,639 | | |
|---|---|---|
| **Claim Term/Phrase** | **Defendants' Construction(s)** | **Support** |
| | | Defendants herein incorporate by reference extrinsic evidence identified in the Amazon case and Newegg cases. |
| Servicing the service request if the appended session identifier is valid<br><br>'639 claim 78 | Returning a resource associated with the address identified in the request only if the session identifier is validated | **Intrinsic Evidence:**<br>See support for "validating the session identifier …" above.  See also:<br><br>a. '639 patent, claims 13, 21-24, 31, and 59<br><br>b. '639 patent FIGS. 2A and 3: Figure 2A illustrates that the SID validity is checked in block 110 and when the SID is not valid, the URL is redirected to the authentication server 200.  When the SID is valid at block 110, the requested resource (file) is sent (block 116) to the browser for display in block 100.<br><br>c. '639 patent, Col. 3, lines 17-53:<br>"A valid SID may include an authorization identifier to allow a user to access controlled files.<br><br>"In a preferred embodiment, a client request is made with a Uniform Resource Locator (URL) from a Web browser. Where a client request is directed to a controlled file without an SID, the Internet server subjects the client to an authorization routine prior to issuing the SID, the SID being protected from forgery. A content server initiates the authorization routine by redirecting the client's request to an authentication server which may be at a different host. Upon receiving a redirected request, the authentication server returns a response to interrogate the client and then issues an SID to a qualified client. For a new client, the authentication server may open a new account and issue an SID thereafter. A valid SID typically comprises a user identifier, an accessible domain, a key identifier, an expiration time such as date, the IP address of the user computer, and an unforgeable digital signature such as a cryptographic hash of all of the other items in the SID encrypted with a secret key. The authentication server then forwards a new request consisting of the original URL appended by the SID to the client in a REDIRECT. The modified request formed by a new URL is automatically forwarded by the client browser to the content server.<br><br>"When the content server receives a URL request accompanied by an SID, it logs the URL with the SID and the user IP address in a transaction log and proceeds to validate the SID. When the SID is so validated, the content server sends the requested document for display by the client's Web browser.<br><br>"In the preferred embodiment, a valid SID allows the client to access all controlled files within a protection domain without requiring further authorization. A protection domain is defined by the service provider and is a collection of controlled files of common protection within one or more servers."<br><br>d. '639 patent, Col. 3, line 64 – Col. 4, line 4: "If the relative link points to a page in the same protection domain, the SID remains valid, and the request is honored. However, if the relative link points to a controlled page in a different protection domain, the SID is no longer valid, and the client is automatically redirected to forward the rewritten URL to the authentication server to update the SID. The updated or new SID provides access to the new |

| U.S. Patent No. 6,272,639 | | |
|---|---|---|
| **Claim Term/Phrase** | **Defendants' Construction(s)** | **Support** |
| | | domain if the user is qualified."<br><br>e. '639 patent, Col. 5, lines 31-49: "By clicking on the link text, the user causes the browser to generate a URL GET request at 100 in FIG. 2A. The browser forwards the request to a content server 120, which processes the request by first determining whether the requested page is a controlled document 102. If the request is directed to an uncontrolled page, as in "advertisement" page in this example, the content server records the URL and the IP address, to the extent it is available, in the transaction log 114. The content server then sends the requested page to the browser 116 for display on the user computer 117.<br><br>"If the request is directed to a controlled page, the content server determines whether the URL contains an SID 102. For example, a URL may be directed to a controlled page name "report", such as "http://content.com/report", that requires an SID. If no SID is present, as in this example, the content server sends a "REDIRECT" response 122 to the browser 100 to redirect the user's initial request to an authentication server 200 to obtain a valid SID."<br><br>f. '639 patent, Col. 5, line 66 - Col. 6, line 26: "If the initial GET URL contains a SID, the content server determines whether the request is directed to a page within the current domain 106. If the request having a SID is directed to a controlled page of a different domain, the SID is no longer valid and, again, the user is redirected to the authentication server 122.<br><br>"If the request is for a controlled page within the current domain, the content server proceeds to log the request URL, tagged with SID, and the user IP address in the transaction log 108. The content server then validates the SID 110. Such validation includes the following list of checks: (1) the SID's digital signature is compared against the digital signature computed from the remaining items in the SID and the user IP address using the secret key shared by the authentication and content servers; (2) the domain field of the SID is checked to verify that it is within the domain authorized; and (3) the EXP field of the SID is checked to verify that it is later than the current time.<br><br>"If the validation passes, the content server searches the page to be forwarded for any absolute URL links contained therein 112, that is, any links directed to controlled documents in different content servers. The content server augments each absolute URL with the current SID to facilitate authenticated accesses across multiple content servers. The requested page as processed is then transmitted to the client browser for display 117. The user viewing the requested Web page may elect to traverse any link on that page to trigger the entire sequence again 100."<br><br>g. '639 patent, Col. 6, line 64 - Col. 7, line 14: "If the user is authorized, an SID is generated 228 as previously described. If the user is not cleared for authorization, the authentication server checks to see if the user qualifies for a new account 220. If the user is not qualified to open a new account, a page denying access 222 is transmitted to the client browser 100. If the user is qualified, the new user is sent a form such as illustrated in FIG. 5 to initiate a real-time on-line registration 224. The form may, for example, require personal information and credit references from the user. The browser is able to transmit the data entered by the user in the blanks 502 as a |

| U.S. Patent No. 6,272,639 | | |
|---|---|---|
| Claim Term/Phrase | Defendants' Construction(s) | Support |
| | | "POST" message to the authentication server. A POST message causes form contents to be sent to the server in a data body other than as part of the URL. If the registration form filled out by the new user is valid 226, an appropriate SID is generated 228. If the registration is not valid, access is again denied 222." <br><br> h. '639 patent, Col. 8, lines 11-13: <br> "In Step 10, the content server, upon validating the SID, transmits the requested controlled page 'report' for display on the client browser." <br><br> i. Declaration of Prior Invention, October 23, 2006, page 14: <br> "Schedule 1 describes *"servicing the service request if the appended session identifier is valid,"* such as on page 5 of Schedule I: <br><br>     Client back to Server: <br>     =============== <br>     Authorization: Basic+ encoded_string <br>     =============== <br>     Where encoded_string is the RFC 1421 encoding of <br>           username:response:stuff_for_convenience_of_server <br><br>     In this system, the "stuff_for_convenience_of_server" is simply a place to <br>     stash the "state" of the transaction, so the server doesn't necessarily need a <br>     database. We use this for a digital signature of the expected response. <br><br> "This passage from Schedule 1 describes the client providing a response (i.e., "Client back to Server") to the server that includes the "stuff_for_convenience_of_server" (i.e., the "state" of the transaction). As indicated in this passage, the server checks to see if the session identifier has been forged or tampered with by using "this for a digital signature of the expected response." If the digital signature is validated, then the service request (e.g., a document) is serviced, such as shown on page 2 of Schedule 1: <br><br> "The Access URL is presented by the client to the server which contains the document purchased. This "content server" validates the access URL, and if it is valid, returns the document to the client." <br><br> j. Defendants herein incorporate by reference intrinsic evidence identified in Amazon and Newegg cases. <br><br> **Extrinsic Evidence:** <br> See support for "validating the session identifier …" above. See also: <br><br> '780 patent prosecution history, including at least the May 17, 2005 response. <br><br> Defendants herein incorporate by reference extrinsic evidence identified in Amazon and Newegg cases. |

| U.S. Patent No. 6,272,639 | | |
|---|---|---|
| **Claim Term/Phrase** | **Defendants' Construction(s)** | **Support** |
| | | |
| Durable product<br><br>'639 claim 78 | A product that has a useful life of three or more years, such as motor vehicles, furniture, construction materials, machinery and equipment (including household-type appliances), metals and minerals (except petroleum), sporting goods, toys and hobby goods, recyclable materials, and parts. Does not include cosmetics, food, cleaning products, fuel, office supplies, packaging and containers, paper and paper products, personal products, rubber, plastics, textiles, clothing, and footwear. | **Extrinsic Evidence:**<br>"Industries in the Merchant Wholesalers, Durable Goods subsector sell capital or durable goods to other businesses. Merchant wholesalers generally take title to the goods that they sell; in other words, they buy and sell goods on their own account. Durable goods are new or used items generally with a normal life expectancy of three years or more. Durable goods merchant wholesale trade establishments are engaged in wholesaling products, such as motor vehicles, furniture, construction materials, machinery and equipment (including household-type appliances), metals and minerals (except petroleum), sporting goods, toys and hobby goods, recyclable materials, and parts."<br><br>*423 Merchant Wholesalers, Durable Goods*, U.S. Census, http://www.census.gov/epcd/ec97/def/421.HTM<br><br>"DURABLE GOODS (SIC MAJOR GROUP 50) - This major group includes establishments primarily engaged in the wholesale distribution of motor vehicles and motor vehicle parts and supplies (SIC Industry Group 50 I); furniture and home furnishings (SIC Industry Group 502); lumber and other construction materials (SIC Industry Group 503); professional and commercial equipment and supplies (SIC Industry Group 504); metals and minerals, except petroleum (SIC Industry Group 505); electrical goods (SIC Industry Group 506); hardware, and plumbing and heating equipment and supplies (SIC Industry Group 507); machinery, equipment, and supplies (SIC Industry Group 508); and miscellaneous durable goods (SIC Industry Group 509).<br><br>"MISCELLANEOUS DURABLE GOODS (SIC INDUSTRY GROUP 509) This industry group includes establishments primarily engaged in the wholesale distribution of sporting and recreational goods and supplies (SIC 5091); toys and hobby goods and supplies (SIC 5092); scrap and waste materials (SIC 5093); jewelry, watches, precious stones, and precious metals (SIC 5094); and durable goods, not elsewhere classified (SIC 5099).<br><br>"NONDURABLE GOODS (SIC MAJOR GROUP 51) This major group includes establishments primarily engaged in the wholesale distribution of paper and paper products (SIC Industry Group 511); drugs, drug proprietaries, and druggists' sundries (SIC Industry Group 512); apparel, piece goods, and notions (SIC Industry Group 513); groceries and related products (SIC Industry Group 514); farm-product raw materials (SIC Industry Group 515); chemicals and allied products (SIC Industry Group 516); petroleum and petroleum products (SIC Industry Group 517); beer, wine, and distilled alcoholic beverages (SIC Industry Group 518); and miscellaneous nondurable goods (SIC Industry Group 519).  Consumer durable goods include cars, appliances, business equipment, electronic equipment, home furnishings and fixtures, houseware and accessories, photographic equipment, recreational goods, sporting goods, toys and games.  Examples of nondurable goods include cosmetics, food, cleaning products, fuel, office supplies, packaging and containers, paper and paper products, personal products, rubber, plastics, textiles, clothing and footwear."<br><br>*1992 Census of Wholesale Trade*, DEFINITIONS OF INDUSTRIES, U.S. Census, |

| U.S. Patent No. 6,272,639 | | |
|---|---|---|
| **Claim Term/Phrase** | **Defendants' Construction(s)** | **Support** |
| | | http://www.census.gov/epcd/www/wc92sics.html<br><br>Defendants herein incorporate by reference extrinsic evidence identified in Amazon and Newegg cases. |

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing P.R. 4-3 JOINT CLAIM

CONSTRUCTION AND PREHEARING STATEMENT and corresponding exhibits have been

served on counsel of record registered with the Court's ECF system on this day, August 31,

2010.

_____ s/ Matthew A. Werber _____