**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| Soverain Software LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 6:09-cv-274 LED |
| J.C. Penney Corporation, Inc, Amway Corp., Avon Products, Inc., Bidz.com, Inc., HSN, Inc., HSN Improvements, LLC, Cornerstone Brands, Inc., Ballard Designs, Inc., Garnet Hill, Inc., Smith & Noble, LLC, The Territory Ahead, Inc., QVC, Inc., Victoria's Secret Stores Brand Management, Inc., Victoria's Secret Direct Brand Management, LLC, VistaPrint, Ltd., and VistaPrint USA, Inc. | JURY TRIAL DEMANDED |
| Defendants. | |

**SOVERAIN'S SURREPLY TO DEFENDANTS' MOTION TO STAY PENDING
APPEAL IN RELATED CASE**

The most efficient and fair way to proceed in this case is to maintain the current schedule and preserve the upcoming trial date.  If any issue arises from the *Newegg* appeal, the Court may readily address it at that time, rather than putting the entire case on hold indefinitely.  This is how the Court proceeded in *Amazon*, even though the reexamination of the asserted patents in that case was more likely to impact the on-going litigation.  Here, Defendants' reply confirms that the factors weighing against a stay are far more compelling than in *Amazon*.  Thus, Defendants' motion should be denied.

**I.**    **Defendants fail to explain how the *Newegg* appeal is likely to substantially impact this case.**

Defendants pointedly avoid coming forward with any explanation why the Federal Circuit is likely to overturn a single ruling by this Court on appeal.  Instead, Defendants merely reiterate their argument that common issues in this case and the *Newegg* appeal are allegedly sufficient to warrant a stay.  Reply at 2-3.  But it remains pure speculation that the Federal Circuit will provide any guidance on any so-called "key issue" that will potentially have a case dispositive impact on the outcome here.  The Court's rulings in *Newegg* are squarely grounded in up to date Federal Circuit precedent.  There is nothing to suggest that the Federal Circuit would be inclined, or even likely, to revise the applicable legal standards or reverse any of the Court's rulings.  Presumably, if any issue was a particularly close call, Defendants would have explained that in their reply.  The fact that Defendants did not even attempt to make such a showing highlights the fundamental weakness of their motion.

The test for granting a stay requires the Court to weigh four factors, including whether there are "substantial legal questions" that are likely to impact this case.  *See, e.g.*, *Astec Am. Inc. v. Power-One, Inc.*, 2008 U.S. Dist. LEXIS 55100 at *9-*10 (E.D. Tex. July 15, 2008).  The likelihood of whether the Federal Circuit will reverse any of this Court's rulings on appeal is,

therefore, an inherent part of the four-factor analysis. It goes directly to weight. Indeed, when this Court considered whether to stay the *Amazon* litigation for a reexamination of the patents in that suit, it expressly considered available statistics in order to evaluate the likelihood that the asserted claims would survive the pending reexamination proceedings. *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). As Soverain pointed out in its opposition, if merely identifying common issues between cases was enough, every Federal Circuit appeal on a common issue would be grounds for a stay – an entirely unworkable and inefficient outcome.[1]

## II.     The Federal Circuit is unlikely to overturn this Court's rulings on appeal.

Defendants argue that Soverain allegedly does not dispute that "the outcome of the *Newegg* Appeal could substantially affect this case, ***irrespective of how the Federal Circuit chooses to rule*.**" Reply at 1, emphasis added; *see also* Reply at 3. That argument makes no sense. As an initial matter, Soverain's opposition is absolutely clear. Soverain plainly disputes that the *Newegg* appeal will have an impact here, let alone an impact that is substantial, for all the reasons discussed in its opposition and in this surreply.

As Soverain has explained, there is no reason to believe that the Federal Circuit will reverse any of this Court's rulings on any legal issue, and Defendants' have offered none. For example, in the *Newegg* case, the Court upheld the jury's verdict of indirect infringement of the '314 and '492 patents based on its application of the Federal Circuit standard in *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282 (Fed. Cir. 2005). *See Newegg* (Dkt. 434 at 8-11). The

---

[1]   Defendants attempt to distinguish the Court's ruling on the motion to stay in *Amazon* by downplaying the potential impact of a reexamination. (Reply at 3 n.2). But as the Court recognized, reexamination could have an immediate impact on pending litigation, unlike the appeal in this case. A final rejection during reexamination would eliminate certain claims altogether. And amendments to the claims would potentially have a direct impact the issues to be tried.

Court's Opinion and Order includes a detailed analysis of the Federal Circuit's *NTP* decision, as well as decisions in this District applying the *NTP* standard in subsequent cases. In particular, the Court concluded that *NTP* does not require a single entity to "own or possess" all components of a system for there to be infringement. *Id*. at 11. Defendants identify this issue as one that will allegedly have a substantial impact here, but offer no explanation why the Federal Circuit is remotely likely to overturn this Court's analysis and application of the law on appeal.

If the Federal Circuit affirms the judgment, as Soverain believes it will, the *Newegg* appeal will not change how this case is tried. The parties will continue to prepare for trial based on the legal and factual contentions that they have already served. Yet, Defendants now appear to be arguing that a stay is justified – even if the chances of the Federal Circuit reversing this Court on one or more substantial legal issues are slim. Reply at 1, 3. It will be extremely inefficient for the parties in this case to attempt to pick up where they left off after years of being on hold while waiting for a Federal Circuit decision that ultimately changes nothing.

**III.    Defendants' about-face on claim construction further undermines their motion.**

Having argued erroneously in their motion that "Newegg preserved the right to contest the majority of [the Court's] constructions on appeal," Mot. at 2; *see also* Mot. at 7, Defendants attempt to retrench regarding the importance of claim construction issues, and now argue that the number of claim terms on appeal is "of no moment." Reply at 3-4. Defendants also attempt to restyle the issue of whether the divided infringement standard under *BMC Resources* and *Muniauction* applies to claims 78 and 79 of the '639 patent as an issue that the Federal Circuit "***may*** choose to review . . . as an issue of claim construction." Reply at 3-4, emphasis added. Defendants' attempts to salvage this argument confirm that the limited number of potential claim construction issues on appeal are unlikely to have any impact on this case.

3

Moreover, this issue further illustrates why a stay pending appeal makes no sense here. In *Newegg*, the Court found that claims 78 and 79 of the '639 patent do not require third parties to perform any steps of the recited methods, relying principally on *SiRF Technology, Inc. v. International Trade Commission*, 601 F.3d 1319 (Fed. Cir. 2010).  *See Newegg* (Dkt. 434 at 13-15).  The Federal Circuit issued its opinion in *SiRF* on April 12, 2010.  It is an up to date decision, if not the last word, on this issue.  Reply at 3-4; Mot. at 7.   In its Opinion and Order, this Court explained that the claim language in *SiRF* and *Newegg* is similar, and after applying the Federal Circuit's straightforward reasoning, concluded that claims 78 and 79 of the '639 patent likewise do not require third parties to perform any steps of the claimed methods.  *Id*. Defendants fail to make any showing why this ruling of the Court is vulnerable on appeal or why the Federal Circuit would be inclined to modify the legal standard articulated in a decision that was decided less than six months ago.  Defendants' emphasis on this issue only serves to highlight why a stay should not be granted in this case.

**IV.     Defendants should not be permitted to take an interlocutory appeal.**

Defendants argue disingenuously that their plan to intervene in the pending *Newegg* appeal is allegedly not interlocutory in nature because there is a final judgment.  Reply at 4.  As Defendants are undoubtedly aware, that judgment was entered against Newegg.  It does not apply to any of the Defendants in this case.  It does not justify an interlocutory attempt to circumvent a determination by this Court on the merits, and seek an appeal on issues that the Court has not yet decided.  Instead, if Defendants believe that the best course of action is to proceed directly to the Federal Circuit, there is nothing to prevent them from stipulating to infringement and validity under the Court's rulings in *Newegg*, asking the Court to enter final judgment here, and appealing the issues identified in their motion now.  *See, e.g*., *Mass. Inst. of Tech. v. Abacus Software*, 462 F.3d 1344 (Fed. Cir. 2006).

**V.      Soverain will be severely prejudiced by a stay.**

Defendants attempt to brush aside the prejudice to Soverain arising from a stay.  Reply at 4-5.  But as Soverain explained in its opposition, a stay would be extremely prejudicial because it will have a domino effect.  A stay will not only mean that Soverain will be unable to proceed for an indefinite period of time against the current Defendants in this case.  But a stay will also severely limit Soverain's enforcement of its patents against other infringing parties.  While a stay is in place, there will be no incentive for anyone to consider licensing Soverain's patents because Soverain's ability to proceed with an infringement suit would be greatly reduced, if not eliminated altogether.  This prejudice is particularly heightened in light of Defendants' weak showing on the other factors, all of which weigh heavily against a stay.

Defendants principal argument appears to be that Soverain allegedly "sat back and waited" before bringing this lawsuit.  Reply at 5.  But Soverain's enforcement of its patents in two earlier lawsuits, each lasting years, demonstrates conclusively that Defendants are wrong.  Moreover, Defendants' past infringement in the operation of their websites does not justify their continued infringement, as Defendants suggest, particularly now that this case is underway.

Defendants repeatedly state that they don't infringe the asserted patents.  *See, e.g*., Reply at 5.  If the evidence is clear cut, as Defendants suggest, there is no reason not to proceed with this case according to the current schedule.  On the other hand, if Defendants do infringe, as Soverain contends, an indefinite stay will be highly prejudicial, for all the reasons discussed here and in Soverain's opposition.  Thus, the most rapid and cost effective way to resolve this case is to put the parties to their proofs at trial.  Defendants' motion is merely an attempt to avoid a substantive determination by the Court, and thereby delay an adverse decision on the merits of infringement and their alleged defenses.

## VI.    Conclusion

For the foregoing reasons and the reasons set forth in its opposition, Soverain respectfully

requests that the Court deny Defendants' Motion to Stay Pending Appeal in a Related Case.

Dated:  October 7, 2010

By: _____

Michael C. Smith (Texas Bar. No. 18650410)
michaelsmith@siebman.com
SIEBMAN, BURG, PHILLIPS & SMITH, LLP
113 East Austin Street
P.O. Box 1556
Marshall, Texas, 75670
Telephone: (903) 938-8900
Facsimile: (972) 767-4620

Robert Wilson (pro hac vice)
robertwilson@quinnemanuel.com
Carlos A. Rodriguez (pro hac vice)
carlosrodriguez@quinnemanuel.com
Anastasia M. Fernands (pro hac vice)
anastasiafernands@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

David A. Nelson (pro hac vice)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
500 W. Madison, Suite 2450
Chicago, Illinois  60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Attorneys for Plaintiff Soverain Software LLC

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 7th day of October, 2010. Any other counsel of record will be served by facsimile transmission and/or first class mail.

Michael C. Smith