**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **SOVERAIN SOFTWARE LLC,** § § | |
| Plaintiff, § § | |
| vs. § § | **CASE NO. 6:09-CV-274** |
| § | **PATENT CASE** |
| **J.C. PENNEY CORPORATION, INC., et al.,** § § | |
| Defendants. § § | |

**ORDER**

The Court has a large number of pending patent cases on the Court's docket, resulting in voluminous pretrial motion practice. In order to increase the efficiency of cases proceeding to trial, decrease trial costs for the parties, save time for the Court and parties, and sharpen the Court's focus on the dispositive and most important issues, the Court **ORDERS**:

**Summary Judgment Motions**: Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief in each of those matters shall be no longer than 5 pages and shall be filed with the Court no later than 60 days before the deadline for filing summary judgment motions. Answering letter briefs in each of those matters shall be no longer than 5 pages and filed with the Court no later than 14 days thereafter. Reply letter briefs in each of those matters shall be no longer than 3 pages and filed with the Court no later than 5 days thereafter. The Court may decide the question on the submissions or hold a hearing or telephone conference to hear arguments and determine whether the filing of any motion will be permitted.

Parties now routinely file summary judgment motions on nearly every major trial issue, regardless of whether the documentary evidence warrants summary judgment. Filing motions that are not even arguably meritorious wastes clients' money and the Court's limited resources. Accordingly, the Court strongly encourages parties to only raise issues where there is no question of material fact or issues that raise significant dispositive legal issues.

**Motions to Strike Expert Testimony/*Daubert* Motions**: Prior to filing any Motions to Strike or *Daubert* Motions, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief in each of those matters shall be no longer than 3 pages and shall be filed with the Court no later than 60 days before the deadline for filing Motions to Strike or *Daubert* Motions. Answering letter briefs in each of those matters shall be no longer than 3 pages and filed with the Court no later than 14 days thereafter. Reply briefs in each of those matters shall be no longer than 2 pages and filed with the Court no later than 5 days thereafter. The Court may hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted.

It has become commonplace to file *Daubert* motions on nearly every opposing testifying expert. The filing of blatantly non-meritorious motions wastes a client's money and the Court's resources. The Court reminds the parties that *Daubert* motions are appropriate for experts who are not qualified to testify, not merely experts who expound theories an opposing party disagrees with.

For all of the above mentioned motions, the letter briefs shall be filed without exhibits. Any requests to submit letter briefs after the deadlines outlined above must show good cause.

**Motions *in Limine***: Each side is limited to 10 disputed motions *in limine*. The Court views

motions *in limine* as appropriate for those things that will create a proverbial "skunk in the jury box," e.g., that, if mentioned in front of the jury before an evidentiary ruling can be made, would be so prejudicial that the Court could not alleviate the prejudice with an appropriate instruction. However, parties now regularly file motions *in limine* on any issue, argument, or evidence they want kept from the jury, which is not the proper use of motions *in limine*. Accordingly, the Court limits each side to 10 disputed motions *in limine* (each addressing a single issue), and the Court instructs the parties to use them appropriately.

**Exhibits**: Each side is limited to designating 250 exhibits for trial absent a showing of good cause. Parties now commonly designate thousands of exhibits for trial—causing both sides to go through the expense of reviewing and objecting to those exhibits—but typically only use a handful of exhibits in front of the jury. Therefore, the Court limits the parties to designating 250 exhibits for use at trial.

**Deposition Designations**: Each side is limited to designating no more than 10 hours of deposition testimony for use at trial absent a showing of good cause. As trial approaches, if either side needs to designate more than 10 hours, the party may file a motion for leave and show good cause. Parties now routinely designate hundreds of hours of deposition testimony with corresponding exhibits—causing both sides to undergo the expense of reviewing and objecting to the testimony—but typically only use a few hours of deposition testimony at trial.

**Witness Lists**: In addition to identifying witnesses as "will call," "may call," or "probably will not call," each side shall identify the witness's employer and topic the witness will address, e.g., John Doe, Acme Corp., invalidity.

**So ORDERED and SIGNED this 23rd day of November, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**