IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:09-CV-00274-LED |
| | § | |
| J.C. PENNEY CORPORATION, INC., | § | JURY TRIAL DEMANDED |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT J. C. PENNEY CORPORATION, INC.'S
FIRST AMENDED ANSWER AND COUNTERCLAIMS**

Defendant, J. C. Penney Corporation, Inc. ("JCP") files its First Amended Answer and Counterclaims to Plaintiff Soverain Software LLC's (the "plaintiff" or "Soverain") Complaint for Patent Infringement.

1.      JCP admits that Plaintiff filed this lawsuit.  JCP denies the remainder of paragraph 1.

## INTRODUCTION

2.      JCP admits that actions for patent infringement arise under the patent laws of the United States, including 35 U.S.C. § 100, *et seq.*  JCP denies that it has infringed any of U.S. Patent Nos. 5,715,314 ("the '314 patent"), 5,909,492 ("the '492 patent"), and 7,272,639 ("the '639 patent") (collectively, "the asserted patents").  JCP is without sufficient knowledge or information to form a belief as to the other allegations in paragraph 2 and therefore denies them.

## THE PARTIES

3.      JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 3, and therefore denies those allegations.

4.      JCP admits that it is a Delaware Corporation with its corporate headquarters at 6501 Legacy Drive, Plano, TX, 75024.  JCP admits that it does business in this jurisdiction.  JCP further admits that it is authorized to do business in the state of Texas and that it may be served with process via its registered agent for service of process, CT Corporation System, 350 N. St. Paul St., Dallas, TX 75201.

5.      JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 5, and therefore denies those allegations.

6.      JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 6, and therefore denies those allegations.

7.      JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 7, and therefore denies those allegations.

8.      JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 8, and therefore denies those allegations.

9.      JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 9, and therefore denies those allegations.

10.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 10, and therefore denies those allegations.

11.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 11, and therefore denies those allegations.

12.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 12, and therefore denies those allegations.

13.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 13, and therefore denies those allegations.

DB1/ 65940513.2

14.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 14, and therefore denies those allegations.

15.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 15, and therefore denies those allegations.

16.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 16, and therefore denies those allegations.

17.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 17, and therefore denies those allegations.

18.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 18, and therefore denies those allegations.

19.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 19, and therefore denies those allegations.

20.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 20, and therefore denies those allegations.

21.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 21, and therefore denies those allegations.

## JURISDICTION AND VENUE

22.     JCP admits that this is an action for patent infringement and that, pursuant to the patent laws of the United States, federal district courts have subject matter jurisdiction of patent infringement actions.   JCP denies all other allegations of paragraph 22.

23.     Subject to its rights under 28 U.S.C. §§ 1404 and 1498(a), JCP admits that the Court has personal jurisdiction over JCP for purposes of this particular action.   JCP denies that it has committed any infringing acts in this or any other jurisdiction that give rise to any

3

cause of action by Soverain.  JCP is without knowledge or information sufficient to form a belief as to the allegations in paragraph 23 directed to the other defendants, and therefore denies those allegations.  JCP denies all other allegations in paragraph 23.

24.     Subject to its rights under 28 U.S.C. §§ 1404 and 1498(a), JCP admits that venue is proper in the Eastern District of Texas for purposes of this particular action.  However, JCP denies that it has committed any infringing acts in this or any other jurisdiction that give rise to any cause of action by Soverain.  JCP is without knowledge or information sufficient to form a belief as to the allegations in paragraph 24 directed to the other defendants, and therefore denies those allegations.  JCP denies all other allegations in paragraph 24.

## PATENTS-IN-SUIT

25.     JCP admits that the '314 patent is entitled "Network sales system" and was issued on February 3, 1998.  JCP is without knowledge sufficient to admit or deny the remaining allegations of paragraph 25 and, therefore, denies them.

26.     JCP admits that the '492 patent is entitled "Network sales system" and was issued on June 1, 1999.  JCP is without knowledge sufficient to admit or deny the remaining allegations of paragraph 26 and, therefore, denies them.

27.     JCP admits that the '639 patent is entitled "Internet server access control and monitoring systems" and was issued on September 18, 2007.  JCP is without knowledge sufficient to admit or deny the remaining allegations of paragraph 27 and, therefore, denies them.

## ALLEGED INFRINGEMENT OF THE PATENTS-IN-SUIT BY J.C. PENNEY

28.     JCP denies any and all allegations in paragraph 28.

29.     JCP denies any and all allegations in paragraph 29.

30.     JCP denies any and all allegations in paragraph 30.

31.     JCP denies any and all allegations in paragraph 31.

## ALLEGED INFRINGEMENT OF PATENTS IN SUIT BY AMWAY

32.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 32, and therefore denies those allegations.

33.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 33, and therefore denies those allegations.

34.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 34, and therefore denies those allegations.

35.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 35, and therefore denies those allegations.

## ALLEGED INFRINGEMENT OF PATENTS-IN-SUIT BY AVON

36.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 36, and therefore denies those allegations.

37.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 37, and therefore denies those allegations.

38.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 38, and therefore denies those allegations.

39.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 39, and therefore denies those allegations.

## ALLEGED INFRINGEMENT OF THE PATENTS IN SUIT BY BIDZ.COM

40.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 40, and therefore denies those allegations.

41.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 41, and therefore denies those allegations.

42.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 42, and therefore denies those allegations.

43.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 43, and therefore denies those allegations.

## ALLEGED INFRINGEMENT OF PATENTS IN SUIT BY ETRONICS

44.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 44, and therefore denies those allegations.

45.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 45, and therefore denies those allegations.

46.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 46, and therefore denies those allegations.

47.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 47, and therefore denies those allegations.

## ALLEGED INFRINGEMENT OF PATENTS IN SUIT BY HSN

48.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 48, and therefore denies those allegations.

49.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 49, and therefore denies those allegations.

50.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 50, and therefore denies those allegations.

6

51.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 51, and therefore denies those allegations.

**ALLEGED INFRINGEMENT OF PATENTS IN SUIT BY HSN IMPROVEMENTS**

52.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 52, and therefore denies those allegations.

53.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 53, and therefore denies those allegations.

54.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 54, and therefore denies those allegations.

55.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 55, and therefore denies those allegations.

**ALLEGED INFRINGEMENT OF PATENTS IN SUIT BY CORNERSTONE**

56.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 56, and therefore denies those allegations.

57.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 57, and therefore denies those allegations.

58.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 58, and therefore denies those allegations.

59.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 59, and therefore denies those allegations.

**ALLEGED INFRINGEMENT OF PATENTS IN SUIT BY BALLARD**

60.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 60, and therefore denies those allegations.

DB1/65940513.2

61.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 61, and therefore denies those allegations.

62.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 62, and therefore denies those allegations.

63.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 63, and therefore denies those allegations.

## ALLEGED INFRINGEMENT OF PATENTS IN SUIT BY GARNET HILL

64.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 64, and therefore denies those allegations.

65.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 65, and therefore denies those allegations.

66.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 66, and therefore denies those allegations.

67.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 67, and therefore denies those allegations.

## ALLEGED INFRINGEMENT OF PATENTS IN SUIT BY S+N

68.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 68, and therefore denies those allegations.

69.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 69, and therefore denies those allegations.

70.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 70, and therefore denies those allegations.

8

71.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 71, and therefore denies those allegations.

## ALLEGED INFRINGEMENT OF PATENTS IN SUIT BY TTA

72.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 72, and therefore denies those allegations.

73.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 73, and therefore denies those allegations.

74.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 74, and therefore denies those allegations.

75.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 75, and therefore denies those allegations.

## ALLEGED INFRINGEMENT OF PATENTS IN SUIT BY QVC

76.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 76, and therefore denies those allegations.

77.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 77, and therefore denies those allegations.

78.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 78, and therefore denies those allegations.

79.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 79, and therefore denies those allegations.

## ALLEGED INFRINGEMENT OF PATENTS IN SUIT BY SHUTTERFLY

80.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 80, and therefore denies those allegations.

DB1/65940513.2

81.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 81, and therefore denies those allegations.

82.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 82, and therefore denies those allegations.

83.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 83, and therefore denies those allegations.

## ALLEGED INFRINGEMENT OF PATENTS IN SUIT BY VS STORES

84.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 84, and therefore denies those allegations.

85.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 85, and therefore denies those allegations.

86.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 86, and therefore denies those allegations.

87.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 87, and therefore denies those allegations.

## ALLEGED INFRINGEMENT OF PATENT IN SUIT BY VS DIRECT

88.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 88, and therefore denies those allegations.

89.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 89, and therefore denies those allegations.

90.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 90, and therefore denies those allegations.

DB1/65940513.2

91.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 91, and therefore denies those allegations.

## ALLEGED INFRINGEMENT OF PATENTS IN SUIT BY VISTAPRINT

92.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 92, and therefore denies those allegations.

93.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 93, and therefore denies those allegations.

94.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 94, and therefore denies those allegations.

95.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 95, and therefore denies those allegations.

## ALLEGED INFRINGEMENT OF PATENTS IN SUIT BY VISTAPRINT USA

96.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 96, and therefore denies those allegations.

97.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 97, and therefore denies those allegations.

98.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 98, and therefore denies those allegations.

99.     JCP is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 99, and therefore denies those allegations.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE:  NON-INFRINGEMENT

100.    JCP has not engaged in any acts that would constitute infringement of, contributory infringement of, or inducement to infringe any valid claim of the '314, '492 or '639 patents (collectively, the "asserted patents").

## SECOND AFFIRMATIVE DEFENSE:  INVALIDITY

101.    The asserted patents and each of the claims of the asserted patents are invalid or unenforceable for failing to comply with the statutory provisions for patentability and validity set forth in Title 35 of the United States Code, including, but not limited to, one or more of 35 U.S.C. §§ 101, 102, 103, 112, 132 and 256, for at least one of the following reasons, among others:

(a) The alleged invention was known or used by others in this country, or patented or described in a printed publications in this or a foreign country before the alleged invention thereof by the patentees.

(b) The alleged invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for a patent in the United States.

(c) The alleged invention was described in a patent granted on an application for a patent by another filed in the United States before the invention thereof by the alleged patentees, or on an international application by another which complied with the requisite statutes.

(d) The patentees did not themselves invent the alleged subject matter sought to be patented.

12

(e) Before the alleged invention by the patentees, the alleged invention was made in this country by another who had not abandoned, suppressed, or concealed it.

(f) The alleged invention was obvious to a person having ordinary skill in the art at the time the invention was made.

(g) The alleged inventions claimed in the asserted patents lack utility.

(h) The specifications of the asserted patents do not contain a written description of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the invention.

(i) The specifications of the asserted patents do not describe the corresponding structure or acts for one or more claim elements that are expressed either as means for performing a specified function or as a step for performing a specified function, which violates paragraph 6 of 35 U.S.C. § 112.

(j) The claims of the asserted patents do not particularly point out and distinctly claim the subject matter of the alleged invention.

(k) One or more claims of the asserted patents are processes that do not "transform any article to a different state or thing" and, as such, are invalid as unpatentable under 35 U.S.C. § 101 and *In re Bilski*, 545 F.3d 943, 963–64 (Fed. Cir. 2008).

## THIRD AFFIRMATIVE DEFENSE:  PROSECUTION HISTORY ESTOPPEL

102.    Soverain's enforcement of one or more of the claims of the asserted patents is barred by the doctrine of prosecution history estoppel, or by virtue of admissions,

13

amendments, arguments, representations made to the United States Patent and Trademark Office during prosecution of the applications, or during the reexaminations of the asserted patents, from which the asserted patents issued.

### FOURTH AFFIRMATIVE DEFENSE:  LACHES AND WAIVER

103.    The equitable doctrines of laches and/or waiver bar Soverain's enforcement of one or more claims of the asserted patents.

### FIFTH AFFIRMATIVE DEFENSE:  NOTICE

104.    Upon information and belief, Soverain has failed to comply with the patent marking and notice requirements of 35 U.S.C. § 287 with respect to the asserted patents, which limits Soverain's recovery of damages, if any, for alleged infringement of the asserted patents.

### SIXTH AFFIRMATIVE DEFENSE:  INJUNCTION NOT WARRANTED

105.    Soverain is not entitled to a preliminary or permanent injunction because: (1) Soverain is not likely to prevail on the merits; (2) Soverain has not suffered nor will it suffer irreparable harm because of JCP's conduct; (3) any harm to Soverain would by outweighed by the harm to JCP if an injunction were entered; (4) Soverain has an adequate remedy at law even if Soverain were to prevail in this action; (5) the public interest would not be served by an injunction; and (6) Soverain is estopped from seeking an injunction.

### SEVENTH AFFIRMATIVE DEFENSE:  35 U.S.C. § 288

106.    Soverain's request for relief is barred or otherwise limited by 35 U.S.C. § 288.

14

**EIGHTH AFFIRMATIVE DEFENSE:  EFFECT OF REEXAMINATION CERTIFICATE**

107.    Soverain's request for relief is barred or otherwise limited by 35 U.S.C. §§ 251 and 252.

**NINTH AFFIRMATIVE DEFENSE:  EXHAUSTION, FIRST-SALE, DOUBLE-RECOVERY**

108.    Soverain's requested relief is barred or otherwise limited based on exhaustion, the first-sale doctrine, and/or restrictions on double recovery.

**TENTH AFFIRMATIVE DEFENSE:  DUE PROCESS**

109.    Any award of enhanced or increased damages for willful infringement as pleaded in the Complaint would violate the due process clause of the Fourteenth Amendment.

**ELEVENTH AFFIRMATIVE DEFENSE:  NO WILLFUL INFRINGEMENT**

110.    Soverain is not entitled to enhanced or increased damages for willful infringement, because JCP has not engaged in any conduct that meets the applicable standard for willful infringement.

**TWELFTH AFFIRMATIVE DEFENSE:  NON-INFRINGING USE**

111.    The allegedly infringing products made, used, sold or offered for sale in the United States by JCP have substantial non-infringing uses and, therefore, do not contribute to the infringement of the asserted patents.

**THIRTEENTH AFFIRMATIVE DEFENSE:  INDIRECT INFRINGEMENT**

112.    To the extent that Soverain asserts that JCP indirectly infringes any claim of the asserted patents, JCP is not liable to Soverain for the acts alleged to have been performed before JCP knew that its actions could cause direct infringement.

**FOURTEENTH AFFIRMATIVE DEFENSE:  NO DIVIDED INFRINGEMENT**

113.    To the extent that Soverain asserts that JCP infringes under a theory of divided infringement, JCP is not liable to Soverain.  JCP does not perform each step of the claims in any of the asserted patents, and JCP does not, and has not, controlled or directed another to perform each step of the claims of any of the asserted patents.

**FIFTEENTH AFFIRMATIVE DEFENSE:  NO TIME LIMITATIONS ON DAMAGES**

114.    Soverain's request for relief is barred or otherwise limited by 35 U.S.C. § 286.

**SIXTEENTH AFFIRMATIVE DEFENSE:  35 U.S.C. § 273**

115.    Soverain's request for relief is barred by 35 U.S.C. § 273.  JCP, acting in good faith, actually reduced to practice subject matter that Soverain alleges infringes at least one method claim from the '314 Patent and at least one method claim of the '492 Patent.  JCP reduced to practice and commercially used this subject matter at least one year before the effective filing date of the applications that resulted in the issuance of said method patent claims.

**RESERVATION OF RIGHT TO AMEND UNDER RULE 8(C)**

116.    JCP reserves all affirmative defenses under Rule 8(c) of the FEDERAL RULES OF CIVIL PROCEDURE, the patent laws of the United States, and any other defenses, at law or in equity, which may now exist or in the future may be available based on the discovery and further factual investigation in this case.

**COUNTERCLAIMS**

Counterclaimant J. C. Penney Corporation, Inc. ("JCP"), alleges its counterclaims against defendant Soverain Software LLC ("Soverain"):

I.   **PARTIES**

   117. JCP is a corporation organized and existing under the laws of the state of Delaware.  JCP's corporate headquarters is located at 6501 Legacy Drive, Plano, TX, 75024.

   118. On information and belief, Soverain is a Delaware limited liability company with its principal place of business at 233 South Wacker Drive, Suite 9425, Chicago, IL 60606.

II.   **JURISDICTION AND VENUE**

   119. These counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and 28 U.S.C. § 1498(a).  An actual, substantial, and continuing justiciable controversy exists between JCP and Soverain that requires a declaration of rights by this Court.

   120. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1338.

   121. The Court has personal jurisdiction over Soverain in light of Soverain's filing a Complaint in this District alleging infringement of U.S. Patent Nos. 5,715,314, 5,909,492 and 7,272,639 (collectively, "the asserted patents").

   122. To the extent that this action remains in this District, venue is appropriate for JCP's counterclaims because Soverain has consented to the propriety of venue in this Court by filing its claims for patent infringement in this Court.

III.   **FACTUAL BACKGROUND**

   123. On or about June 25, 2009, Soverain filed or caused to be filed a Complaint initiating a patent infringement action against, *inter alia*, JCP.

124.    The Complaint alleges, *inter alia*, that JCP has infringed or continues to infringe three patents ostensibly owned by Soverain—U.S. Patent Nos. 5,715,314, 5,909,492 and 7,272,639.

125.    The Complaint accused JCP of "(a) making, using, offering for sale, or selling within the United States products or processes that practice inventions claimed in [the asserted patents]; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in [the asserted patents]; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in [the asserted patents]."

In light of the Complaint, JCP hereby files the following counterclaims for declaratory judgment:

## IV.          FIRST COUNTERCLAIM: DECLARATION OF NON-INFRINGEMENT

126.    JCP re-alleges and incorporates by reference the allegations of paragraphs 1 through 124 as if fully set forth herein.

127.    An actual and justiciable controversy exists between JCP and Soverain with respect to the asserted patents.  Absent a declaration of non-infringement, Soverain will continue to wrongfully assert the asserted patents against JCP, and thereby cause JCP irreparable injury and damage.

128.    JCP does not infringe any valid claims of the asserted patents, either literally or under the doctrine of equivalents, and JCP has not actively induced or contributed to the infringement of the asserted patents, and JCP is entitled to a declaration to that effect.

DB1/65940513.2

## V.         SECOND COUNTERCLAIM: DECLARATION OF INVALIDITY

129.    JCP re-alleges and incorporates by reference the allegations of paragraphs 1 through 127 as if fully set forth herein.

130.    An actual and justiciable controversy exists between JCP and Soverain with respect to the asserted patents.  Absent a declaration of invalidity, Soverain will continue to wrongfully assert the asserted patents against JCP, and thereby cause JCP irreparable injury and damage.

131.    The asserted patents are invalid and void under the provisions of Title 35 U.S.C. §§ 101, 102, 103, 112, 132 and/or 256, and JCP is entitled to a declaration to that effect.

### JURY DEMAND

JCP hereby requests a trial by jury pursuant to Rule 38 of the FEDERAL RULES OF CIVIL PROCEDURE.

### PRAYER

WHEREFORE, JCP prays that the Court enter judgment:

(1)    that Soverain's claims be dismissed, with prejudice, and that Soverain take nothing;

(2)    that judgment be entered declaring that U.S. Patent Nos. 5,715,314, 5,909,492 and 7.,272,639 are invalid, void, unenforceable, without any force or effect, and have not been infringed by JCP;

(3)    that judgment be entered declaring that this is an exception case and awarding JCP its reasonable attorneys' fees;

(4)    that an order be entered enjoining Soverain, its officers, directors, agents, servants, employees, attorneys, and those persons in active concert or participation with them

who receive actual notice of the order by personal service or otherwise, from alleging, asserting, or stating that JCP has infringed or is infringing U.S. Patent Nos. 5,715,214, 5,909,492 and 7,272,639 or has used or is using any alleged invention claimed therein, or that the patents are valid or enforceable;

(5)     that JCP be awarded its costs and attorneys' fees in this matter;; and

(6)     that JCP be awarded such other relief as the Court deems just and proper.

DB1/65940513.2

Dated: November 30, 2010                Respectfully submitted,


By   /s/ Winstol D. Carter, Jr.
Winstol D. Carter, Jr.
State Bar No. 03932950
David J. Levy
State Bar No. 12264850
James A. Glenn
State Bar No. 24032357
Gary M. Gex (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS llp
1000 Louisiana, Suite 4000
Houston, Texas 77002
Telephone No. (713) 890-5000
Telecopier No. (713) 890-5001
email:  wcarter@morganlewis.com
email:  dlevy@morganlewis.com
email:  jglenn@morganlewis.com
email:  ggex@morganlewis.com

Diane K. Lettelleir
J.C. Penney Corporation, Inc.
6501 Legacy Dr. (MS-1122)
(972) 431-5012
Fax: (972) 431-1133

ATTORNEYS FOR DEFENDANT
J. C. PENNEY CORPORATION, INC.


### CERTIFICATE OF SERVICE

     I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-59(a)(3) on this the 30th day of November, 2010.

                /s/ Winstol D. Carter, Jr.
                Winstol D. Carter, Jr.

DB1/65940513.2