**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:09-CV-00274-LED |
| | § | |
| J.C. PENNEY CORPORATION, INC., | § | JURY TRIAL DEMANDED |
| *ET AL.*, | § | |
| | § | |
| Defendants. | § | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE**
**TO SUPPLEMENT THE JOINT PROPOSED PRETRIAL ORDER**

Defendants file this Reply in Support of Their Motion for Leave to Supplement the Joint

Proposed Pre-trial Order ("JPTO") and would show that the Section 101 defense should be

included in the Joint Pre-Trail Order for at least the following reasons:

- Defendants first raised their Section 101 invalidity defense in their Answers to the Complaint. The defense was subsequently asserted in their Amended Answers, Counter-Claims, Rule 26 Disclosures, Rule 3-3 Invalidity Contentions, and interrogatory answers.  For example, the answer to common interrogatory #8 specifically explained that the claims were invalid because they were directed to unpatentable abstract ideas, did not meet the "machine or transformation" test, and did not comply with Section 101 as explained by the United States Supreme Court in *Bilski v. Kappos*.

- The inadvertent omission from the proposed JPTO (for less than a 4-week period) does not constitute waiver or abandonment of a live defense.  Prior to entry of a final JPTO, waiver cannot occur.

- Soverain never really believed that Defendants had abandoned their Section 101 defense.  It strains credulity for Soverain to claim that they thought the Defendants were only relying on the Federal Circuit's opinion on Section 101 in *Bilski*, and not on the Supreme Court's subsequent opinion or on any other case law regarding Section 101.  In fact, at the first meet-and-confer on April 6, 2011, Soverain raised no objection and said that they would send Defendants their proposed inserts on the issue for inclusion in the proposed JPTO.

- Including the Section 101 defense raised in Defendants' answers and counter-claims in the JPTO would promote fairness and justice – it does not operate as surprise or prejudice to the Plaintiff, and requires no new discovery or expert reports.

## ARGUMENT

This is yet another litigation tactic by Soverain to manufacture a reason to avoid litigating this case on the merits.   The fundamental issue raised in Plaintiff's Opposition (Dkt. #421) is whether the Defendants "abandoned long ago" their Section 101 defense on unpatentable subject matter.   The pleadings and discovery in this case prove that the Defendants did <u>not</u>.   Even taking Soverain's Opposition at face value, Defendants did not waive or abandon the defense simply because Soverain assumed that it "has always been a secondary defense that lost its appeal long ago for Defendants."   (Opp. at p. 7.)   To the contrary, Defendants have consistently and continuously pursued their Section 101 defense.

The Defendants initially asserted the defense in their Answers and Counter-Claims back in <u>2009</u> (Dkt. ## 99, 115, 116, 131, 219) and have not wavered since.   Indeed, with respect to J.C. Penney's First Amended Answer (Dkt. #309), Soverain objected to the assertion of a Section 273 defense but did not object to the continued assertion of the Section 101 defense.   (*See* Plaintiff's Opposition to Motion for Leave to Amend Answer and Counter-Claims, Dkt. # 318.)

Defendants complied with the notice pleading requirements in the Federal Rules of Civil Procedure with respect to asserting the Section 101 defense in their ***Answers*** and ***Counter-claims***.   *E.g.*, *Teirstein v. AGA Med. Corp.*, 2009 U.S. Dist. LEXIS 125002, at *11-14 (E.D. Tex. Feb. 13, 2009) (statement that claims of patent-in-suit "are invalid for failing to satisfy . . . 35 U.S.C. §§ 101 [*et seq.*]" satisfies *Twombly*) (adopted March 16, 2009, by Davis, J.).   Defendants also raised the defense in their ***Rule 26 Initial Disclosures*** (which were amended in February 2011 and continued to assert Section 101 patentability as a defense) and in their ***Rule 3-3***

***Invalidity Contentions*** (even though the Local Patent Rules do not require a Section 101 defense to be explained or listed in the Rule 3-3 Invalidity Contentions).  In their Invalidity Contentions and pleadings, Defendants did cite one of the leading cases at that time in support of their Section 101 defense – the Federal Circuit's 2008 opinion in *Bilski*.  But Defendants were not required to submit a "brief" on Section 101, nor supplement this "brief" with <u>subsequent</u> cases such as the 2010 Supreme Court opinion in *Bilski*.  As Soverain admits, the Supreme Court's opinion in *Bilski* was well-publicized, and any reliance on the reasoning or holding in the Supreme Court's opinion cannot constitute "surprise" – particularly since Defendants cited to the <u>Supreme Court's opinion</u> in their <u>interrogatory answers</u> regarding the Section 101 defense.

Soverain specifically asked about the Section 101 defense in its interrogatories to Defendants.  (*See* Exhibit 2 to Dkt. # 421, Interrogatory #8, served on July 2, 2010).  Defendants answered this contention interrogatory – both by reference to the Rule 3-3 Invalidity Contentions and by explaining in further detail that:

> As part of the Patent Local Rule 3-3 and 3-4 disclosures, [Defendant] asserts that the claims of the '314, '492, and '639 Patents are invalid under 35 U.S.C. § 101 because they are not tied to a particular machine and they do not transform any article into a different state or thing, as provided in *In re Bilski,* 545 F.3d 943 (Fed. Cir. 2008). [Defendant] continues to assert that the claims of the '314, '492, and '639 Patents are invalid under 35 U.S.C. § 101 in view of the Supreme Court's decision in *Bilski v. Kappos,* 561 U.S. ___ [sic] (2010).  Although the "machine or transformation" test is not to be considered the sole test for patentability under 35 U.S.C. § 101, it is nevertheless useful for consideration.  The claims of the '314, '492, and '639 Patents are directed to unpatentable abstract ideas and, as such, are invalid under 35 U.S.C. § 101.

*See, e.g.,* QVC's Amended Responses and Objections to Plaintiff's First Set of Interrogatories to Defendants (served on November 24, 2010), attached as Exhibit D; *see also* J.C. Penney's amended answer to Interrogatory #8 (incorporating by reference the answer of QVC to Interrogatory #8).

Thus, Soverain's characterization of the Section 101 defense as a "brand new defense" that was never previously explained and Soverain's claim that the Defendants never cited to the

Supreme Court's opinion in *Bilski* are simply wrong. And Soverain's assertion that it was "taken completely by surprise" by Defendants' April 4 email to reinsert the defense in the JPTO is less than candid.  In fact, Soverain's attorneys' initial reaction at the meet and confer on the issue two days later was that they would not oppose the supplementation, but requested until Friday, April 8, to submit their own inserts and contentions on Section 101 for the JPTO.  On April 8, however, Soverain reversed course and opposed inclusion of the Section 101 defense in the JPTO.

Whether a claim is invalid for lack of patentable subject matter under Section 101 is a question of law for this Court to decide, and typically is determined by claim construction without any need for fact discovery or expert testimony.  *E.g.*, *Bilski*, 545 F.3d at 950-51. Soverain does not articulate in its Opposition what additional discovery it might possibly need.

Excluding this defense from the JPTO would be fundamentally unfair, unjust and would unduly prejudice Defendants.  Soverain's only argument is that Defendants abandoned the defense by failing to insert it in drafts of the proposed JPTO.  (Dkt. # 379).  This is wrong on the law and wrong on the facts.  By clarifying prior to entry of the JPTO that the Section 101 defense should be included, Defendants have preserved this defense.  For now, the Answers and Counter-Claims remain the live pleadings, and will only be superseded by the final JPTO.  *See*, *e.g.*, *Rockwell Int'l v. U.S.,* 549 U.S. 457, 474 (2007).

Defendants became aware of the inadvertent omission of the Section 101 defense in the proposed JPTO (filed on March 7, 2011) when they analyzed the deposition of Dr. Grimes (taken on March 3-4, 2011), who opined that Defendants' systems and business methods infringe the '314 and '492 patents even though no single machine performs all of the functions required by the "shopping cart computer" or the "server computer."  Dr. Grimes explained in his deposition

that this reading of the patent was consistent with this Court's construction of "computer" from the *Amazon* litigation (*i.e.*, "a functional unit that can perform substantial computation, including numerous arithmetic operations, or logic operations without human intervention;" Dkt. # 273). (Ex. A, Grimes Dep. at 298:12-13).   Dr. Grimes did not explain, however, how this understanding of the term "computer" would then save the claims from being unpatentable to the extent they no longer claimed specially programmed computers and instead claimed unpatentable general purpose computers. *Bilski*, 545 F.3d at 951 (citing *in re Alappat*, 33 F.3d 1526, 1543 (Fed. Cir. 1994)).   In view of Dr. Grimes' new testimony, Defendants went back to JPTO to determine if the Section 101 defense should be modified or supplemented.   Instead, Defendants found that their Section 101 defense had been inadvertently left out of the draft JPTO.   Defendants seek to rectify this inadvertent omission.

## CONCLUSION

Soverain's opposition is obstructionist and without legal or factual support.   Defendants do not waive legal defenses simply by not focusing on them as primary defenses or not spending vast attorney or expert resources on them – especially when they are questions of law that require little or no fact discovery.   Defendants' interrogatory answers were similarly adequate, actually cited to the tests articulated by the statute, the Federal Circuit, and the Supreme Court; and teed up the basic question under Section 101:   **Are the asserted claims invalid to the extent "they are not tied to a particular machine and they do not transform any article into a different state or thing?"**   (*See* Defendants' Invalidity Contentions.)   Defendants are entitled to have this question answered by this Court at the appropriate time during or after trial.

For the above reasons, Defendants respectfully request that this motion for leave be granted in the interest of fairness and justice and to avoid undue prejudice to the Defendants.

Dated:  May 4, 2011                    Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

    /s/ David J. Levy
Winstol D. Carter, Jr.
State Bar No. 03932950
wcarter@morganlewis.com
David J. Levy
State Bar No. 12264850
dlevy@morganlewis.com
James A. Glenn
State Bar No. 24032357
jglenn@morganlewis.com
Gary M. Gex
ggex@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
713.890.5000 Telephone
713.890.5001 Facsimile

Diane K. Lettelleir
dlettell@jcpenney.com
J.C. Penney Corporation, Inc.
6501 Legacy Drive
M/S 1122
Plano, Texas 75024
972.431.5012 Telephone
972.431.1133 Facsimile

ATTORNEYS FOR DEFENDANT
J.C. PENNEY CORPORATION, INC.

    /s/ Michael G. Gabriel
Charles Ainsworth
charley@pbatyler.com
Robert Christopher Bunt
rcbunt@pbatyler.com
PARKER BUNT & AINSWORTH
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
903.531.3535 Telephone
903.533.9687 Facsimile

John F. Ward
wardj@wardolivo.com
Michael J. Zinna
zinnam@wardolivo.com
Michael G. Gabriel
gabrielm@wardolivo.com
WARD & OLIVO
380 Madison Avenue
New York, New York 10017
212.697.6262 Telephone
212.972.5866 Facsimile

ATTORNEYS FOR DEFENDANTS
VICTORIA'S SECRET STORES BRAND
MANAGEMENT, INC. AND VICTORIA'S
SECRET DIRECT BRAND
MANAGEMENT, LLC

    /s/ Robert D. Rhoad
Robert W. Ashbrook, Jr.
robert.ashbrook@dechert.com
Robert L. Masterson
robert.masterson@dechert.com
Robert D. Rhoad
robert.rhoad@dechert.com
Jeffrey B. Plies
jeff.plies@dechert.com
2929 Arch Street
Cira Centre
Philadelphia, Pennsylvania 19104
215.994.2311 Telephone
215.655.2311 Facsimile

Robert P. Latham
State Bar No. 11975500
blatham@jw.com
John M. Jackson
State Bar No. 24002340
jjackson@jw.com
Sara K. Borrelli
sborrelli@jw.com
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
214.953.6109 Telephone
214.661.6645 Facsimile

Eric H. Findlay
State Bar No. 00789886
efindlay@findlaycraft.com
R. Brian Craft
bcraft@findlaycraft.com
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy., Suite 101
Tyler, Texas 75703
903.534.1100 Telephone
903.534.1137 Facsimile

ATTORNEYS FOR DEFENDANT
QVC, INC.

___ /s/ Gaston Kroub _____
Gaston Kroub
gkroub@lockelord.com
LOCKE LORD BISSELL & LIDDELL
3 World Financial Center
New York, New York 10281
212.415.8585 Telephone

Michael A. Nicodema
nicodemam@gtlaw.com
GREENBERG TRAURIG
200 Park Avenue, 34th Floor
New York, New York 10166
212.801.9200 Telephone
212.801.6400 Facsimile

Douglas R. McSwane, Jr.
dougmcswane@potterminton.com
Potter Minton
P. O. Box 359
Tyler, Texas 75710
903.597.8311 Telephone
903.593.0846 Facsimile

ATTORNEYS FOR DEFENDANT
AVON PRODUCTS, INC.

_/s/ John A. Scillieri_
John A. Scillieri
jas@speakeasy.net
Robert A. Seldon
seldonlaw@verizon.net
SELDON & SCILLIERI
12121 Wilshire Blvd., Suite 1300
Los Angeles, California 90025
310.979.0200 Telephone
310.979.0203 Facsimile

Deron R. Dacus
State Bar No. 00790553
ddacus@rameyflock.com
RAMEY & FLOCK, P.C.
100 E. Ferguson, Suite 500
Tyler, Texas 75702
903.597.3301 Telephone
903.597.2413 Facsimile

ATTORNEYS FOR DEFENDANT
BIDZ.COM, INC.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 4, 2011.

_/s/ David J. Levy_
David J. Levy