**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| SOVERAIN SOFTWARE LLC, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 6:09-cv-274-LED |
| J.C. PENNEY CORPORATION, INC., ET AL., | |
| Defendants. | |

**SOVERAIN'S REPLY IN SUPPORT OF ITS MOTION FOR AN AWARD OF**
**PRE- AND POST-JUDGMENT INTEREST, AND POST-VERDICT DAMAGES**

An award of pre-judgment interest is a routine matter that is only rarely denied and only in unusual circumstances.  The Court should not deviate from its ordinary practice here.  There is no reason to deny Soverain's request for pre-judgment interest on the damages awarded in this case.  Likewise, the Court should adhere to its usual practice of awarding pre-judgment interest at the prime rate.  Finally, Defendants concede that post-verdict damages are appropriate here.  But Defendants calculate those amounts without regard to the confusion they created during closing arguments about the allocation of damages for the two accused Avon websites.  As Soverain explained in detail earlier, the jury apparently transposed the damages amounts for youravon.com and avon.com.  Dkt. 539 at 3-9.  The Court should award post-verdict royalties in light of these circumstances and consistent with the overall royalty rates that the jury applied for each Defendant – *i.e.*, 0.36% for Avon and 0.4% for Victoria's Secret.

*Pre-judgment Interest:*  It is well established that "prejudgment interest should ordinarily be awarded."  *See General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983).  Defendants argue that the Court should deny Soverain's motion because of alleged delay in bringing this lawsuit.  Dkt. 537 at 2.  But Defendants have failed to establish that any delay in this case was "undue" or that they were prejudiced as a result.

Defendants completely ignore the requirement that any delay must be "undue."  *General Motors Corp.* 461 U.S. at 657.  Before commencing this lawsuit, Soverain actively enforced the asserted patents through litigation, including two cases filed in this Court.  *See* C.A. Nos. 6:04-cv-00014-LED and 6:07-cv-00511-LED.  The patents were also the subject of re-examination proceedings.  *See* 6:04-cv-00014-LED, Dkt. 152.  Under these circumstances, the commencement of litigation against Avon and Victoria's Secret in 2009 was not undue delay.  *See A.C. Auckerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1033 (Fed. Cir. 1992).

Defendants have also failed to establish any economic prejudice.  Defendants argue that their online sales have grown substantially since 1998 and their risks in implementing a design around are now greater.  Dkt. 537 at 3-4.  But any increased damages arising from Defendants' increased online sales is not sufficient, by itself, to constitute economic prejudice under the applicable standard.  *See Aukerman*, 960 F.2d at 1033.  Otherwise, "[e]conomic prejudice would then arise in every suit."  *Id*.  Defendants have also failed to establish any nexus between the alleged economic harm and the passage of time.  For example, Defendants offer no evidence that they would have done anything differently if they had been sued earlier.  *See State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1066-67 (Fed. Cir. 2003).  Thus, Soverain's motion for pre-judgment interest should be granted.

**The Prime Rate Is Appropriate:**  Defendants argue that any award of pre-judgment interest should be at the rates in Mr. Sims' supplemental report, rather than the prime rate.  But Soverain's request for pre-judgment interest is consistent with this Court's usual practice.  *See* Dkt. 530 at 2-3.  Indeed, use of the prime rate in this case actually results in lower pre-judgment interest for Victoria's Secret.  *Compare* Dkt. 537 at 4 *and* Dkt. 530, Ex. 1 at ¶¶ 7-8.  Thus, the Court should follow its ordinary practice here, and award pre-judgment interest at the prime rate.

**Soverain's Post-Verdict Damages Calculations are Consistent with the Jury Verdict:**
Defendants' argument concerning post-verdict royalties is completely divorced from what happened at trial.  Defendants ignore the confusion they caused during closing arguments.  And they do not even consider the possibility that the jury simply transposed the amounts for the accused Avon websites.  In this context, post-verdict damages should be awarded at the rate the jury applied for each Defendant – 0.36% of online sales for Avon and 0.4% for Victoria's Secret.

2

Dated:  February 9, 2012

Respectfully submitted,

*/s/ Michael C. Smith*
  Michael C. Smith

Michael C. Smith (Texas Bar. No. 18650410)
michaelsmith@siebman.com
SIEBMAN, BURG, PHILLIPS & SMITH, LLP
113 East Austin Street
P.O. Box 1556
Marshall, Texas, 75670
Telephone: (903) 938-8900
Facsimile: (972) 767-4620

Robert B. Wilson
robertwilson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

David A. Nelson
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
500 West Madison, Suite 2450
Chicago, Illinois  60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

*Attorneys for Plaintiff Soverain Software LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 9th day of February, 2012.  Any other counsel of record will be served by facsimile transmission and/or first class mail.

/s/ Michael C. Smith
Michael C. Smith